## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| G&G, LLC | : |
| Plaintiff, | : |
| v. | : C.A. No. 07-00440 SLR |
| JAMES L. HYDE, *et al.* | : |
| Defendants | : |

## MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff G&G, LLC ("G&G"), by and through undersigned counsel, moves for entry of the

Consent Judgment attached hereto as Exhibit A. In support of its Motion, G&G submits the

Settlement Agreement, Assignment and Covenant not to Execute ("Settlement Agreement"), which

is attached hereto as Exhibit B. Pursuant to the Settlement Agreement, Defendant James L Hyde

has agreed not to contest entry of the Consent Judgment.

Respectfully submitted,

ZUCKERMAN SPAEDER LLP


  /s/ Virginia Whitehill Guldi
Thomas G. Macauley (ID No. 3411)
Virginia Whitehill Guldi (ID No. 2792)
Elizabeth D. Power (ID No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

- and –

STINSON MORRISON HECKER LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC  20036-3816
(202) 785-9100

*Attorneys for G&G, LLC*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| G&G, LLC | :<br>:<br>: C.A. No. 07-00440 SLR |
|     Plaintiff, | :<br>: |
| v. | :<br>: |
| JAMES L. HYDE, *et al.* | :<br>: |
|     Defendants | :<br>: |

CONSENT JUDGMENT

    1.    Judgment is hereby granted on all of the claims made in this cause in favor of

G&G, LLC the Plaintiff, and against Defendant James Hyde in the sum of One Million Eight

Hundred and Fifty Thousand Dollars and Zero Cents ($1,850,000.00), to bear interest from the

date of entry of this judgment at the rate of five (5%) percent per annum.

    2.    Pursuant to Rule 54(b), the court expressly determines that there is no just reason

for delay in the entry of this judgment and expressly directs its entry.

    DONE this _____ day of _____, 2007.


_____
JUDGE
UNITED STATES DISTRICT COURT

11

# EXHIBIT B

## SETTLEMENT AGREEMENT, ASSIGNMENT AND
## COVENANT NOT TO EXECUTE

This agreement (hereinafter "Agreement") is made to protect James Hyde ("Hyde") and any beneficiaries, heirs, successors or assignees thereof, any receivers or trustees in bankruptcy who may be designated or appointed on behalf of James Hyde and/or his estate, or others who may succeed to or whose rights of inheritance or otherwise derive from James Hyde (hereinafter called "Settling Defendant") from further exposure to monetary loss on account of the claims made in Bankruptcy Case No. 06-10080 (CSS); Adversary Proceeding No. 06-50786 (CSS), titled <u>G&G, LLC v. Shawn Nelson et al.</u>, in the U.S. Bankruptcy Court for the District of Delaware, and <u>G & G LLC v. Hyde et al.</u>, C.A. No. 07-00440 SLR, in the U.S. District Court for the District of Delaware, and any personal guarantees and confessions of judgments in any state in the United States, including but not limited to Case No. CL06001908 (Commonwealth of Virginia, City of Alexandria Circuit Court) (hereinafter jointly referred to as the "Litigation"). G&G, LLC ("G&G") is willing to provide to Settling Defendant such protection, as set forth herein and under the terms hereof, in exchange for the assignment to it of such rights, claims and causes of action as Settling Defendant may have against The Hartford Group of insurance companies, including Twin City Fire Insurance Co., (said companies hereinafter called "Insurer"), and a separate payment by Hyde to G&G as set forth herein.   To effectuate the foregoing, the parties agree as follows:

1.      Settling Defendant will pay to G&G, the sum of One Hundred Thousand Dollars ($100,000) on or before February 15, 2007 (the "Payment") to resolve, pay, and deem satisfied, the personal guarantee obligation of Hyde to G&G and confessions of judgments in any state in the United States, including but not limited to Case No. CL06001908 (Commonwealth of

Virginia, City of Alexandria Circuit Court) against Hyde in favor of G&G. G&G hereby acknowledges receipt of the Payment.

2.    G&G and Settling Defendant will forthwith proceed, under the procedures described below to be taken in the Litigation, to cause a final and binding judgment to be entered in the United States District Court for the District of Delaware in favor of the G&G and against Settling Defendant in the Litigation in such amount as is a reasonable sum in settlement of the Litigation under the present facts and circumstances. This amount (hereinafter called "Settlement Sum") is $1.85 million dollars. The judgment shall bear interest at the rate of five (5%) percent per annum, said sum being the legal rate of interest under Delaware law. (Said judgment is hereinafter referred to as the "Settlement Judgment.")

