## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| G&G, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-440 (SLR) |
| | ) | |
| -v- | ) | |
| | ) | |
| James L. Hyde, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF MOTION OF DEFENDANTS
DAVID YARNELL, JAMES GOULD, SIMON WRIGHT, WALT SPOKOWSKI
AND MILLEVERE HOLDINGS LIMITED TO DISMISS AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Michael A. Weidinger (No. 3330)
Joseph S. Naylor (No. 3886)
MORRIS, JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750
mweidinger@morrisjames.com
jnaylor@morrisjames.com
Fax: (302) 571-1750
mweidinger@morrisjames.com
jnaylor@morrisjames.com

*Of Counsel*
Michael L. Scheier
Joseph L. Bruemmer
KEATING MUETHING & KLEKAMP PLL
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jbruemmer@kmklaw.com

*Attorneys for Defendants, Brand Equity
    Ventures II, LP, Walnut Investment Partners, LP
    Walnut Private Equity Fund, LP, The Walnut
    Group, Millevere Holdings Limited, David
    Yarnell, James Gould, Simon Wright &
    Walt Spokowski*

## TABLE OF CONTENTS

**NATURE AND STAGE OF PROCEEDINGS**..................................................................1

**SUMMARY OF ARGUMENT**...........................................................................2

**STATEMENT OF FACTS**...............................................................................3

**ARGUMENT**.................................................................................................5

    A.    Legal Standard Applicable to Motions .................................................5

    B.    The Moving Defendants Are Not Subject To Personal Jurisdiction
           Under 10 Del. C. § 3104 ....................................................................6

    C.    Exercising Personal Jurisdiction Over the Moving Defendants
           Does Not Comport With Constitutional Due Process......................12

**CONCLUSION** .............................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Angola v. Ronair, Inc.*,
   544 F. Supp. 858 (D. Del. 1982)...................................................................... 7

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
   772 F. Supp. 1458 (D. Del. 1991)............................................................... 7, 11

*Carlton Investments v. TLC Beatrice Int'l Holdings, Inc.*,
   Civ. A. No. 13950 WL 608492 (Del. Ch. Oct. 16, 1996)....................... 13

*DaimlerChrysler AG Securities Litigation*
   197 F. Supp. 2d 86 (D. Del. 2002).................................................... 8, 10, 11

*Hanson v. Denckla*,
   357 U.S. 235 (1958)................................................................................ 12

*Int'l. Shoe Co. v. Washington*,
   326 U.S. 310 (1945)................................................................................. 5

*Intel Corp. v. Broadcom Corp.*,
   167 F. Supp. 2d 692 (D. Del. 2001)......................................................... 7

*Jeffreys v. Exten*
   784 F. Supp. 146 (D. Del. 1992)........................................................... 6, 7

*Pinker v. Roche Holdings Ltd.*,
   292 F.3d 361 (3d Cir. 2002)................................................................... 5

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987)........................................................... 5, 7, 12

*Reach & Associates P.C. v. Dencer*,
   269 F. Supp. 2d 497 (D. Del. 2003)...................................................... 7, 9

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*
   735 F.2d 61 (3d Cir. 1984).................................................................... 6

*Werner v. Miller Technology Management, L.P.*,
   831 A.2d 318 (Del. Ch. 2003)......................................................... 12, 13

*World-Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980)............................................................................ 12

**Statutes**

10 *Del. C.* § 3104 ................................................................................................................. 6
10 Del. C. § 3104 (c)(1), (3)-(4) ................................................................................................ 7

## NATURE AND STAGE OF PROCEEDINGS

On July 13, 2007 Plaintiff, G&G, LLC filed their Complaint in this action. On August 30, 2007, Plaintiff filed their Amended Complaint.

Defendants David Yarnell, James Gould, Simon Wright, Walt Spokowski, (collectively "Director/Officer Defendants") and Millevere Holdings Limited ("Millevere") (Director/Officer Defendants and Millevere collectively the "Moving Defendants") submit this Memorandum in Support of their Motion to Dismiss G&G's Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] There is also a significant question as to whether G&G properly served Millevere under Federal Rule of Civil Procedure 4(f) and the Hague Convention, but because the Court does not have personal jurisdiction over Millevere, as outlined below, that issue is of no moment at this stage of the proceedings.

