# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| G&G, LLC | : | |
| Plaintiff, | : | |
| | : | Case No. 07-440 (SLR) |
| v. | : | |
| JAMES HYDE, et al., | : | |
| Defendants. | : | |

## ANSWERING BRIEF OF PLAINTIFF G&G, LLC IN OPPOSITION TO MOTION OF DEFENDANTS DAVID YARNELL, JAMES GOULD, SIMON WRIGHT, WALT SPOKOWSKI, AND MILLEVERE HOLDINGS LIMITED TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (ID No. 3411)
Virginia Whitehill Guldi (ID No. 2792)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

STINSON MORRISON HECKER LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Suite 800
Washington, DC 20036-3816
(202) 785-9100

*Attorneys for G&G, LLC*

1531298.1

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ................................................................ 3

SUMMARY OF ARGUMENT ................................................................ 3

STATEMENT OF FACTS ................................................................ 4

ARGUMENT ................................................................ 4

I.    Legal Standard ................................................................ 4

II.    Delaware Long-Arm Statute ................................................................ 5
    **A.**    Millevere ................................................................ 7
      1.    Millevere has consented to the exercise of jurisdiction by the Delaware Courts. ................................................................ 7
      2.    Millevere is subject to specific jurisdiction pursuant to Del. Code Ann. tit. 10, § 3104(c)(1). ................................................................ 9
      3.    Millevere is subject to general jurisdiction pursuant to Del. Code Ann. tit. 10, § 3104(c)(4). ................................................................ 11
    **B.**    The Remaining Defendants are Subject to Personal Jurisdiction under the Conspiracy Theory of Jurisdiction ................................................................ 11
    **C.**    David Yarnell, James Gould and Simon Wright ("Director Defendants") have consented to the exercise of Jurisdiction by Delaware Courts. ................................................................ 13
    **D.**    David Yarnell, James Gould, Simon Wright and Walt Spokowski are subject to specific jurisdiction under the Long-Arm Statute. ................................................................ 13

III.    Due Process ................................................................ 14

CONCLUSION ................................................................ 16

# TABLE OF CITATIONS

## CASES

*Amaysing Technologies Corp. v. Cyberair Communications,*
 2005 Del. Ch. LEXIS 35 ...................................................................................................10

*Beach & Associates v. Dencer,*
 269 F. Supp.2d 497 (D.Del. 2003) ...................................................................................13

*Burger King Corp. v. Rudzewicz,*
 471 U.S. 462 (1985)..........................................................................................................5

*Christ v. Cormick,*
 2007 U.S. Dist. LEXIS 49825 .................................................................................3, 5, 11

*Foster Wheeler Energy Corp. v. Metallcesesellschafft AG,*
 1993 U.S. Dist. LEXIS 20450...................................................................................5, 10

*G&G, LLC v. Nelson, et al., Adversary Proceeding*
 No. 06-50786.....................................................................................................................1

*Hadley v. Shafer,*
 2003 U.S. Dist. LEXIS 14106 (D.Del.) ........................................................................ 4-7

*In re: The LoveSac Corp., et al.,*
 Case No. 06-10080 ............................................................................................................2

*Instituto Bancario Italiana SpA v. Hunter Eng'g, Co.,*
 449 A.2d 210 (Del. 1982) ................................................................................................10

*Intel Corp. v. Broadcom Corp.,*
 167 F. Supp. 2d 692 (D.Del. 2001) ..............................................................................4, 14

*Metallgesellschaft v. Foster Wheeler Energy Corp.,*
 143 F.R.D. 553 (D. Del. 1992).......................................................................................3, 10

*Mobilificio San Giacomo v. Stoffi,*
 1996 U.S. Dist. LEXIS 21545........................................................................................ 4-5

*NRG Barriers, Inc. v. Jelin,*
 1996 Del. Ch. LEXIS 81 ...................................................................................................9

*Provident Nat'l Bank v. California Federal Sav. & Loan Assoc.,*
 819 F.2d 434 (3d Cir. 1987).............................................................................................3

