# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| G&G, LLC, | : | |
| Plaintiff, | : | |
|  | : | Case No. 07-440 (SLR) |
| v. | : | |
| JAMES HYDE, et al., | : | |
| Defendants. | : | |

## ANSWERING BRIEF OF PLAINTIFF G&G, LLC IN OPPOSITION TO MOTION OF DEFENDANTS WALNUT INVESTMENT PARTNERS, LP, WALNUT PRIVATE EQUITY FUND, LP, THE WALNUT GROUP, BRAND EQUITY VENTURES II, LP, MILLEVERE HOLDINGS LIMITED, DAVID YARNELL, JAMES GOULD, SIMON WRIGHT AND WALT SPOKOWSKI TO DISMISS OR STAY THIS PROCEEDING <u>PURSUANT TO THE "FIRST-TO-FILE" DOCTRINE</u>

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (ID No. 3411)
Virginia Whitehill Guldi (ID No. 2792)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

STINSON MORRISON HECKER LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC 20036-3816
(202) 785-9100

*Attorneys for G&G, LLC*

1531151.1

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ..................................................................1

SUMMARY OF ARGUMENT ...............................................................................2

STATEMENT OF FACTS ....................................................................................3

    A.    Introduction.........................................................................................4

    B.    The First-Filed Rule ..........................................................................4

        1.    The Ohio suit was not the first filed...................................6

        2.    The Ohio and Delaware suits involve different parties and subjects. ......................................................7

        3.    The Ohio suit was only filed in anticipation of the re-filing of the G&G's Complaint. ...........................................9

        4.    The Ohio suit will not settle all issues between the parties. ..........11

        5.    This case has proceeded farther than the Ohio case. .....................12

    C.    Fed. R. Civ. P. 13 does not require dismissal. ...........................................13

    D.    There are no grounds for issuing a stay of these proceedings. ..................15

CONCLUSION.............................................................................................18

1531151.1

# TABLE OF CITATIONS

## CASES

*APV N. Am., Inc. v. Sig Simonazzi*
No. Am ...................................................................................................................12

*APV N.M. v. Sig Simonazzi N. A.,*
295 F. Supp.2d 393 (D. Del. 2002) ...................................................................5, 12

*Coria Corp. v. Idec Pharms. Corp.,*
2002 U.S. Dist. LEXIS 2980 (D.Del.) ......................................................................9

*Crosley Corp. v. Hazeltine Corp.,*
122 F. 2d 925 (3d Cir. 1941).........................................................................5-6, 8

*Curcio v. Hartford Financial Services Group,*
472 F. Supp. 2d 239 (D. Conn. 2007).....................................................................2, 4

*EBW v. Environ Products,*
1996 U.S. Dist. LEXIS 11922 (W.D. Mich.)............................................................5

*Equal Employment Opportunity Commission v. University of Pennsylvania,*
850 F.2d 969 (3d Cir. 1988)................................................... 4-5, 8, 9, 10, 14

*First Nationwide Mortgage v. FISI Madison,*
219 F. Supp. 2d 669 (D.Md. 2002) .......................................................................11

*Great Lakes Rubber Corp. v. Herbert Co.,*
286 F. 2d 631 (3d Cir. 1961)................................................................................15

*Grewe v. U.S.,*
4 F.3d 399 (4th Cir.), *cert. denied,* 510 U.S. 1112 (1994)..................................7-8

*HQ Global Holdings v. The Bank of Nova Scotia,*
293 B.R. 839 (Bankr. Del. 2003) .............................................................................5

*Lubrizol Corp. v. Exxon Corp.,*
929 F.2d 960 (3d Cir. 2001).....................................................................................16

*McCain v. Rahal Letterman Racing,*
2007 U.S. Dist. LEXIS 63091 (S.D.N.Y.)..................................................................5

*Metallgesellschaft v. Foster Wheeler Energy Corp.,*
143 F.R.D. 553 (D. Del. 1992) .................................................................................16

*Pegasus Development Corp. v. Directv, Inc.,*
2003 U.S. Dist LEXIS 6825 (D. Del.) ......................................................................17

1531151.1

*Time Warner Cable v. GPNE Corp.*,
    497 F. Supp. 2d 584 ( D. Del. 2007) ................................................................5, 9-10, 12-13

*Tuff Torq Corp. v. Hydro-Gear*,
    882 F. Supp. 359 (D.Del 1994)................................................................. 5, 12-13,14