3.    The amount of the Settlement Sum is based on evaluation of Settling Defendant's exposure to potential damages and losses, plus earnings and interest thereon, as well as Plaintiffs' costs and attorneys' fees, that may result from the Litigation, and further takes into consideration that it is arguable that a judgment in the Litigation against the Settling Defendant may be deemed to be a personal liability and may be nondischargeable in bankruptcy; and further that it may be a judgment as to which Settling Defendant is jointly and severally liable, without right of contribution from other persons or entities who are or may be liable for some or all of the claim. The amount of the Settlement Sum also takes into account that this Settling Defendant may not be held to be liable for any or for all of the claims in the Litigation if the cause proceeded to trial against him. Accordingly, it is not equal either to the lowest or highest judgment amount that may result from the Litigation. G&G and Settling Defendant agree that any wrongdoing by him was negligent and not intentional or fraudulent. They are entering into this Agreement solely to

2

obtain the protection given to them by this Agreement from the risks and consequences which an adverse judgment in the Litigation may cause to them.

Without agreeing that the following contentions are true, or that they, or any facts in support thereof, may be proved at trial, Settling Defendant is aware that G&G contends in the Litigation, inter alia: (1) Hyde was an officer and/or director of LoveSac Utah and/or LoveSac Delaware, and owed a duty of care to G&G, which was a secured creditor of LoveSac Utah and holder of pledged stock in LoveSac Utah; (2) Hyde breached the duty of care owed to G&G by effecting the merger of LoveSac Utah with a Delaware corporation, The LoveSac Corporation (LoveSac Delaware) through merger documents filed in Delaware, (the "Merger"), the transfer of assets to LoveSac Delaware, and concealing the same from G&G; (3) Hyde was interested in both sides of the transaction when the Merger took place in February 2005 and was interested on both sides of the transaction when, in September 2005, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group and Millevere ("the Investor Defendants") loaned money to LoveSac Delaware and recorded their financing statements in Delaware; (4) Hyde derived personal benefit from the Merger and the September 2005 loan from the Investor Defendants rather than deriving a benefit for LoveSac Utah or LoveSac Delaware; (5) Hyde breached his duty to G&G when he negligently failed to disclose the Merger to G&G before, during or after it took place until LoveSac Delaware filed its bankruptcy case; (6) the negligent failure of Hyde to disclose the Merger to G&G was the actual and proximate cause of G&G's inability to collect the amounts loaned to LoveSac Utah under the Note and Loan Amendment; (7) as the direct and proximate cause of Hyde's negligent failure to disclose the Merger, G&G suffered damages in the amount of at least $ 3,259,841.47; and (8) Hyde acted negligently in his duties. (These alleged

3

breaches of fiduciary duty described in this paragraph are hereinafter called the "Challenged Transactions".)

4.      Settling Defendant is also aware that "defense costs" as defined in the Insurer's insurance policy, which the Insurer contends are to be deducted from the stated coverage limit of $5 million set forth in said policy, have already been incurred in an undetermined amount and that the attorneys of record for the Settling Defendant have estimated that an additional $200,000 in defense costs may be incurred by Settling Defendant to date of judgment in the Litigation, all to the effect that Settling Defendant's exposure to monetary loss on account of an adverse judgment upon trial of the Litigation may increase as further defense costs are incurred and expended.

5.      All of the foregoing factors, and others, have been considered in determining that the amount of the above-stated Settlement Sum is a reasonable amount in settlement of the claims in the Litigation against the Settling Defendant.

6.      The procedures for effectuation of this agreement shall be such as will result in the entry of the Settlement Judgment, being a final judgment as to all claims which were or could have been made by G&G in the Litigation against Settling Defendant. The Settlement Judgment entered in the Litigation will be in substantially the form, and of the content, shown on Exhibit "A" hereto. Settling Defendant agrees to cooperate fully and promptly to obtain such entry, by stipulation, consent or otherwise, of the Settlement Judgment described herein. This Agreement is conditioned upon the entry of the Settlement Judgment described herein.

7.      G&G, its manager, all members of G&G, and any assignee, successor, predecessor, agent or other person or entity acting on or in its behalf, covenant and agree that

4

they will not take any action of any kind, including but not limited to registration, certification document, recording, registering, executing, levying, or any other process or procedure, as to lien or collect against the Settling Defendant any judgment or award, including the Settlement Judgment that results or which may arise from the Litigation. G&G instead will attempt to recover and collect any resulting judgments including the Settlement Judgment and other damages, attorney's fees or expenses of any kind and nature solely and exclusively against the Insurer or other Defendants to the Litigation, and any enforcement of any judgment resulting from this Agreement or the Litigation shall only be against persons and/or entities other than Settling Defendant, in accordance with the provisions hereof. To the extent any lien, security interest or other encumbrance be imposed on or against Hyde or his property at any time by operation of law as a result of the entry of the Settlement Judgment, G&G agrees to cooperate fully and promptly with Hyde to take all steps necessary to remove any such lien, security interest or other encumbrance and to pay or reimburse Hyde for any and all costs incurred obtaining such removal.