## SUMMARY OF ARGUMENT

The Moving Defendants are not subject to personal jurisdiction under Delaware's long-arm statute because there is no allegation in Plaintiff's Amended Complaint that the Moving Defendants committed any acts in Delaware that give rise to its claims. None of the Moving Defendants are generally present in Delaware. Nor have any of the Moving Defendants undertaken a persistent course of conduct in Delaware sufficient to make them susceptible to general personal jurisdiction in the Delaware courts. Moreover, under these circumstances, exercising personal jurisdiction over the Moving Defendants would not comport with Constitutional Due Process.

## STATEMENT OF FACTS

In February 2005, a Utah corporation known as The LoveSac Corporation ("LoveSac Utah") merged with a Delaware corporation called The LoveSac Corporation ("LoveSac Delaware"). D.I. 19, Amended Complaint, ¶ 50. The surviving entity from that merger (the "Merger") was Lovesac Delaware. *Id.*

Defendants David Yarnell, James Gould, and Simon Wright were directors of LoveSac Delaware. *Id.* at ¶¶ 23, 24, 25. Each joined the LoveSac Delaware board after the Merger. *Id.* at ¶ 46. Defendant Walt Spokowski was the Interim Chief Executive Officer of LoveSac Delaware. *Id.* at ¶ 15. He was hired after the Merger, in September 2005. Millevere Holdings Limited ("Millevere") invested money in Lovesac Delaware. *Id.* at ¶ 42.

Yarnell, Gould, Wright, and Spokowski (the "Director/Officer Defendants") do not own any real or personal property, nor have any bank accounts or personal assets, in Delaware. *See* Affidavit ("Aff.") of David Yarnell at ¶¶ 3-4; Gould Aff. at ¶¶ 3-4; Wright Aff. ¶¶ 3-4; Spokowski Aff. ¶¶ 3-4.[2] In their capacities with LoveSac Delaware, none of the Director/Officer Defendants solicited any business for LoveSac Delaware in the state of Delaware. Yarnell Aff. at ¶ 5. Likewise, none of them have participated in any business meetings for LoveSac Delaware in Delaware. *Id.* at ¶ 7. LoveSac Delaware did not have an office in the state of Delaware, and none of the Director/Officer Defendants had offices within the state of Delaware. *Id.* at ¶¶ 8-9. Nor have the Director/Officer Defendants engaged in any conduct in Delaware to cause injury or harm in the state of Delaware to anyone, much less the Plaintiff. Yarnell Aff. at ¶ 10; *see generally* D.I. 19, Amended Complaint.

---

[2] These affidavits are respectively exhibits A-D, and are incorporated herein by reference. Going forward in this brief, where the paragraph numbering on one affidavit is the same as the others, we will only cite to one of the affidavits for purposes of convenience. The Court could therefore look to any of the other affidavits to find a similar statement at that paragraph number.

Moreover, there are no allegations set forth in either G&G's Complaint or Amended Complaint indicating that any of the Director/Officer Defendants had any contact whatsoever with G&G. Perhaps most striking, there are no allegations in the Amended Complaint that the Director/Officer Defendants played any role in the alleged events giving rise to Plaintiff's claims against them.

As to Millevere, it is a foreign corporation incorporated and organized under the laws of the British Virgin Islands. *See* Dearie Aff. at ¶ 2.[3] Millevere is a single purpose investment holding company whose only asset was the investment in LoveSac Delaware. *Id.* at ¶ 3. Millevere conducts no business in Delaware, does not maintain an office in Delaware, and does not have any agents or employees in Delaware. *Id.* at ¶¶ 3, 6, 8. Millevere neither owns nor maintains real or personal property, or any other assets, in Delaware, and in fact has never even sent a representative or agent into Delaware. *Id.* at ¶¶ 4-6.

---

[3] This affidavit is attached as exhibit E and incorporated herein by reference.

## **ARGUMENT**

The Court should dismiss Plaintiff's Amended Complaint against the Moving Defendants because they are not subject to personal jurisdiction in Delaware.

### A.    **Legal Standard Applicable to Motions.**

When reviewing a motion to dismiss under Federal Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

To meet this burden, G&G must prove that its causes of action arise out of the non-resident Moving Defendants' conduct in Delaware sufficient to create "specific jurisdiction," or that the non-resident Moving Defendants have "continuous and systematic" contacts with Delaware sufficient to create "general jurisdiction" over them. *Id. (citing Helicopteros de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). In either case, due process dictates that a court may assert personal jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l. Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). As long as it comports with due process, "a federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank,* 819 F.2d at 436. Accordingly, we turn to the law of Delaware.