*Steinmn v. Levine,*
 2002 Del. Ch. LEXIS 132................................................................................................11

i

*Tristrata Technology, Inc. v. Neoteric Cosmetics*,
   961 F. Supp. 686 (D.Del. 1997) ...........................................................................13


**STATUTES**

Del. Code Ann. tit. 10, § 3104................................................................................3, 12

Del. Code Ann. tit. 10, § 3104(c)(1) ............................................................................7

Del. Code Ann. tit. 10, § 3104(c)(4) .........................................................................5, 9

Del. Code Ann. tit. 10, § 3106(c)(1) ............................................................................4


**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2)............................................................................................1, 3

Fourteenth Amendment ...........................................................................................3, 6

Rule 12 ........................................................................................................................11

1531298.1

## NATURE AND STAGE OF PROCEEDING

This action was originally filed on July 25, 2006, as an adversary proceeding in the United States Bankruptcy Court for the District of Delaware, styled *G&G, LLC v. Nelson, et al., Adversary Proceeding No. 06-50786* ("Adversary Proceeding").   Following voluminous discovery, the Adversary Proceeding was dismissed for lack of subject matter jurisdiction.  G&G re-filed in this Court on August 3, 2007. (D.I. 1).   The Complaint named 16 defendants, each of whom were defendants in the Adversary Proceeding.  An Amended Complaint ("Amended Complaint") was filed on August 30, 2007. (D.I. 19).  Defendants David Yarnell, James Gould, Simon Wright, Walt Spokowski and Millevere Holdings Limited ("Moving Defendants") then filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2).[1]  This Answering Brief is being filed in opposition to that Motion.

## SUMMARY OF ARGUMENT

Although the Moving Defendants assert that they are not subject to the personal jurisdiction of this Court because they are not "present" in the State of Delaware, each has consented to the exercise of personal jurisdiction by the Delaware Courts.  In addition, the Moving Defendants transact business in the State through their involvement with a Delaware Corporation, The LoveSac Corporation ("LoveSac Delaware").  Millevere Holdings Limited is also subject to general jurisdiction under the Delaware Long-Arm Statute because Millevere directs all of its conduct, and derives all of its revenue, from LoveSac Delaware.  Finally, each of the Moving Defendants is subject to the Court's jurisdiction pursuant to the Conspiracy Theory of Jurisdiction.

---

[1] On September 21, 2007, these Defendants, along with Defendants Walnut Investment partners, LP, Walnut Private Equity Fund, LP, and Brand Equity Ventures II, LP filed a Motion to Dismiss pursuant to the "First-to-File Doctrine." (D.I. 28, 29).  Defendants Wilson, Sonsini, Goodrich & Rosati and Lily Wong Langen filed a Motion to Dismiss on September 24, 2007. (D.I. 30, 31).

3

## STATEMENT OF FACTS

As its Statement of Facts, G&G relies on the Statement of Facts contained in its Amended Complaint (D.I. 19). In summary, the Amended Complaint alleges that G&G issued a revolving line of credit to a Utah corporation, The LoveSac Corporation ("LoveSac Utah"), which was secured by a pledge of LoveSac Utah stock as well as a perfected security interest in LoveSac Utah's inventory and personal property. The Amended Complaint further alleges that LoveSac Utah subsequently sought additional financing from Defendants Brand Equity Ventures II, LP ("Brand Equity"), Walnut Investment Partners, LP ("Walnut Investment"), Walnut Private Equity Fund, LP ("Walnut Private Equity") and Millevere Holdings Ltd. ("Millevere") (collectively the "Investor Defendants"). When G&G refused to subordinate its interest in its collateral, the Investor Defendants and the Moving Defendants agreed to defraud G&G by reincorporating LoveSac Utah as a Delaware Corporation ("LoveSac Delaware"), merging LoveSac Utah into LoveSac Delaware and transferring all of LoveSac Utah's assets to LoveSac Delaware. Defendants fraudulently concealed the Merger and transfer of assets and failed to issue replacement stock to G&G. As a result of the fraud, G&G was unable to perfect its security interest or to recover on its $ 2.8 million loan to LoveSac Utah. On January 30, 2006, LoveSac Delaware filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Delaware, *In re: The LoveSac Corp., et al.*, Case No. 06-10080.