*Volpert v. Volpert*,
    186 B.R. 240 (N.D. Ill. 1995) ................................................................................7

*Walnut Investment Partners, LP et al. v. Gourley & Gourley, LLC, et al.*,
    Case No. 1:07 cv 00380.   Because Gourley & Gourley, LLC ................................................1

*Xerox Corp. v. SCM Corp.*,
    576 F.2d 1057 (3d Cir. 1978)................................................................................15

*Zide Sport Shop v. Tobergte*,
    16 Fed. Appx. 433 (6th Cir. 2001) ................................................................5, 8

*Zoetics, Inc. v. Yahoo!*,
    2006 U.S. Dist. LEXIS 46910 ................................................................................18

**STATUTES**

11 U.S.C § 157................................................................................................7

Declaratory Judgment Act, 28 U.S.C. § 400................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 13................................................................................................4, 14

Fed. R. Civ. P. 13(a) ................................................................................................14

1531151.1

## NATURE AND STAGE OF PROCEEDING

This action was originally filed on July 25, 2006, as an adversary proceeding in the United States Bankruptcy Court for the District of Delaware, styled *G&G, LLC v. Nelson, et al., Adversary Proceeding No. 06-50786* ("Adversary Proceeding"). Following extensive discovery, the Adversary Proceeding was dismissed for lack of subject matter jurisdiction. G&G re-filed in this Court on July 13, 2007. The Complaint named 16 defendants, each of whom were defendants in the Adversary Proceeding. An Amended Complaint was filed on August 30, 2007. In the interim, and just five days after dismissal of the Adversary Proceeding, Defendants Walnut Investment Partners, LP, Walnut Private Equity Fund, LP and Brand Equity Ventures, II, LP, filed a Complaint in the U.S. District Court for the Southern District of Ohio, styled *Walnut Investment Partners, LP et al. v. Gourley & Gourley, LLC, et al.,* Case No. 1:07 cv 00380. Because Gourley & Gourley, LLC was not a proper party, a First Amended Complaint was filed on August 3, 2007. The Ohio Plaintiffs and six additional defendants (collectively "Moving Defendants") have now filed a Motion to Dismiss this case pursuant to the "first-to-file doctrine."[1]

---

[1] Defendants Wilson Sonsini Goodrich & Rosati and Lily Wong Langen have also filed a Motion to Dismiss (D.I. 30). Defendants Craig Cox, Doyle Judd, Verdi White and Tim Weiland have not yet responded to the Complaint. A Consent Judgment was entered against Defendant James Hyde on September 25, 2007. (D.I. 32).

1531151.1

## SUMMARY OF ARGUMENT

Defendants' Motion to Dismiss is based on the "First-to-File Doctrine."[2]  The First-Filed-Rule, does not, however,  apply in this case because the Ohio lawsuit was not filed prior to the original action in Delaware.  Furthermore, the First-Filed Rule would not mandate dismissal in this case because the issues in the two cases are entirely different, many of the defendants in this case are not parties in the Ohio case, and because the Ohio Plaintiffs filed suit in Ohio simply to avoid having to defend this case in Delaware.  Finally, contrary to the Defendants' assertions, G&G was not required to raise its claims as a compulsory counterclaim in Ohio.

---

[2] In this Brief, the "first-filed rule" will be used as it is the terminology employed by the U.S. Court of Appeals for the Third Circuit. *See Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988). The Rule has also been called the "prior pending action doctrine." *See e.g., Curciao v. Hartford Financial Services Group*, 472 F. Supp. 2d 239 (D. Conn. 2007).

1531151.1

## STATEMENT OF FACTS

As its Statement of Facts, G&G relies on the Statement of Facts contained in its Amended Complaint (D.I. 19), as if set forth herein. The pertinent facts can be summarized as follows: In October 2003, G&G issued a revolving line of credit to a Utah corporation, The LoveSac Corporation ("LoveSac Utah"). The loan was secured by LoveSac Utah's inventory and personal property. As further security, 80% of LoveSac Utah's outstanding shares of stock were pledged to G&G. G&G subsequently advanced to LoveSac Utah the total amount of $2.8 million. In 2004, LoveSac Utah sought additional financing from the Ohio Plaintiffs and a fourth Defendant, Millevere Holdings, Limited [3] (collectively "Investors"). As a condition for extending the financing, the Investors required the formation of a Delaware Corporation, The LoveSac Corporation ("LoveSac Delaware"). After the formation of LoveSac Delaware, Defendants, without informing G&G, instituted a merger between LoveSac Delaware and LoveSac Utah ("Merger"), pursuant to which all of LoveSac Utah's assets were transferred to LoveSac Delaware. Because they were not notified of the Merger, G&G was unable to re-perfect its security interest and was unable to recover the amount of its loan to LoveSac Utah.