8.     Any judgment, including the Settlement Judgment, that results from this Agreement shall not be recorded, certified, registered, or publicized in any jurisdiction, except as the same may be necessary in the exercise by G&G of its rights assigned to it by Settling Defendant to enforce or collect said judgments against persons and/or entities other than Settling Defendant. Any judgment, including the Settlement Judgment that results from this Agreement shall not constitute or serve as a lien against any property currently owned or hereafter acquired by settling Defendant, regardless of whether such property is individually or jointly titled in settling Defendant's name.

5

9.    Neither the execution of this Agreement, nor the entry of the Settlement Judgment pursuant hereto, nor any other actions taken or hereafter taken by the parties to this Agreement are intended to, nor shall they operate to, release, limit, discharge or extinguish any claims against or liabilities of any other persons or entities except Settling Defendant, including the Insurer and including any other Defendants in the Litigation.

10.    Upon entry of the Settlement Judgment, Settling Defendant shall forthwith make written demand for payment thereof upon Insurer and allow Insurer a reasonable period, not exceeding ten (10) consecutive days after expiration of the time for appeal from said judgment, within which to pay same.    The demand for payment shall be based upon the insuring agreements and the stated terms of coverage (or breach thereof) of the operative insurance contract, as well as upon any and all other claims for payment or coverage.

11.    In the event Insurer, in response to Settling Defendant's demand, should unconditionally pay to Settling Defendant all or any portion of the Settlement Judgment, Settling Defendant will pay over to G&G all such sums, and upon actual, unconditioned receipt thereof by G&G, the judgment against Settling Defendant will be deemed satisfied to the extent thereof. To the extent that the entirety of the Settlement Judgment, including any accrued interest, is not satisfied thereby, Settling Defendant shall assign to G&G all of his rights, claims and causes of action against the Insurer, including all contractual rights and rights arising in tort or otherwise, and any rights to indemnification related to, or collection or enforcement of the said Settlement Judgment so as to allow G&G fully to benefit from same and to prosecute all of said rights, claims and causes, at no expense to Settling Defendant, to recover for its own benefit and account, with the same effect as if Settling Defendant had recovered same, all sums, however

6

styled, that are or may be due from the Insurer, including such attorneys fees and costs as may be awarded in any action brought against the Insurer and any fees and costs incurred by Settling Defendant.

12.    In connection with any claims or proceedings, including all litigation and appeals, which may be made or brought on account of, or which may result from, the above-stated assigned rights and claims, or any litigation concerning this agreement or the causes to which it may relate, including hearings or proceedings to approve this settlement and/or to procure the Settlement Judgment set forth herein, Settling Defendant agrees voluntarily to give interviews, affidavits, depositions and/or to appear at a mutually agreeable place near Settling Defendant's residence wherever that may be at the time (at reasonable times and upon reasonable notice) as a witness at the request of G&G and to testify truthfully as to all relevant matters (excepting privileged matters) on which his testimony is sought in said causes or proceedings.

13.    G&G recognizes that, in view of the Settling Defendant's assignment of his rights, G&G, not the Settling Defendant, is the real party in interest in any subsequent declaratory judgment actions, garnishment actions, insurance coverage actions, bad faith actions and any other litigation, suits, causes of action, proceedings or disputes concerning this Agreement, the Litigation, the Challenged Transactions or any related litigation (hereafter collectively referred to as "Subsequent Litigation").    G&G covenants and agrees to use its best efforts to limit the Settling Defendant's responsibilities and to seek dismissal of the Settling Defendant from any such Subsequent Litigation, to seek substitution of G&G as real party in interest as to any such Subsequent Litigation and to indemnify Settling Defendant for any costs or expenses he may incur, including reasonable counsel fees, in responding to any such Subsequent Litigation.

7

14.    G&G hereby agrees that it will satisfy the Settlement Judgment at the earlier of such time as:

    a.    It collects sufficient funds from all other defendants to satisfy the Settlement Judgment;

    b.    The Litigation is finally terminated for any reason; or

    c.    At the conclusion of any insurance coverage litigation initiated or assumed by G&G by virtue of the rights and claims assigned hereunder regardless of whether G&G is successful in that litigation.

The intent of this section is to obligate G&G to satisfy the Settlement Judgment at the earliest possible time and it hereby expressly agrees to do so.