5

The determination of whether personal jurisdiction exists is a two-step process under Delaware law. *Jeffreys v. Exten,* 784 F. Supp. 146, 150 (D. Del. 1992). First, personal jurisdiction must exist under the applicable state long-arm statute - 10 *Del. C.* § 3104. *Jeffreys,* 784 F. Supp. at 150. Second, the exercise of jurisdiction must comport with the Due Process Clause of the Federal Constitution under *International Shoe* and its progeny. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984). Because the assertion of jurisdiction is not appropriate under Delaware's long arm statute, nor would the assertion of jurisdiction comport with due process, the Moving Defendants should be dismissed.

**B.    The Moving Defendants Are Not Subject To Personal Jurisdiction Under 10 Del. C. § 3104.**

Plaintiff alleges that personal jurisdiction over Defendants Yarnell, Gould, Wright, and Spokowski is proper because "they were directors and/or officers of LoveSac Delaware." D.I. 19 at ¶¶ 3-4. Plaintiff alleges that personal jurisdiction over Millevere is proper because it "transact[s] business or perform[s] work or services in the State of Delaware." *Id.* at ¶ 8. There are no other jurisdictional facts in the Amended Complaint regarding the Moving Defendants.

The state law statute applicable to asserting jurisdiction over non-resident Defendants in Delaware is 10 *Del. C.* § 3104, Delaware's long arm statute (the "Long Arm Statute"). No basis exists, however, to exercise personal jurisdiction over the Moving Defendants under the Long Arm Statute.

The Long Arm Statute provides in pertinent part:

> (c) As to a cause of action brought by a person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-resident, or his personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;

*                        *                        *

(3)  Causes tortious injury in the State by an act or omission in this State;

(4)  Causes tortious injury in this State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any persistent course of conduct in the State or derives substantial revenue from services or things used or consumed in the State; . . . .

10 Del. C. § 3104 (c)(1), (3)-(4).  "Delaware courts have construed the statute as conferring jurisdiction to the maximum parameters of the due process clause." *Jeffreys*, 784 F. Supp. at 151 (*citing Waters v. Deutz Corp.*, 460 A.2d 1332 (Del. Super. 1983); *Transportes Aereos De Angola v. Ronair, Inc.*, 544 F. Supp. 858 (D. Del. 1982)).  G&G presumably looks to subsections (c)(1), (c)(3), or (c)(4) to provide the statutory basis to assert personal jurisdiction over the Director/Officer Defendants.  We will address each of these subsections of the long arm statute.

### 1.   10 Del. C. § 3104 (c)(1) And (c)(3) Does Not Confer Personal Jurisdiction Over The Moving Defendants.

Courts interpret subsections (c)(1) and (c)(3) to require specific jurisdiction. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001).  As noted above, specific jurisdiction requires that the causes of action arise from the defendant's conduct in the forum state. *Provident Nat'l Bank*, 819 F.2d at 437.  In other words, for the Court to exercise personal jurisdiction under subsections (c)(1) and (c)(3), the act giving rise to the Plaintiff's claims must have occurred in Delaware. *See Reach & Associates P.C. v. Dencer,* 269 F. Supp. 2d 497, 504 (D. Del. 2003) ("[F]or any act to be relevant in a personal jurisdiction analysis under Subsections (c)(1) or (c)(3), the individual's acts, even as a fiduciary, must occur in Delaware."); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991) ("Subsections (c)(1) and (c)(3) of this statute provide for specific jurisdiction, under which the cause of action must arise from the contacts with the forum").  This requirement provides that the plaintiff cannot

assert personal jurisdiction over a defendant on claims that are not related to the defendant's jurisdictional contacts. *Dencer,* 269 F. Supp. 2d at 504.