## ARGUMENT

### I.    Legal Standard

The determination of whether personal jurisdiction exists requires a two-step analysis. First, the Court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits. If jurisdiction is proper per the long-arm statute, the court must then

4

determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825, at * 6.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), a Court must accept as true all allegations of jurisdictional fact made by the Plaintiff and resolve all factual disputes in the Plaintiff's favor. Once a jurisdictional defense has been raised, the Plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. *Provident Nat'l Bank v. California Federal Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987). While trial judges enjoy substantial procedural flexibility in handling Rule 12(b)(2) motions, the record must clearly establish that after jurisdiction was challenged the nonmoving party had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of its jurisdictional contentions. *Metallgesellschaft v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 559 (D. Del. 1992).

## II.    Delaware Long-Arm Statute

As pertinent here, the Delaware long-arm statute, Del. Code Ann. tit. 10, § 3104, states:

(c)  As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

> (1) Transacts any business or performs any character of work in the State;
> ....

> (4)  Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

Del. Code Ann. tit. 10, § 3106(c)(1) provides for jurisdiction over non-residents who transact business in Delaware. Delaware state courts have interpreted § 3104(c)(1) to be a specific

5

jurisdiction provision. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D.Del. 2001). Specific jurisdiction requires that there be a "nexus" between the plaintiff's cause of action and the conduct of the defendant that is used as a basis for jurisdiction. *Id.* The relatedness requirement only provides that the Plaintiff cannot assert personal jurisdiction over a defendant on claims that are unrelated to the defendant's jurisdictional contacts. *Hadley v. Shafer*, 2003 U.S. Dist. LEXIS 14106, at *23 (D.Del.).

Specific jurisdiction over a nonresident defendant exists where the defendant has "purposely directed his activities at residents of the forum state and the litigation results from alleged injuries that "arise out of" or "relate to" those activities. *Mobilificio San Giacomo v. Stoffi*, 1996 U.S. Dist. LEXIS 21545, at * 11 (D.Del.) (quoting *Burger King v. Rudzewicz,* 471 U.S. at 472). The "constitutional touchstone" in a specific jurisdiction case is whether the defendants purposely established minimum contacts with the forum state. *Id.* at 9.

Del. Code Ann. tit. 10, § 3104(c)(4), the general jurisdiction provision of the Long-Arm Statute, authorizes jurisdiction over a nonresident defendant even when both the tortious acts and the injury occur outside of Delaware. However, this exercise of general jurisdiction requires a higher level of activity than the exercise of specific jurisdiction. *Foster Wheeler Energy Corp. v. Metallscesellschafft AG*, 1993 U.S. Dist. LEXIS 20450, at * 17 (D.Del.).

Delaware courts have consistently held that personal jurisdiction may be asserted over a nonresident defendant on the basis of a "single act" related to Delaware if the resulting claim has its basis in the asserted transaction. *See Mobilificio San Giacomo v. Stoffi*, 1996 U.S. Dist. LEXIS 21545, at *7. Furthermore, a single act of incorporation in Delaware will suffice to confer personal jurisdiction over a nonresident defendant if such purposeful activity in Delaware is an integral

6

component of the total transaction to which plaintiff's cause of action relates. *Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825 (D. Del.).

Although all of the Moving Defendants have filed Affidavits stressing the fact that they are not physically present in the State of Delaware, this alleged absence is not determinative. "[S]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Similarly, this Court has determined that Defendants can fall short in their effort to avoid jurisdiction by relying too heavily on physical ties to Delaware: "[T]he Court is not limited to a 'personal, physical presence within the borders of a state' when determining whether personal jurisdiction exists." *Hadley v. Shafer*, at * 26.

As discussed below, personal jurisdiction over all of the Moving Defendants is authorized by the Long-Arm Statute. In addition, the exercise of personal jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

**A.    Millevere**

**1.    Millevere has consented to the exercise of jurisdiction by the Delaware Courts.**

On February 25, 2005, after LoveSac had entered into negotiations with the Moving Defendants, LoveSac Delaware and LoveSac Utah executed an Agreement and Plan of Merger ("Merger Agreement"), a copy of which is attached hereto as Exhibit A. The Merger Agreement provided for the Merger of LoveSac Utah into LoveSac Delaware (the "Merger"). Paragraph 4.7 of the Merger Agreement contained the following clause:

> **Governing Law.** This Agreement shall in all respects be construed, interpreted and enforced in accordance with and governed by the laws of the State of Delaware and, so far as applicable, the merger provisions of the URBCA [Utah Revised Business Corporation Act].