Although the Statement of Facts contained in the Moving Defendants' Brief includes numerous additional facts, those facts pertain not to this suit but to the litigation filed in Ohio. In fact, the additional facts are culled directly from the Amended Complaint[4] in the Ohio suit, which revolves around G&G's alleged breach of an alleged promised to continue to extend financing to LoveSac Utah "indefinitely." As such, those facts are unrelated to the issues involved in this case. A copy of the Ohio Amended Complaint is attached as Exhibit A.

---

[3] Millevere Holdings Limited is also a moving party, herein.
[4] Nineteen of the 28 citations in the Defendants' Statement of Facts are to paragraphs in the Ohio Complaint, while only 9 refer to the Delaware Complaint.

1531151.1

**ARGUMENT**

**A.    Introduction**

As grounds for their Motion, the Ohio Plaintiffs assert that dismissal is mandated by the

First-Filed Rule and Fed. R. Civ. P. 13, the Rule governing compulsory counterclaims.

Alternately, they argue that this Court should stay the proceedings before it pending resolution of

the Ohio litigation. Those claims, which will be addressed in detail below, must be considered in

light of the status of the cases pending here and in Ohio as well as the substance of the

Complaints filed. The status of each case is summarized in the table attached as <u>Exhibit B</u>. A

summary of the two Complaints is attached as <u>Exhibit C</u>. [5]

**B.    The First-Filed Rule**

In *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d

969 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990), the Court articulated the First-

Filed Rule:

> It [the "first-filed" rule] gives a court "the power" to enjoin the subsequent
> prosecution of proceedings involving the same parties and the same issues already
> before another district court. That authority, however, is not a mandate directing
> wooden application of the rule without regard to rare or extraordinary circumstances,
> inequitable conduct, bad faith, or forum shopping. District courts have always had
> discretion to retain jurisdiction given appropriate circumstances justifying departure
> from the first-filed rule.

*Id.* at 971-72. The Court rejected the assertion that the district court must always exercise its

discretion by dismissing the second-filed action. *Id.* at 976. Instead, the Court held that the rule

"is not a rigid or inflexible rule to be mechanically applied." *Id.* In addition to forum shopping

and bad faith, the Court acknowledged that the rule can be rejected when the second-filed action

---

[5] In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison
of the pleadings filed in the two actions. *See e.g., Curcio v. Hartford Financial Services Group*, 472 F. Supp. 2d
239, 243 (D. Conn. 2007).

has developed further than the initial suit and when the first-filing party has instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum. *Id.*

Another recognized reason to depart from this rule exists when the second filed case has developed more rapidly than the first and when application of the rule will force the plaintiff to litigate its case in a forum where it cannot obtain jurisdiction over defendants. *See Tuff Torq Corp. v. Hydro-Gear*, 882 F. Supp. 359, 364-365 (D.Del 1994).

It should also be noted that one court in this district has ruled that the First-Filed Rule is only applicable to a motion to stay proceedings. *Tuff Torq Corp. v. Hydro-Gear*, 882 F.Supp. 359, 364 (1994). Another court has determined that the Rule is a standard applied only in cases where a court is determining whether to enjoin an action in another court. *HQ Global Holdings v. The Bank of Nova Scotia*, 293 B.R. 839, 846 (Bankr. Del. 2003).

Furthermore, in a case cited by the Moving Defendants, *Crosley Corp. v. Hazeltine Corp.*, 122 F. 2d 925 (3d Cir. 1941), the Court explained that the concept applies with "especial force to patent suits brought under the Declaratory Judgment Act, 28 U.S.C. § 400." In fact, almost all of the cases cited by the Moving Defendants involve intellectual property litigation.[6] The justification for the use of the First-Filed Rule in those cases is that when an alleged infringer has brought suit under the Declaratory Judgment Act, it would neutralize the beneficial effect of the Act, and impose an unwarranted burden on the federal judiciary, to permit the patent owner to thereafter prosecute infringement suits in other jurisdictions. *Crosley*, at *930. Those considerations are not pertinent here, where all issues can be resolved in one action in Delaware.