15.    It is expressly understood that this Agreement and the actions taken hereunder by the parties hereto shall operate to include and subsume in the Settlement Judgment any and all claims asserted or unasserted by G&G, known and unknown, against Settling Defendant arising from the relationship or claimed relationship of G&G to LoveSac Utah and LoveSac Delaware, and to give res judicata effect to, and to finalize, any and all such claims against Settling Defendant. Neither G&G, nor Settling Defendant, nor the counsel for either of said parties is aware of any existing or potential claims, not subsumed in the Settlement Judgment, which G&G has or may have against Settling Defendant. Nevertheless, so that Settling Defendant shall have bought his peace from any such claims, G&G, for the independent consideration of Settling Defendant's payment to it of $1, releases all other claims not included and subsumed in the Settlement Judgment, whether known or unknown, that G&G may have against Settling Defendant. Such release applies only to Settling Defendant, and shall not operate to discharge any other person or entity, or any other claims, except those against Settling Defendant.

8

16.     G&G's covenants and agreements contained in this Agreement, including but not limited to its covenant not to execute contained in Paragraph 8, is a separate and independent obligation that is not contingent or conditioned upon the G&G's successful collection or enforcement of the Settlement Judgment or the outcome of any Subsequent Litigation and the binding effect of those obligations, covenants and agreements shall not be affected thereby. G&G's covenant not to execute contained in Paragraphs 7 and 8 of this Agreement shall remain in full force and effect even if the remainder of this Agreement is found or determined by a court of law to be invalid or unenforceable.

17.     Counsel for G&G, and G&G, warrant that they have not and will not assign or transfer G&G's rights and interests in the claims which are the subject of this Agreement to any person or entity whatsoever.

18.     G&G and counsel for G&G represent and warrant that, other than the consolidated causes which are the subject of this Agreement, they know of no other lawsuits which have been filed or which may hereafter be filed relating to any of the matters or to any of the parties as to which this settlement relates.

19.     Hyde warrants and states under penalty of perjury that the financial statement of James Hyde, attached hereto as Exhibit B was accurate as of the date issued to G&G.

20.     This Agreement is final and complete upon its execution, and contains no other terms or conditions different from or additional to those stated herein. The parties expressly agree that as to the Settlement Judgment obtained hereunder the court may direct immediate entry of judgment and, if applicable, the court may make the orders set forth in Rule 7054(b).

9

21.    This Agreement may be signed by the parties themselves or by counsel for the parties with authority to do so and if signed by the latter is binding upon the parties, and the said counsel, by his or her signature, so warrants.    A signed Agreement which is transmitted by telecopier ("fax") shall be effective upon receipt.    The original signed agreement shall be contemporaneously mailed, first class, postage prepaid to the other party.

DATED

DATED: _August 29 2007_

G&G, LLC

By: _Jennifer Conein_
JENNIFER CONEIN, V. PRES of Gourley & Associates, Inc.,
Managing Mgr of Gourley & Gourley, L.L.C., Manager of
STINSON MORRISON HECKER LLP                    G & G, LLC

DATED: _____

By: _____
Janet Nesse, Esq.
For the Plaintiffs and G&G, LLC

DATED: _____

By: _____
James Hyde

10

21.    This Agreement may be signed by the parties themselves or by counsel for the parties with authority to do so and if signed by the latter is binding upon the parties, and the said counsel, by his or her signature, so warrants. A signed Agreement which is transmitted by telecopier ("fax") shall be effective upon receipt. The original signed agreement shall be contemporaneously mailed, first class, postage prepaid to the other party.

DATED: _____

                    STINSON MORRISON HECKER LLP


By: _____
         Marc Albert, Esq.
         For the Plaintiffs and G&G, LLC

DATED: _8/15/07_____

By: _____
         James Hyde

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2007, I electronically filed *Motion for Entry of*

*Consent Judgment* with the Clerk of Court using CM/ECF, which will send notification of such

filing to the following:

| | |
|---|---|
| John C. Phillips, Jr. | Thomas F. Driscoll, Esq. |
| Phillips, Goldman & Spence, P.A. | Morris, Nichols, Arsht & Tunnell LLP |
| 1200 North Broom Street | 1201 North Market Street |
| Wilmington, DE 19806 | Wilmington, DE 19801 |

Carl N. Kunz, III, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19801

I hereby further certify that on September 21, 2007, I caused a copy of *Motion for Entry*

*of Consent Judgment* to be served on the following by first-class mail, postage prepaid:

| | |
|---|---|
| John C. Phillips, Jr. | Thomas F. Driscoll, Esq. |
| Phillips, Goldman & Spence, P.A. | Morris, Nichols, Arsht & Tunnell LLP |
| 1200 North Broom Street | 1201 North Market Street |
| Wilmington, DE 19806 | Wilmington, DE 19801 |
| | |
| Carl N. Kunz, III, Esq. | Greg Tobler, Esq. |
| Morris James Hitchens & Williams LLP | Tobler Law Office |
| 222 Delaware Ave., 10th Floor | 560 South 100 West, Suite 4 |
| P.O. Box 2306 | Provo, UT 84062 |
| Wilmington, DE 19801 | |

  /s/ Virginia Whitehill Guldi
Virginia Whitehill Guldi (ID No. 2792)