There is no allegation in Plaintiff's Amended Complaint that the Moving Defendants committed any acts in Delaware that give rise to its claims. This is no wonder, because none of the Moving Defendants have transacted business in Delaware that would subject them to personal jurisdiction under subsections (c)(1) or (c)(3). *See* Yarnell Aff. at ¶¶ 3-10; Dearie Aff. at ¶¶ 3-8. For instance, other than its former interest in LoveSac Delaware, Millevere had no other contacts with Delaware, and necessarily could not transact business in the state or cause an injury through an act in the state, as required under subsections (c)(1) and (c)(3). Dearie Aff. at ¶¶ 3-8.[4]

As to the Director/Officer Defendants, their only connection to Delaware was their service on the board of LoveSac Delaware. Yarnell Aff. at *passim*; *see also* D.I. 19, Amended Complaint, at ¶¶ 3-4 (basing personal jurisdiction over the Director/Officer Defendants on their corporate capacities within LoveSac Delaware). None of them transacted business in Delaware on behalf of LoveSac Delaware, none of them met with the LoveSac Delaware board in Delaware, and none of them maintained an office in Delaware out of which they represented LoveSac Delaware. Yarnell Aff. at ¶ 5-9. Even the incorporation of LoveSac in Delaware (in December 2004) occurred prior to Yarnell's, Gould's, and Wright's tenure as directors. Yarnell Aff. at ¶ 1; Gould Aff. at ¶ 1; Wright Aff. at ¶ 1 (noting, respectively, that Yarnell, Gould, and Wright were appointed to LoveSac Delaware's board of directors in March 2005). And Spokowski was not hired as Interim Chief Executive Officer until September 2005, well after the

---

[4] As discussed below, holding shares in a Delaware entity does not itself provide sufficient contact with Delaware to impose personal jurisdiction under either the Delaware Long Arm Statute or due process. *In re DaimlerChrysler AG Securities Litigation,* 197 F. Supp. 2d 86, 98 (D. Del. 2002) ("[S]tock ownership has not been found to be sufficient to support the exercise of personal jurisdiction.")

Merger and incorporation of LoveSac Delaware. Spokowski Aff. at ¶ 1.

This Court has held on facts strikingly similar to the foregoing facts that it could not assert personal jurisdiction over a corporate officer under the Long Arm Statute. In *Reach & Associates P.C. v. Dencer,* 269 F. Supp. 2d 497 (D. Del. 2003), plaintiffs brought contract and tort claims against, among others, a non-resident officer of the defendant corporations. *Id.* at 500. "Aside from the filing of the incorporation papers for IRD and IRI, [the non-resident officer-defendant] has not performed any action in Delaware." *Id.* at 504. The Court stressed that the non-resident officer defendant did not own any property in Delaware, had no bank accounts in Delaware, and had never visited Delaware. *Id.*

The Court granted the motion to dismiss, holding that subsections (c)(1) and(c)(3) did not provide a basis to assert personal jurisdiction over the non-resident corporate officer. *Id.* at 505. Material to the outcome of the Moving Defendants' Motion to Dismiss, in dismissing the claims against the non-resident officer, the *Dencer* Court emphasized that "absent actual conduct in Delaware, Defendant Dencer's position as President and CEO of IRI and IRD would be insufficient to establish jurisdiction." *Id.* at 504.

Similar to the nonresident defendant officer in *Dencer*, the Director/Officer Defendants have "not performed any action in Delaware." *See* Yarnell Aff. at ¶¶ 3-10. Nor is there even an allegation in the Amended Complaint that the Director/Officer Defendants undertook any conduct *in Delaware* that gives rise to any of Plaintiff's causes of action against them. *See generally* D.I. 19, Amended Complaint. In fact, the nonresident defendant officer in *Dencer* actually had more contact with Delaware than the Moving Defendants because the non-resident defendant had participated in incorporating the defendant corporations in Delaware. *See Dencer*, 269 F. Supp. 2d at 504. Here Yarnell, Gould, and Wright were appointed directors of LoveSac

Delaware after the Merger and incorporation, and Spokowski was named the Interim Chief Executive Officer well after the incorporation of LoveSac Delaware. Yarnell Aff. at ¶ 1. And although Millevere did make an equity investment in LoveSac Delaware, that fact alone is insufficient to create personal jurisdiction in this case. *In re DaimlerChrysler AG Securities Litigation,* 197 F. Supp. 2d 86, 98 (D. Del. 2002) ("[S]tock ownership has not been found to be sufficient to support the exercise of personal jurisdiction."). Accordingly, as the *Dencer* and *DaimlerChrysler* Courts held, this Court too should hold that it may not assert personal jurisdiction over the Moving Defendants based upon Long Arm Statute subsections (c)(1) or (c)(3).