1531298.1

Also on February 25, 2005, and pursuant to the terms of the Merger Agreement, LoveSac

Delaware executed Amended and Restated Articles of Incorporation ("Restated Articles"). The

Restated Articles created a class of stock known as "Series A Preferred Stock" and stipulated that as

long as it owned at least 25% of the Series A preferred stock, Millevere would be entitled to

designate one member of the Board of Directors.

Under these circumstances, Millevere was an intended third-party beneficiary of the Merger

Agreement. To qualify as a third-party beneficiary, it must be shown that the contract was "made

for the benefit of that third party within the intent and contemplation of the contracting parties."

*Hadley v. Shafer*, at * 13. Because it was a third-party beneficiary to the Merger Agreement,

Millevere is bound by the forum selection clause. "Delaware law prohibits third-party beneficiaries

from reaping the benefits of a contract they seek to enforce, while at the same time, avoiding the

burdens or limitation of the contract, such as a forum selection clause." *Id*. at * 17. Furthermore,

when a party is bound by a forum selection clause, the party is considered to have expressly

consented to personal jurisdiction, which consent is deemed to be a waiver of any objection on Due

Process grounds so that an analysis of minimum contacts becomes unnecessary. *Id*. at * 9-10.

Millevere is also a party to a Series A Preferred Stock Purchase Agreement, Voting

Agreement, Investors' Rights Agreement and Right of First Refusal and Co-Sale Agreement (all

attached as Exhibit B), each of which contain the following forum selection clause:

> **Governing Law**. This Agreement shall be governed in all respects by the
> internal laws of the State of Delaware as applied to agreements entered into among
> Delaware residents to be performed entirely within Delaware, without regard to
> principles of conflicts of law.

*See* ¶ 7.3 of the Series A Preferred Stock Purchase Agreement; ¶ 8(e) of the Voting Agreement; ¶

5.3 of the Investors' Rights Agreement; and ¶ F of the Right of First Refusal and Co-Sale

Agreement. In this case, as in *Hadley*, the claims asserted by the Plaintiff arise directly from the

8

Merger Agreement and the Series A Preferred Stock Purchase Agreement so that Millevere has clearly consented to the exercise of personal jurisdiction by this Court.

**2.    Millevere is subject to specific jurisdiction pursuant to Del. Code Ann. tit. 10, § 3104(c)(1).**

The Amended Complaint alleges that the Investor Defendants insisted on the Merger between LoveSac Utah and LoveSac Delaware because G&G had refused to subordinate its security interest in the LoveSac Utah collateral (Amended Complaint ¶ 39). The remainder of the Complaint then asserts that G&G was injured as a result of Defendants' failure to notify G&G of the Merger and transfer of assets. Therefore, Millevere's participation in the Merger, as both an instigator and direct beneficiary is sufficient to confer personal jurisdiction.

Following its involvement in the Merger and initial investment in LoveSac Delaware, Millevere continued to transact business in the State, as follows:

- Defendant Simon Wright, the "Millevere Director" of LoveSac Delaware was actively involved in financial management of LoveSac Delaware, as evidenced by an e-mail dated October 20, 2005, to Doyle Judd, LoveSac Delaware's Chief Financial Officer, Wright recommends that LoveSac Delaware needs to "get tough with all the lenders." The email is attached as Exhibit C.

- As evidenced by a Letter to the LoveSac Delaware Stockholders, dated December 7, 2005, and attached as Exhibit D, Millevere, through its affiliate Barfair Limited, entered into a "Bridge Financing" arrangement with LoveSac Delaware, intended to provide financing to LoveSac Delaware through 2006.