---

[6] *See Time Warner Cable v. GPNE Corp.*, 497 F. Supp. 2d 584 ( D. Del. 2007); *Zide Sport Shop v. Tobergte*, 16 Fed. Appx. 433 (6th Cir. 2001); *EBW v. Environ Products*, 1996 U.S. Dist. LEXIS 11922 (W.D. Mich.); *McCain v. Rahal Letterman Racing*, 2007 U.S. Dist. LEXIS 63091 (S.D.N.Y.); *APV N.M. v. Sig Simonazzi N. A.*, 295 F. Supp.2d 393 (D. Del. 2002).

In this non-patent case, the First-Filed Rule does not authorize dismissal because (1) Defendants' suit in Ohio was not the first filed; (2) different parties and issues are involved in the two suits; (3) Ohio suit was filed in anticipation of the re-filing of the Delaware action; (4) the Delaware proceeding has progressed further than the Ohio suit; and (5) the Ohio Court is unlikely to obtain personal jurisdiction over all defendants.

### 1.    The Ohio suit was not the first filed.

As evidenced by the Docket Report for the Adversary Proceeding, which is attached as Exhibit D,  G&G instituted these proceedings in the Bankruptcy Court on July 25, 2006.  There were 21 defendants and 17 causes of action.  A copy of the Amended Complaint, filed in the Bankruptcy Court on October 24, 2006, is attached as Exhibit E.  As a result of discovery and negotiations between the parties, G&G named 16 of the original defendants and asserted 11 causes of action in the Amended Complaint filed in this Court.  Each of the defendants named in the District Court Complaint was also a defendant in the Bankruptcy Court.  Each was served in the Bankruptcy Court and participated in the discovery process.

On May 10, 2007, the Bankruptcy Court conducted a hearing, after which it dismissed the Adversary Proceeding for lack of subject matter jurisdiction.  Counsel for all parties were present at the hearing, including  Michael Scheier, Joseph Bruemmer and Carl Kunz, counsel for the Moving Defendants.  *See* Sign-in sheet, attached as Exhibit F.  At that hearing, Janet M. Nesse, counsel for G&G asked the Court to consider transferring the Adversary Proceeding or alternately, issuing a stay.  Judge Sontchi declined and stated that G&G would have to re-file in District Court.  *See* Affidavit of Janet M. Nesse, attached as Exhibit G.

Five days later, the Ohio Plaintiffs, only three of the sixteen defendants herein, brought suit in the U.S. District Court for the Southern District of Ohio.  Their five-count First Amended

6

1531151.1

Complaint ("Ohio Complaint"), attached as <u>Exhibit A</u>,  named only two defendants, G&G, LLC and Trent Gourley.[7]  Meanwhile, G&G was continuing negotiations with other parties to the Complaint and subsequently re-filed this suit on July 13, 2007.  Hence, the First-Filed Rule only justifies dismissal not of this case but of the Ohio action.

The fact that G&G first filed in the Bankruptcy Court does not alter this conclusion. Pursuant to 11 U.S.C § 157, bankruptcy courts hear and determine cases, which are referred to them by the District Court.  United States Bankruptcy Courts are not separate from, but are rather units of, or divisions of, the district court.  Bankruptcy Courts are for jurisdictional purposes, inseparable from the district court. *Grewe v. U.S.*,  4 F.3d 399, 304 (4th Cir.), *cert. denied*, 510 U.S. 1112 (1994).  Bankruptcy courts do not exercise original jurisdiction as independent courts. Instead, they hear and decide cases arising out of Title 11 that are referred to them by the district courts.  Therefore, bankruptcy courts do not exist as distinct jurisdictional entities but are instead subsumed within the district court apparatus.  *Volpert v. Volpert,* 186 B.R. 240, 244 (N.D. Ill. 1995).

**2.    The Ohio and Delaware suits involve different parties and subjects.**

In their Brief, the Moving Defendants cite Crosley v. Hazeltine, 122 F.2d 925 (3d Cir. 1941) for the proposition that "[f]or over 60 years, the United States Court of Appeals for the Third Circuit, has recognized the "first-to-file" rule." (Moving Defendants' Brief, p. 7).  Unnoted by the Moving Defendants, is the further explanation that Courts should "not be called upon to duplicate each other's work in case involving the same issues and the same parties."  Crosley v. Hazeltine, 122 F.2d at 930 (emphasis added).  The Moving Defendants do, however, rely on a later, Sixth Circuit case, which provides for application of the first-to-file rule in "actions

---

[7] Both G&G and Trent Gourley have filed Motions to Dismiss the Ohio Complaint for lack of personal jurisdiction. Those Motions are pending.

involving nearly the identical parties and issues." *Zide Sport Shop of Ohio v. Ed Tobergte*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (emphasis added). (Moving Defendants' Brief, p. 7).