### 2.    10 Del. C. § 3104(c)(4) Does Not Confer Personal Jurisdiction Over The Moving Defendants.

Unlike subsections (c)(1) and (c)(3), subsection (c)(4) provides for general jurisdiction. *Dencer,* 269 F. Supp. 2d at 505. "Although this section authorizes jurisdiction even when the tortious acts and the injury occurred outside of Delaware, the defendant or its agents must still be 'generally present' in the state." *Id.* (*citing Applied Biosystems,* 772 F. Supp. at 1462, 1468). While seemingly broad, "the standard for general jurisdiction is high in practice and not often met." *Id.* (*citing Sears, Roebuck & Co. v. Sears PLC,* 744 F.Supp. 1297, 1300 (D. Del. 1990)). That high standard has surely not been met here.

The Officer/Director Defendants are not "generally present" in Delaware, nor have they undertaken a "persistent course of conduct" in Delaware sufficient to make them susceptible to general personal jurisdiction in the Delaware courts, as evidenced by their affidavits. *See Dencer,* 269 F. Supp. 2d at 505 (holding that because a nonresident officer of a Delaware corporation had no property in Delaware, had no bank account in Delaware, had not performed any act in Delaware on behalf of the corporation, and was "not alleged to have engaged in any

conduct in Delaware, let alone the high standard of a 'persistent course of conduct' required under Subsection (c)(4)," personal jurisdiction did not exist over the nonresident officer under Subsection (c)(4)); *Applied Biosystems*, 772 F. Supp. at 1469 (stating that "jurisdiction is authorized only if the defendant or its agent 'regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State,'" and finding that nonresident corporations had not engaged in a "pattern of activity utilizing Delaware corporate law," because doing "little more in Delaware than is necessary to comply with corporate formalities…is insufficient to meet the terms of subsection (c)(4)"). They do not, for example, own any property in Delaware, have bank accounts or other assets in Delaware, maintain an office in Delaware, or even visit the state. Yarnell Aff. at ¶¶ 3-4, 7, 9. And none of them have performed any activity in Delaware, in their fiduciary capacity or otherwise, that relates to any of the underlying claims asserted against them. *Id.* at ¶¶ 5-10. Nor does Plaintiff even allege as much in the Amended Complaint. *See generally* D.I. 19, Amended Complaint. The best that we can take from Plaintiff's Amended Complaint is that the Director/Officer Defendants served as directors or officers of LoveSac Delaware, a Delaware corporation. But such service alone is an insufficient basis upon which to rest personal jurisdiction over these non-resident defendants. *Dencer*, 269 F. Supp. 2d at 500-04.

Millevere is likewise not subject to general personal jurisdiction in Delaware. Although it may have invested in LoveSac Delaware, "stock ownership has not been found to be sufficient to support the exercise of personal jurisdiction." *In re DaimlerChrysler AG Securities Litigation*, 197 F. Supp. 2d at 98 (*citing Shaffer v. Heitner*, 433 U.S. 186 (1977)).

Based on the foregoing, section (c)(4) of the Long Arm Statute does not provide a basis to rest personal jurisdiction over the Moving Defendants.

C.    **Exercising Personal Jurisdiction Over The Moving Defendants**
      **Does Not Comport With Constitutional Due Process.**

For many of the same reasons that the Moving Defendants have insufficient contacts in

Delaware to satisfy the Long Arm Statute, they also lack the requisite contacts with Delaware to

allow the exercise of personal jurisdiction consistent with due process.  G&G has the burden to

prove that the exercise of jurisdiction is consistent with the Due Process Clause.  *Provident Nat'l*

*Bank*, 819 F.2d at 437.

Due process requires that a defendant have "certain minimum contacts with [the forum]

such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice." *Int'l Shoe*, 326 U.S. at 319.  In *Hanson v. Denckla*, 357 U.S. 235 (1958), the

United States Supreme Court noted that "it is essential that in each case there be some act by

which the defendant purposefully avails itself of the privilege of conducting activities within the

forum state, thus invoking the benefits and protections of its laws."  *Id.* at 253.   And the

defendant's "conduct and connection with the forum state must be such that he should

reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*,

444 U.S. 286, 297 (1980).

A recent Delaware Chancery Court case provides guidance on how the Delaware  state

courts apply the due process principles outlined above.  In *Werner v. Miller Technology*

*Management, L.P.*, 831 A.2d 318 (Del. Ch. 2003), the court found that the advisory board

members of a company had insufficient contacts with Delaware to satisfy due process

requirements of personal jurisdiction.  *Id.* at 330-31.  In particular, the court found it material that

the non-resident defendants did not live in Delaware, did not conduct business in Delaware,

owned no real property in Delaware, and did not attend board meetings in Delaware.  *Id.* at 331.