- In LoveSac Delaware's bankruptcy proceeding, A Motion of Debtors for an Order Authorizing the Debtors to Obtain Post-Petition Financing, filed on June 9, 2006, provides, *inter alia* that "following intense negotiations," the Debtors have obtained commitments

9

1531298.1

from Millevere Holdings and other investors to extend debtor in possession financing to enable the Debtors to continue in operation pending confirmation of the Joint Plan. A copy of that Motion is attached as Exhibit E.[2]

- Millevere was also a stockholder in LoveSac Delaware and had an option to purchase further stock pursuant to a Stock Option Agreement.

In *NRG Barriers, Inc. v. Jelin*, 1996 Del. Ch. LEXIS 81, the Court found that the actions of defendant-shareholders constituted the "transaction of business" sufficient to subject them to jurisdiction under § 3104(c)(1). In that case, the court noted the following circumstances and concluded that the Defendants had transacted business in Delaware: (i) Defendants owned shares in a closely-held Delaware corporation; (ii) Defendants entered into Stock Purchase Agreement with a Delaware corporation to sell their stock in the Delaware corporation to a director and shareholder of that same Delaware corporation;

(iii) the parties expressly agreed that Delaware law governed the Stock Purchase Agreement; and (iv) Delaware lawyers participated in drafting the Stock Purchase Agreement and rendered legal advice with respect to Delaware law for the express purpose of assuring the parties their agreement would comply with the law of the parties' choice.

This case represents an analogous situation: (i) Millevere owns stock in a Delaware corporation; (ii) Millevere entered into a Preferred Stock Purchase Agreement with the Delaware corporation: (iii) the parties expressly agreed that Delaware law governed the Investors' Rights Agreement and Voting Rights Agreement; and (iv) although there is no evidence that Delaware lawyers were officially involved in the transaction, Millevere did receive a document entitled "Significant Differences Between the Corporation Laws of Delaware and Utah," which was

---

[2] The financing was ultimately extended by Barfair Limited, a Millevere affiliate rather than by Millevere.

included in the Reincorporation of the LoveSac Corporation Closing Volume created by Wilson

Sonsini Goodrich & Rosati. A copy of that document is attached as Exhibit F.

### 3. Millevere is subject to general jurisdiction pursuant to Del. Code Ann. tit. 10, § 3104(c)(4).

According to the Motion, Millevere is a "single purpose investment holding company whose

only asset was the investment in LoveSac Delaware." (Motion, p. 4). In the Affidavit of Francis

Dearie, which was attached to the Motion, Dearie, a director of Millevere, states that Millevere's

"only holding at the times material to this action, was its shares of LoveSac Delaware stock." The

only logical conclusion to be drawn from the above, is that *all* of Millevere's activities are directed

toward LoveSac Delaware. Regardless of whether "substantial revenue" is measured in absolute

dollars or a percentage of revenue,[3] Millevere, whose entire reason for being was the investment of

$ 3,500,000.00 in LoveSac Delaware, meets the test. Hence, Millevere, whose only course of

conduct and only source of revenue is directly related to a Delaware corporation, is clearly subject

to the Court's jurisdiction under the long-arm statute.

### B. The Remaining Defendants are Subject to Personal Jurisdiction under the Conspiracy Theory of Jurisdiction

A conspirator who is absent from the forum state can be subject to the jurisdiction of the

court, assuming he is properly served under state law. *See Amaysing Technologies Corp. v.*

*Cyberair Communications*, 2005 Del. Ch. LEXIS 35. The Delaware Supreme Court has explained

the conspiracy theory of jurisdiction, as follows: The acts of each co-conspirator are attributable to

each of the other co-conspirators. Therefore, any act by a conspirator in furtherance of the

conspiracy, which takes place in the jurisdiction is attributable to the other conspirators.

Consequently, if the purposeful act or acts of cone conspirator are of a nature and quality that would

---

[3] *See Foster wheeler Energy Corp v. Metallgesellschaft AG*, 1993 U.S. Dist. LEXIS 20450 (D.Del.) for analysis of "substantial revenue."

subject the actor to the jurisdiction of the court, all of the conspirators are subject to the jurisdiction

of the court. *Instituto Bancario Italiana SpA v. Hunter Eng'g, Co.*, 449 A.2d 210, 225 (Del. 1982).