On the following page, Moving Defendants take a different tack and pronounce: "[T]he first-to-file rule is applicable because it does not require that both actions involve identical parties." (Moving Defendants' Brief, p. 8). As support, Moving Defendants rely on a number of cases from other jurisdictions and one case from this court, which will be addressed later. Unfortunately, *Equal Employment Opportunity Commission v. University of Pennsylvania*, a crucial decision of the Third Circuit, was ignored. In that opinion, the Third Circuit "revisited" the First-Filed Rule. The Court first quoted *Crosley* for the proposition that "the court which first has possession of the subject must decide it." The Court then ruled that "[t]he first filed rule….gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the *same parties* and the *same issues* already before another district court." *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d at 971 (emphasis added).

Ignoring *EEOC*, the Moving Defendants assert that in light of *Time Warner Cable v. GPNE*, 497 F. Supp. 2d 584 (D.Del. 2007), "there can be no doubt that this case should be dismissed." (Moving Defendants' Brief, p. 10). According to Defendants, "the significant inquiry when applying the first-to-file rule is the subject matter of the proceedings, not the identity of the parties." (Moving Defendants' Brief, p. 9). Time Warner is imminently distinguishable from the instant case. There, Time Warner Cable Co. ("TWC") was not a defendant to the first suit filed by GPNE. After TWC filed the second suit in another district court, GPNE amended its original complaint to add TWC. The Court's ruling dismissing the second suit was based, *inter alia*, on its finding that the cases involved the same facts and the same patent.

8

That case is hardly analogous to the situation here, where there are 13 defendants to the Delaware cause of action who do not appear in the Ohio suit. Hence, these suits are far from the "mirror-image cases" referred to in *Coria Corp. v. Idec Pharms. Corp.,* 2002 U.S. Dist. LEXIS 2980, at *7 (D.Del.), cited in *Time Warner Cable v. GPNE,* 497 F. Supp. 2d 584 (D.Del. 2007), 2007 U.S. Dist. LEXIS 52633, at * 9.

Similarly, both cases in *Time Warner* involved the same patent. Here, on the other hand, the two cases concern entirely different subjects and facts. As the Moving Defendants are well aware, the Ohio Complaint is exclusively concerned with an alleged promise made by Trent Gourley of G&G to the Plaintiffs in that case, the Moving Defendants herein. The Delaware Complaint, on the other hand, involves the failure of the Moving Defendants and 13 additional defendants to disclose a merger and transfer of assets to G&G, in an attempt to perpetrate a fraud on G&G.

### 3.    The Ohio suit was only filed in anticipation of the re-filing of the G&G's Complaint.

As explained above, counsel for the Moving Defendants were present when the Bankruptcy Court advised G&G that it would have to re-file in District Court. Even without the advice of the Bankruptcy Court judge, it was inevitable that G&G would re-file after 10 months of vigorous litigation, which included lengthy motions and extensive discovery. Without even waiting for entry of the dismissal order, the Moving Defendants rushed to the Ohio courthouse and now are attempting to have this case dismissed under the "first-to-file" rule.

The Third Circuit has addressed this situation. In *EEOC,* the Court viewed the "totality of the circumstances" and determined that the timing of the filing of the first complaint indicated an attempt to preempt an imminent action in another federal court. *Equal Employment Opportunity Commission v. University of Pennsylvania,* 850 F.2d at 977.

1531151.1

On that basis, the Court affirmed the decision not to dismiss the second case under the First-Filed Rule. As noted in *Time Warner*, courts have rejected the First Filed Rule "when the first-filing party instituted suit in one forum in anticipation of imminent judicial proceedings by opposing party's imminent suit in another, less favorable, forum." *Time Warner Cable v. GPNE Corp.*, 497 F. Supp. 2d 584 (D.Del. 2007), 2007 U.S. Dist. LEXIS 52655 at * 17.

In this case, the Moving Defendants would clearly rather proceed with their suit in Ohio than with the Delaware action. This is not simply because of the natural preference for being a plaintiff rather than a defendant.[8] Six of the Moving Defendants are not parties to the Ohio litigation and might not be amenable to the jurisdiction of the Ohio Court. As outlined below, each of those Defendants has a close connection to the Ohio Plaintiffs:

- The Walnut Group controls two of the Moving Defendants, Walnut Investment Partners, LP and Walnut Private Equity Fund, LP.