In fact, the defendants' only contact with Delaware was their status as limited partners of a

Delaware entity and members of the entity's advisory board. Such contacts did not rise to the level of permitting the Delaware courts to assert personal jurisdiction over these defendants consistent with due process. *Id.*; *accord Carlton Investments v. TLC Beatrice Int'l Holdings, Inc.*, Civ. A. No. 13950, 1996 WL 608492, at *2 (Del. Ch. Oct. 16, 1996) (finding that officer's ministerial acts in Delaware were insufficient to satisfy due process requirements).

This record shows the same lack of contact with the forum state that lead the *Werner* court to find that the Delaware courts may not assert personal jurisdiction over non-resident defendants consistent with due process. The Director/Officer Defendants did not conduct business in Delaware, own no real or personal property in Delaware, and did not attend board meetings in Delaware. Yarnell Aff. at ¶¶ 3-7. Moreover, Yarnell resides and works in Connecticut, Gould resides and works in Ohio, Wright resides and works in the United Kingdom, and Spokowski resides and works in Massachusetts.[5] *Id.* at ¶ 2.

Within their roles as former LoveSac Delaware directors or officers, Yarnell, Gould, Wright, and Spokowski did not conduct business meetings in Delaware, did not have offices in Delaware, and did not have any other meaningful business contacts with Delaware. *Id.* at 5-9. As LoveSac directors or officers, they did not engage in any conduct in Delaware to cause injury or harm in Delaware. *Id.* at 10. Their only "contact" with the forum state was their former service on a board of directors, or former service as an officer, of a Delaware corporation. *See generally id.* As in *Werner*, this is not a strong enough connection with Delaware for them to "reasonably anticipate being haled into" a Delaware court.

Based on the foregoing, the Moving Defendants are not subject to personal jurisdiction in Delaware.

---

[5] As to Millevere, there only contact with the forum state is its minority investment in LoveSac Delaware, hardly the sort of conduct that satisfies the "minimum contacts" requirement of due process.

## CONCLUSION

For the reasons set forth above, the Court should grant the Moving Defendants Motion to Dismiss for lack of personal jurisdiction.

September 21, 2007

Michael A. Weidinger (No. 3330)
Joseph S. Naylor (No. 3886)
MORRIS, JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750
mweidinger@morrisjames.com
jnaylor@morrisjames.com

　　　 -and-

Michael L. Scheier (0055512)
Joseph L. Bruemmer (0079120)
KEATING, MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jbruemmer@kmklaw.com

*Attorney for Defendants,*
*Brand Equity Ventures II, LP, Walnut*
*Investment Partners, LP, Walnut Private*
*Equity Fund, LP, The Walnut Group, Millevere*
*Holdings Limited, David Yarnell, James*
*Gould, Simon Wright, & Walt Spokowski*

14

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

G&G, LLC,                          )   Case No. 07-440
                                   )
                   Plaintiff,      )   (Judge Sue L. Robinson)
                                   )
        -v-                        )
                                   )
James L. Hyde, et al.,             )
                                   )
                   Defendants.     )

### AFFIDAVIT OF DAVID YARNELL

I, David Yarnell, affirm and state as follows:

1.      I was a director of LoveSac Delaware.  I was appointed to the LoveSac Delaware board of directors in March 2005 and I resigned from the LoveSac Delaware board of directors on August 15, 2006.  I make this declaration based on my personal knowledge, except where it is noted that the statement is based upon information and belief.

2.      I am a resident of the state of Connecticut, and I am also the managing general partner of Defendant Brand Equity Ventures, II, LP.

3.      I own no real or personal property in the state of Delaware.

4.      I have no bank accounts or personal assets in the state of Delaware.

5.      I did not solicit any business for LoveSac Delaware in the state of Delaware.

6.      Upon information and belief, LoveSac Delaware did not conduct business meetings in the state of Delaware.

7.      I, as a director of LoveSac Delaware, did not participate in any business meetings for LoveSac Delaware in the state of Delaware.