In other words, when a defendant voluntarily participates in a conspiracy with the knowledge of its

acts in, or effects in, the forum state, he "can be said to have purposefully availed himself of the

privilege of conducting activities in the forum state, thereby fairly invoking the benefits and burdens

of its laws." *Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825, at *13-14 (D.Del.).

To exercise jurisdiction under a conspiracy theory of jurisdiction, a court must find that a

five-part test has been satisfied. The test requires: (1) the existence of a conspiracy to defraud; (2)

defendant must be a member of that conspiracy; (3) a substantial act or substantial effect in

furtherance of the conspiracy must occur in Delaware; (4) the defendant knows or has reason to

know of the act in Delaware or that acts outside Delaware would have an effect in Delaware; and

(5) the act in or effect on Delaware is a direct and foreseeable result of the conduct in furtherance of

the conspiracy. *Steinmn v. Levine*, 2002 Del. Ch. LEXIS 132.

In this case, each part of the test has been met. (1) Counts IV and V of the Amended

Complaint allege the existence of a conspiracy to defraud G&G;[4] (2) the Moving Defendants were

among the conspirators named in those counts; (3) the Merger of LoveSac Utah and LoveSac

Delaware was a substantial act in furtherance of the conspiracy;[5] (4) Counts IV and V allege that the

Moving Defendants knew of the Merger; and (5) G&G's failure to perfect its security interest in the

Delaware, with the resultant injury to G&G, was a direct and foreseeable result of the Merger.

---

[4] In *Christ v. Cormick*, the Court determined that for purposes of a Rule 12 (b)(2) Motion, it was required to accept as true, the allegation of the Complaint that the formation of a Delaware corporation was part of a scheme to defraud defendants. *Christ v. Cormick*, 2007 U.S. Dist. LEXIS 49825 at *14.

[5] In *Instituto Bancario Italiano v. Hunter*, the filing of a certificate of amendment to a corporate charter with the Delaware Secretary of State was held to be a substantial act within Delaware, since it was in furtherance of a conspiracy to authorize and issue new shares of a Delaware corporation for the purpose of wrongfully diminishing the plaintiff's security interest.

**C.    David Yarnell, James Gould and Simon Wright ("Director Defendants") have consented to the exercise of Jurisdiction by Delaware Courts.**

The Amended and Restated Articles of Incorporation of LoveSac Delaware call for the appointment of a "Brand Equity Director," a "Millevere Director" and a "Walnut Investment Director." That same day, James Gould, David Yarnell and Simon Wright became directors of LoveSac Delaware pursuant to an Action by Unanimous Consent of the LoveSac Delaware Board of Directors. As such, the Director Defendants, like Millevere, were intended beneficiaries of the Merger Agreement. Therefore, they are also bound by the forum selection clause, which acts to confer jurisdiction over them on the Delaware Courts.

In addition, each of the Director Defendants is a signatory to an Indemnification Agreements between himself and LoveSac Delaware. Paragraph 18 of the Agreement contains the following forum selection clause:

> **Governing Law and Consent to Jurisdiction.** This Agrement and the legal relations among the parties shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without regard to its conflict of laws rules. The Company and the Indemnitee hereby irrevocably and unconditionally (i) agree that any action or proceeding arising out of or in connection with this Agreement shall be brought only in the Chancery Court of the State of Delaware (the Delaware Court") and not in any other state or federal court in the Untied States of America or any court in any other country, (ii) consent to submit to the exclusive jurisdiction of the Delaware Court for purposes of ay action or proceeding arising out of or in connection with this Agreement...."

A copy of the Indemnification agreement signed by James Gould is attached as Exhibit G.

**D.    David Yarnell, James Gould, Simon Wright and Walt Spokowski are subject to specific jurisdiction under the Long-Arm Statute.**

David Yarnell, James Gould, and Simon Wright, and Walt Spokowski have all transacted business in Delaware within the meaning of Del. Code Ann. tit. 10, § 3104 (c)(1).