- David Yarnell, a Connecticut resident, is the managing general partner of Moving Defendant Brand Equity Ventures II, LP.

- James Gould is the managing general partner of the Walnut Group.

- Walt Spokowski, a Massachusetts resident, was hired as Interim Chief Executive Officer of LoveSac Delaware by the Moving Defendants.

- Millevere Holdings Limited, a foreign corporation, invested in LoveSac Delaware along with Moving Defendants Walnut Investment Partners, LP and Walnut Private Equity Fund, LP and Brand Equity Ventures II, LP.

---

[8] In *First Nationwide Mortgage v. FISI Madison*, 219 F. Supp. 2d 669 (D.Md. 2002), the Court found that a declaratory judgment action was filed in anticipation of an impending breach of contract lawsuit in another court. "Rather than waiting to become a defendant in Tennessee, First Nationwide jumped on the chance to be a plaintiff in Maryland." *Id.* at 673.

1531151.1

- Simon Wright, a resident of Great Britain and California, was Millevere Holdings

   Limited's representative on the LoveSac Delaware Board of Directors.

If this suit is dismissed, at least four of those Defendants, could avoid having to account

to G&G in a court of law.[9]  Standing alone, the possibility that a plaintiff will be forced to

litigate its claims in a forum in which they may not be able to obtain personal jurisdiction over

defendants can warrant departure from the First-Filed Rule.  *See Tuff Torq Corp. v. Hydro-Gear,*

882 F.Supp.359, 364 (D. Del. 1994).

In this case, the question of personal jurisdiction is Ohio is coupled with the fact that at

the Ohio suit was not merely filed in anticipation of this Delaware proceeding but was filed to

protect the other Moving Defendants.[10]  In the exercise of its discretion, this Court should

prevent this inequitable result, keeping in mind that "the letter and spirit of the first-filed

rule…are grounded on equitable principles."  *Equal Employment Opportunity Commission v.*

*University of Pennsylvania,* 850 F.2d at 977.

### 4.    The Ohio suit will not settle all issues between the parties.

Again, *Equal Employment Opportunity Commission v. University of Pennsylvania,* is

instructive and controlling.  As stated there, the First-Filed Rule applies to a "subsequent

prosecution of proceedings involving the same parties and the *same issues* already before another

district court." 850 F.2d at 1988 (emphasis added).  Similarly, the Court in *APV N. Am., Inc. v.*

*Sig Simonazzi No. Am.,* held that the First Filed Rule demands the same identity and same issues

as the earlier controversy. 295 F. Supp. 2d 393, 396 (D. Del. 2002).  As noted in *Time Warner,*

the *APV N. Am.* Court did not adhere to the First-Filed Rule because the two cases implicated

---

[9] There is also a question regarding the amenability of the remaining defendants to the personal jurisdiction of the Ohio court.
[10] The Moving Defendants do, however, suggest that the claims against Wilson Sonsini and Langen should remain in this Court.  (Moving Defendants' Brief, pp. 6-7, fn 5).

1531151.1

different patents and involved different technologies, and "thus, different facts." *See Time Warner Cable v. GPNE*, 497 F. Supp.2d 584, 2007 U.S. Dist. LEXIS 52655, at * 10 (D. Del.).

Here, the issues and facts in the two cases are entirely different. The Ohio suit is involves G&G's alleged promise to extend credit to LoveSac Utah "indefinitely." Each of the counts in the Complaint - Fraudulent Inducement, Negligent Misrepresentation, Breach of Contract, Promissory Estoppel and Punitive Damages - relates only to the circumstances surrounding the alleged promise and G&G's alleged breach. As such, that case is a simple breach of contract action.

The Delaware case, on the other hand has nothing to do with that "contract." Counts I and II, Fraud and Constructive Fraud, addresses the fraudulent failure to inform G&G that its borrower, LoveSac Utah, was no longer an ongoing concern. Count III, Fraudulent Concealment, concerns the failure to inform G&G that its borrower, LoveSac Utah had merged with LoveSac Delaware and had transferred all of its assets, including the collateral securing G&G's loan, to LoveSac Delaware. Count IV, Conversion, is centered around the conversion of the stock pledged to G&G. Counts V and VI, Civil Conspiracy and Virginia Statutory Business Conspiracy, speak to the agreement of the Defendants to injure G&G. Counts VII, VIII, IX, X and XI all involve the contributions of Wilson Sonsini and Langen to the G&G's injury. Count XII, concerns Defendants' negligence. Self-evidently, none of the counts of the Delaware Complaint relates in any way to the promise G&G allegedly made to the Investors regarding a loan to LoveSac Utah.