8.      Upon information and belief, LoveSac Delaware did not have an office in the state of Delaware.

9.    I, as a director of LoveSac Delaware, did not otherwise have an office within the state of Delaware.

10.    As a director of LoveSac Delaware, I did not engage in any conduct in the state of Delaware to cause injury or harm in the state of Delaware.

FURTHER AFFIANT SAYETH NAUGHT

_David Yarnell_
David Yarnell

STATE OF Connecticut    :
                        : ss Stanford
COUNTY OF Fairfield     :

Sworn to before me and subscribed in my presence this 20th day   of   September, 2007 by David Yarnell.

_Gabrielle P. LaManna_
Notary Public

GABRIELLE P. LaMANNA
NOTARY PUBLIC
My Commission Expires 11/30/10

2188237.3

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| G&G, LLC, | ) | Case No. 07-440 |
| | ) | |
| Plaintiff, | ) | (Judge Sue L. Robinson) |
| | ) | |
| -v- | ) | |
| | ) | |
| James L. Hyde, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF JAMES GOULD

I, James Gould, affirm and state as follows:

1.      I was a director of LoveSac Delaware.  I was appointed to the LoveSac Delaware board of directors in March 2005 and I resigned from the LoveSac Delaware board of directors in March 2006.  I make this declaration based on my personal knowledge, except where it is noted that the statement is based upon information and belief.

2.      I am a resident of the state of Ohio, and I am the managing general partner of the Walnut Group.

3.      I own no real or personal property in the state of Delaware.

4.      I have no bank accounts or personal assets in the state of Delaware.

5.      I did not solicit any business for LoveSac Delaware in the state of Delaware.

6.      Upon information and belief, LoveSac Delaware did not conduct business meetings in the state of Delaware.

7.      When I was a director of LoveSac Delaware, I did not participate in any business meetings for LoveSac Delaware in the state of Delaware.

8.      Upon information and belief, LoveSac Delaware did not have an office in the state of Delaware.

9. When I was a director of LoveSac Delaware, I did not otherwise have an office within the state of Delaware.

10. When I was a director of LoveSac Delaware, I did not engage in any conduct in the state of Delaware to cause injury or harm in the state of Delaware.

FURTHER AFFIANT SAYETH NAUGHT

_____
James Gould

STATE OF Ohio                :
                             : ss
COUNTY OF Hamilton           :

Sworn to before me and subscribed in my presence this 20th day of September, 2007 by James Gould.

_____
Notary Public

**KAREN F. KISLING**
Notary Public
In and for the State of Ohio
My Commission Expires
March 12, 2012

2188239.3

-2-

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

G&G, LLC,                                    )   Case No. 07-440
                                             )
                        Plaintiff,           )   (Judge Sue L. Robinson)
                                             )
        -v-                                  )
                                             )
James L. Hyde, et al.,                       )
                                             )
                        Defendants.          )

### AFFIDAVIT OF SIMON WRIGHT

I, Simon Wright, affirm and state as follows:

1.      I was a director of LoveSac Delaware. I was appointed to the LoveSac Delaware board of directors in March 2005. I make this declaration based on my personal knowledge, except where it is noted that the statement is based upon information and belief.

2.      I am a resident of the United Kingdom, and I am the Investment Director – International Retail of Virgin Management Limited, company incorporated in England and Wales.

3.      I own no real or personal property in the state of Delaware.

4.      I have no bank accounts or personal assets in the state of Delaware.

5.      I did not solicit any business for LoveSac Delaware in the state of Delaware.

6.      Upon information and belief, LoveSac Delaware did not conduct business meetings in the state of Delaware.

7.      I, as a director of LoveSac Delaware, did not participate in any business meetings for LoveSac Delaware in the state of Delaware.

8.      Upon information and belief, LoveSac Delaware did not have an office in the state of Delaware.

9.    I, as a director of LoveSac Delaware, did not otherwise have an office within the state of Delaware.

10.    As a director of LoveSac Delaware, I did not engage in any conduct in the state of Delaware to cause injury or harm in the state of Delaware.


FURTHER AFFIANT SAYETH NAUGHT

_____
Simon Wright    9/21/07.

STATE OF _____    :
                                           : ss
COUNTY OF _____    :

*Please refer to attached certificate*

Sworn to before me and subscribed in my presence this ___ day   of   September, 2007 by Simon Wright.

_____
Notary Public    9/21/07

2188233.3

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**

State of California

County of *Los Angeles* } ss.