First, as evidenced by the email attached as Exhibit C, all three men knew about G&G's loan, and all worked with LoveSac to "manage G&G." In fact, a draft letter to G&G was circulated to the

13

three by John Bernloehr on October 20, 2005. That email is included in Exhibit C. Mr. Wright also held an option to purchase 257,423 shares of common stock pursuant to a stock option agreement dated March 3, 2005.

In addition, Mr. Spokowski, who was the Interim Chief Executive Officer of LoveSac Delaware was intimately involved with the operation of the Company. The Joint Plan of Liquidation submitted to the Bankruptcy Court was signed by Walt Spokowski in Wilmington Delaware on June 28, 2006. As in *Beach & Associates v. Dencer*, 269 F. Supp.2d 497, 504 (D.Del. 2003), Mr. Spokowski's actual conduct in Delaware, which involved the management and liquidation of a Delaware corporation and related to the underlying claims asserted against him are sufficient to sufficient to establish personal jurisdiction.

The fact that the Moving Defendants may have been acting as corporate employees or directors does not shield them from the jurisdiction of the Court. The fiduciary shield doctrine is not an absolute bar to personal jurisdiction over a corporate employee. Rather, all forum related contacts, including those taken in an employee's fiduciary capacity, should be considered in determining whether to exercise personal jurisdiction over the individual. As such, the mere fact that the defendant has acted through his corporation is insufficient to bar jurisdiction over the defendants individually. *See Tristrata Technology, Inc. v. Neoteric Cosmetics*, 961 F. Supp. 686, 690 (D.Del. 1997).

## III.    Due Process

To satisfy the Due Process requirement of personal jurisdiction, a defendant must purposefully avail itself of the benefits of the forum state such that it is able to reasonably foresee that it might be "haled before a court" in the forum as a result of its conduct. *See Intel Corp. v. Broadcom Corp.*, 167 F.Supp.2d 692, 705 (D.Del. 2001). Generally, cases in which maintaining a lawsuit would offend constitutional due process despite a statutory basis for jurisdiction are limited

to the rare situation in which the plaintiff's interest and the sate's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum. As in *Broadcom*, the Defendants have not shown that they don't have the resources to litigate in Delaware. Because these defendants are geographically dispersed, there is no venue that would be convenient to all. According to the Affidavits attached to the Motion, David Yarnell is a resident of Connecticut, James Gould is a resident of Ohio, Walt Spokowski is a resident of Massachusetts, Simon Wright is a resident of the United Kingdom and Millevere is incorporated in the British Virgin Islands. Because each of these Defendants directed their activities toward Delaware and purposefully availed themselves of Delaware law, the court's assertion of jurisdiction comports with due process.

1531298.1

## CONCLUSION

Each of the Moving Defendants has consented to the exercise of the personal jurisdiction by the Delaware Courts.  In addition, each defendant is subject to personal jurisdiction under the Delaware Long-Arm statute and the Conspiracy Theory of Jurisdiction.  Because the Moving Defendants have purposefully availed themselves of the privilege of doing business in Delaware, the Court's exercise of jurisdiction comports with the requirements of the Due Process Clause.

Respectfully Submitted,

ZUCKERMAN SPAEDER LLP

/s/ Virginia Whitehill Guldi
Thomas G. Macauley ( No. 3411)
Virginia Whitehill Guldi ( No 2792)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

STINSON MORRISON HECKER LLP

Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC  20036-3816
(202) 785-9100

Attorneys for G&G, LLC

October 26, 2007

16

1531298.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of October, 2007, a copy of the foregoing Answering Brief of Plaintiff G&G, LLC in Opposition to motion of Defendants David Yarnell, James Gould, Simon Wright, Walt Spokowski, and Millevere Holdings Limited to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Appendix , was served via postage paid, first-class mail, on the following:

Michael A. Weidinger
Joseph S. Naylor
Morris, James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801

Michael L. Scheier
Joseph L. Bruemmer
Keating Muething & Klekamp PLL
One East Fourth St., Suite 400
Cincinnati, Ohio 45202

Derek C. Abbott
Ian Roberts McConnel
Morris, Nichols, Arsht & Tunnell
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899

/s/ Virginia Whitehill Guldi
Virginia Whitehill Guldi

17

1531298.1