**5.    This case has proceeded farther than the Ohio case**.

A final consideration in determining whether to apply the First-Filed Rule is the relative progress of the two cases. A recognized reason to depart from this rule exists when the second

1531151.1

filed case has developed more rapidly than the first. *Tuff Torq Corp. v. Hydro-Gear*, 882 F. Supp. 359, 364-65 (D. Del. 1994). In Ohio, the suit is stalled pending resolution of Motions to Dismiss for Lack of Personal Jurisdiction filed by both of the Defendants to that suit. In the likely event that those motions are successful, no litigation will remain. In Delaware, on the other hand, three defendants have not moved to dismiss and the Moving Defendants themselves suggest that two other defendants, Wilson, Sonsini, Goodrich & Rosati, and Lily Wong Langen, should remain as defendants despite the filing of their Motion to Dismiss. Hence, the Delaware case will persist while the Ohio action may well be resolved in the near future.

In addition, while discovery has not even commenced in Ohio, G&G has already engaged in discovery with each of the defendants to this proceeding. Therefore, the case could proceed to trial on an expedited basis. On the other hand, discovery will have to begin anew in Ohio, necessitating the expenditure of additional time and resources by the parties and the Court. This unnecessary burden on the Court is particularly troublesome in light of the First-Filed Rule's primary purpose to avoid burdening the federal judiciary. *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d at 977.

## C.    Fed. R. Civ. P. 13 does not require dismissal.

The Moving Defendants also argue that the claims contained in the Delaware Complaint are compulsory counterclaims, which G&G should be required to assert in Ohio. It would not be possible for G&G to assert most of its claims as counterclaims and the claims asserted in the Delaware Complaint would not qualify as compulsory counterclaims under the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 13(a) provides, *inter alia*:

> **Compulsory Counterclaims**. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the

1531151.1

opposing party's claim *and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.* But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action.....(emphasis added).

In this case, it cannot be assumed that the Ohio Court will be able to acquire jurisdiction over either G&G or the Non-Moving Defendants. Although the Delaware Complaint alleges that The Walnut Group is a Ohio corporation and that James Gould is a resident of Ohio, even the Moving Defendants do not assert that any of the remaining defendants would be amenable to suit in Ohio.[11] Because none of the counts of the Amended Complaint involve only the Ohio Plaintiffs, all require "the presence of third parties of whom the court cannot acquire jurisdiction."

In addition, the claims do not quality as compulsory counterclaims because they do not have the requisite relationship to the claims asserted in the Ohio litigation. The operative question in determining if a claim is a compulsory counterclaim is whether it bears a logical relationship to an opposing party's claim. *Great Lakes Rubber Corp. v. Herbert Co.*, 286 F. 2d 631, 635 (3d Cir. 1961). A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978).

In order to determine whether a "logical relationship" exists between an opposing party's claim and a counterclaim, the court is directed to analyze several factors: 1) Are the issues in fact and law raised by the claim and counterclaim largely the same; 2) Would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; and 3) Will

---

[11] The Amended Complaint alleges that Verdi White, Doyle Judd, Craig Cox, Tim Weiland and Lily Wong Langen are all Utah residents. Mellevere Holdings, Limited in located in the Channel Islands. David Yarnell is a resident of Connecticut, Walt Spokowski is a resident of Massachusetts, and Simon Wright, Wilson, Sonsini, Goodrich & Rosati are California residents.

1531151.1

substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim. *Metallgesellschaft v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 558 (D. Del. 1992).

Here, any relationship is tenuous. Resolution of the sole question in the Ohio litigation, whether Trent Gourley and G&G breached a promise to extend its loan to LoveSac "indefinitely," will have no impact on determinations regarding the fraud perpetrated on G&G by LoveSac's officers, directors, and investors, as well as the attorneys acting on their behalf. While some witnesses might be required in both proceedings, their testimony will be on entirely different issues. Finally, *res judicata* would not bar a subsequent suit inasmuch as *res judicata* requires, *inter alia*, a prior suit involving the same parties or their privies. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 2001).