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____   _____
Signature of Document Signer No. 1      Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (~~or affirmed~~) before me on this

*21st* day of *September*, *2007*, by
Date        Month              Year

(1)____*David Simon Wright*_____,
Name of Signer

☑ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)
(and

(2)_____,
Name of Signer

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

_____
Signature of Notary Public

**MELISSA MCCORMACK**
Commission # 1732456
Notary Public - California
Los Angeles County
My Comm. Expires Apr 8, 2011

Place Notary Seal Above

───────── **OPTIONAL** ─────────

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: *Affidavit of Simon Wright*

Document Date: *September 21, 2007*    Number of Pages: *2*

Signer(s) Other Than Named Above: *N/A*

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |
| | N/A |

©2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

G&G, LLC,                              )   Case No. 07-440
                                       )
                    Plaintiff,         )   (Judge Sue L. Robinson)
                                       )
        -v-                            )
                                       )
James L. Hyde, et al.,                 )
                                       )
                    Defendants.        )

## AFFIDAVIT OF WALT SPOKOWSKI

I, Walt Spokowski, affirm and state as follows:

1.      I was the Interim Chief Executive Officer of LoveSac Delaware.   I became Interim Chief Executive Officer of LoveSac Delaware in September 2005 and remained in that position until August 2006.  I make this declaration based on my personal knowledge, except where it is noted that the statement is based upon information and belief.

2.      I am a resident of the state of Massachusetts, and I am the Chief Executive Officer of SAC Acquisitions.

3.      I own no real or personal property in the state of Delaware.

4.      I have no bank accounts or personal assets in the state of Delaware.

5.      I did not solicit any business for LoveSac Delaware in the state of Delaware.

6.      Upon information and belief, LoveSac Delaware did not conduct business meetings in the state of Delaware.

7.      I, as an officer of LoveSac Delaware, did not participate in any business meetings for LoveSac Delaware in the state of Delaware.

8.      Upon information and belief, LoveSac Delaware did not have an office in the state of Delaware.

9.      I, as an officer of LoveSac Delaware, did not otherwise have an office within the state of Delaware.

10.     As an officer of LoveSac Delaware, I did not engage in any conduct in the state of Delaware to cause injury or harm in the state of Delaware.


FURTHER AFFIANT SAYETH NAUGHT

_____
Walt Spokowski

STATE OF _Connecticut_ :
                                          : ss
COUNTY OF _Fairfield_ :

        Sworn to before me and subscribed in my presence this _20_ day of September, 2007 by Walt Spokowski.

_____
Notary Public

SHIRLEY A. SCHULZ
NOTARY PUBLIC
MY COMMISSION EXPIRES APR. 30, 2009

2188199.3

- 2 -

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| G&G, LLC, | ) | Case No. 07-440 |
| | ) | |
| Plaintiff, | ) | (Judge Sue L. Robinson) |
| | ) | |
| -v- | ) | |
| | ) | |
| James L. Hyde, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF FRANCIS DEARIE

I, Francis Dearie, affirm and state as follows:

1.    I am a director of Millevere Holdings Limited.  I make this affidavit based on my personal knowledge, except where it is noted that the statement is based upon information and belief.

2.    Millevere Holdings Limited is incorporated in the British Virgin Islands.

3.    Millevere Holdings Limited's only holding at the times material to this action was its shares of LoveSac Delaware stock.

4.    Millevere Holdings Limited does not own any real or personal property in the state of Delaware.

5.    Millevere Holdings Limited did not have any bank accounts or assets in the state of Delaware, except for its holding of LoveSac Delaware stock.

6.    Millevere Holdings Limited does not have any employees or agents in the state of Delaware.

7.    Upon information and belief, Millevere Holdings Limited has not conducted business meetings in the state of Delaware.

8.    Millevere Holdings Limited does not have an office within the state of Delaware.

FURTHER AFFIANT SAYETH NAUGHT

_____
Francis Dearie

'COUNTRY OF _____   :
                              : ss
                              :

     Sworn to before me and subscribed in my presence this ___ day of September, 2007 by Francis Dearie.

_____
Notary Public

J90050.2

The Signature of *Francis Dearie*
representing *Milestone Holdings Ltd*,
on this document conforms to a specimen
signed in my presence and has been confirmed
to me today by the signatory as being genuine.

Dated this 21ˢᵗ day of September 2007

Notary Public, Jersey