In this case, the three Ohio Plaintiffs cannot be considered privies of many of the Delaware defendants. Hence, any claims against those defendants would not be barred by *res judicata* and are not compulsory counterclaims requiring the application of the First-Filed Rule.

**D.    There are no grounds for issuing a stay of these proceedings.**

Finally, the moving Defendants suggest that as an alternative to dismissal, the Court "may stay the proceedings pending resolution of the Ohio Action." (Moving Defendants' Brief, p. 13). However, a review and analysis of each of the factors the Court must consider reveal that there are no grounds for staying these proceedings in favor of the Ohio action.

In determining whether a stay is appropriate, a court is guided by the following factors: (1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) Whether a stay will simplify the issues in question and trial of the case and (3) Whether discovery is complete and whether a trial date has been set. *Pegasus Development Corp. v. Directv, Inc.*, 2003 U.S. Dist LEXIS 6825, at *3-4 (D. Del.).

First, there is no doubt that a stay will disadvantage G&G.  Because only three of the defendants to this proceeding are plaintiffs in Ohio, most of the remaining defendants are not Ohio residents and there is no evidence in the record that the remaining defendants have any contacts with the State of Ohio, it is not at all certain that the Ohio Court will be able to assert personal jurisdiction over each of the parties necessary to a resolution of G&G's claims.  It is also crucial to note that because none of the events or transactions relevant to G&G's causes of action took place in Ohio, the witnesses necessary for proving G&G's claims will not be within the subpoena power of the Ohio court.

Second, a stay will not simplify the issues because there are no duplicate issues.  In the unlikely event that the Ohio court were to find that G&G had breached a promise to extend financing to LoveSac Utah indefinitely that would have no impact on the need to determine whether the Ohio Plaintiffs, along with the other defendants to this action, had fraudulently concealed a Merger and transfer of assets.  Although the Moving Defendants make the self-evident argument that proceeding with only one lawsuit would eliminate "the complexities and burdens that would ensue from proceeding with two suits simultaneously," that result may well be achieved in the near future when the Ohio court rules on the Motions to Dismiss filed by G&G and Trent Gourley.

Third, discovery in this case is in process as the discovery conducted in the Adversary Proceeding is directly relevant to the claims in the Delaware Complaint.  In Ohio, on the other hand, discovery has not yet commenced.

Finally, the Moving Defendants' concern for conserving judicial resources is misplaced. A court in this district recently addressed that issue: "Staying the action pending a non-parallel proceeding in which the issue in question *may* be addressed leaves too much uncertainty to

1531151.1

substantially advance judicial economy." *Zoetics, Inc. v. Yahoo!*,  2006 U.S. Dist. LEXIS 46910, at * 5 (emphasis in the original).

## CONCLUSION

In this action, G&G has asked the Court to resolve all of the claims it has against numerous defendants who engaged in a scheme to defraud G&G by merging LoveSac Utah and LoveSac Delaware without informing G&G. In a blatant attempt to prevent this Court from adjudicating G&G's claims, three of the Defendants then brought suit in the Ohio District Court and now assert that this Court should decline to assert its authority and allow the Ohio Court to litigate an entirely different issue involving only those three defendants. If the Court were to grant the Motion to Dismiss it would needlessly allow the usurpation of its authority and would leave G&G without an appropriate forum it which to resolve its dispute. Therefore, G&G respectfully requests that the Court deny the Motion to Dismiss.

Respectfully Submitted,

ZUCKERMAN SPAEDER LLP


/s/ Virginia Whitehill Guldi
Thomas G. Macauley ( No. 3411)
Virginia Whitehill Guldi ( No 2792)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

STINSON MORRISON HECKER  LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC  20036-3816
(202) 785-9100

Attorneys for G&G, LLC

October 26, 2007

1531151.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2007, a copy of the foregoing Answering Brief of Plaintiff G&G, LLC in Opposition to motion of Defendants David Yarnell, James Gould, Simon Wright, Walt Spokowski, and Millevere Holdings Limited to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Appendix, were served via postage paid, first-class mail, on the following:

Michael A. Weidinger
Joseph S. Naylor
Morris, James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801

Michael L. Scheier
Joseph L. Bruemmer
Keating Muething & Klekamp PLL
One East Fourth St., Suite 400
Cincinnati, Ohio 45202

Derek C. Abbott
Ian Roberts McConnel
Morris, Nichols, Arsht & Tunnell
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899

/s/ Virginia Whitehill Guldi
Virginia Whitehill Guldi

1531151.1