# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G&G, LLC, | : |
| Plaintiff, | : |
| | : |
| | : Case No. 07-440 (SLR) |
| v. | : |
| | : |
| JAMES HYDE, et al., | : |
| | : |
| Defendants. | : |
| | : |

# APPENDIX

### TO THE

### ANSWERING BRIEF OF PLAINTIFF G&G, LLC IN OPPOSITION TO MOTION OF DEFENDANTS WALNUT INVESTMENT PARTNERS, LP, WALNUT PRIVATE EQUITY FUND, LP, THE WALNUT GROUP, BRAND EQUITY VENTURES II, LP, MILLEVERE HOLDINGS LIMITED, DAVID YARNELL, JAMES GOULD, SIMON WRIGHT AND WALT SPOKOWSKI TO DISMISS OR STAY THIS PROCEEDING PURSUANT TO THE "FIRST-TO-FILE" DOCTRINE

ZUCKERMAN SPAEDER LLP
Thomas G. Macauley (ID No. 3411)
Virginia Whitehill Guldi (ID No. 2792)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

STINSON MORRISON HECKER LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC  20036-3816
(202) 785-9100

Attorneys for G&G, LLC

## TABLE OF CONTENTS

Exhibit A:     Amended Complaint in Ohio Litigation.................................00001-00011

Exhibit B:     Status of Ohio and Delaware Litigation (Table)................................00012

Exhibit C:     Comparison of Ohio and Delaware Litigation (Table).................00013-00014

Exhibit D:     Adversary Proceeding Docket Report.....................................00015-00034

Exhibit E:     Adversary Proceeding Amended Complaint............................00035-00082

Exhibit F:     Sign-In Sheet................................................................00083-00084

Exhibit G:     Affidavit of Janet M. Nesse................................................00085-00086

Exhibit A

Michael L. Scheier (0055512)
Robert G. Sanker (0039040)
Joseph L. Bruemmer (0079120)
Attorneys For Plaintiffs,
Walnut Investment Partners, L.P., Walnut Private
Equity Fund, L.P., and Brand Equity Ventures II, L.P.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI

| | |
|---|---|
| Walnut Investment Partners, L.P. <br> 312 Walnut Street, Suite 1151 <br> Cincinnati, OH 45202; <br><br> - and - <br><br> Walnut Private Equity Fund, L.P. <br> 312 Walnut Street, Suite 1151 <br> Cincinnati, OH 45202; <br><br> - and - <br><br> Brand Equity Ventures II, L.P. <br> One Stamford Plaza <br> 263 Tresser Blvd., 16th Floor <br> Stamford, CT 06901 <br><br>                  Plaintiffs, <br><br>       -v- <br><br> G&G, L.L.C. <br> 8756 Lewinsville Rd. <br> McLean, VA 22102 <br><br> **Serve Statutory Agent** <br> Chris Beatley <br> 221 S. Fayette Street <br> Alexandria, VA 22313 <br><br>      - and - <br><br> Trent Gourley <br> 8756 Lewinsville Rd. <br> McLean, VA 22102 <br>                Defendants. | Case No. 1:07-cv-380 <br><br> (Judge Weber) <br><br><br> **FIRST AMENDED COMPLAINT FOR** <br> **MONEY DAMAGES WITH DEMAND** <br> **FOR JURY TRIAL** |

Now come plaintiffs Walnut Investment Partners, L.P. ("WIP"), Walnut Private Equity Fund, L.P. ("WPEF"), and Brand Equity Ventures II, L.P. ("BEV") (WIP, WPEF, and BEV collectively "Investors"), and for their first amended complaint against defendants G&G, L.L.C. ("G&G") and Trent Gourley ("Mr. Gourley") (G&G and Mr. Gourley are sometimes collectively referred to as "Defendants") state as follows:

## NATURE OF THE ACTION

1.    This is an action to recover money damages sustained by the Investors as a result of the Defendants' fraudulent misrepresentations and breach of a binding oral contract with the Investors.  Defendants made these misrepresentations to, and entered into this contract with, individuals in Ohio.  As a direct and proximate result of Defendants' misconduct, the Investors have been damaged in an amount in excess of $9,000,000.00, to be proven at trial.

## JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

3.    This Court has personal jurisdiction over G&G because G&G has transacted business in this state, has an interest in real property in this state, and has committed torts that it foresaw or reasonably should have foreseen would cause injury to persons in this state.

4.    This Court has personal jurisdiction over Mr. Gourley because Mr. Gourley has transacted business in this state on behalf of G&G and has committed torts that he foresaw or reasonably should have foreseen would cause injury to persons in this state.

5.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, because

- 2 -

00002

Defendants are subject to personal jurisdiction in this district, and because the Investors suffered injury in this district.

## PARTIES

6.      WIP is a Delaware limited partnership with its principal place of business at 312 Walnut Street, Suite 1151, Cincinnati, Ohio 45202.

7.      WPEF is a Delaware limited partnership with its principal place of business at 312 Walnut Street, Suite 1151, Cincinnati, Ohio 45202.

8.      BEV is a Connecticut limited partnership with its principal place of business at One Stamford Plaza, 263 Tresser Boulevard, 16th Floor, Stamford, Connecticut 06901.

9.      G&G is a Virginia limited liability company with its principal place of business at 8756 Lewinsville Road, McLean, Virginia 22102.

10.     Mr. Gourley is an individual who resides at 8756 Lewinsville Road, McLean, Virginia 22102. Upon information and belief, Mr. Gourley is a principal of G&G.

## FACTUAL ALLEGATIONS

### Defendants Fraudulently Induce the Investors to Invest in Defendants' Borrower, The LoveSac Corporation, and G&G Breaches the February 2005 Agreement with the Investors

11.     The Investors are all firms in the business of offering non-traditional debt and equity financing to businesses. In or about November 2004, the Investors learned that The LoveSac Corporation, a Utah corporation ("LoveSac"), was looking for investment partners to help it grow its business. The Investors and LoveSac entered into discussions about the possibility of investing in LoveSac, and the Investors began a due diligence investigation of the company.

- 3 -

00003

12.    During the course of this investigation, LoveSac informed the Investors that it had access to a $ 2,800,000.00 revolving line of credit with G&G ("Line of Credit"). The terms of the Line of Credit were memorialized in a Revolving Credit Line Deed of Trust Note ("Note"), executed by and between LoveSac and G&G, among others, in October 2003.

13.    Under the terms of the Note, LoveSac was to pay off the G&G Line of Credit in full by November 1, 2004. Subsequently, G&G extended the maturity date on the Line of Credit to November 1, 2005.

14.    The Line of Credit provided LoveSac with a source of funds. It allowed LoveSac to meet variable and seasonal expenses, such as the costs associated with increasing its inventory for the holiday sales season. The Investors believed that LoveSac would need to keep the full amount of the Line of Credit in place to ensure that LoveSac would have access to a sufficient amount of funds to operate its business.

15.    Accordingly, on or about February 28, 2005, while the Investors were still investigating the possibility of investing in LoveSac, John Bernloehr, on behalf of the Investors, telephoned Mr. Gourley at G&G to discuss the Investors' potential investment and the possibility of maintaining the Line of Credit. Mr. Bernloehr informed Mr. Gourley that the Investors and others were considering investing approximately $10,500,000.00 in LoveSac, but believed that LoveSac would still need to keep the Line of Credit in place to finance its operations.

16.    Mr. Gourley represented to Mr. Bernloehr that G&G would extend the Line of Credit indefinitely as long as LoveSac stayed current on its interest payments under the Note. Mr. Bernloehr requested that G&G execute a written amendment to the Note memorializing this agreement ("February 2005 Oral Agreement"), but Mr. Gourley declined, stating that he did not want the trouble and expense that the amendment process would entail, and represented that

- 4 -

00004

G&G would extend the maturity date of the Note again when it came due on November 1, 2005 on the same terms.

17.     In reliance upon G&G's express representations, the Investors invested $7,000,000.00 of the total $10,500,000.00 invested in LoveSac on March 3, 2005. But for G&G's representations, the Investors would not have made this investment.

18.     In September 2005, after the Investors had invested in LoveSac, the Line of Credit was fully drawn, and LoveSac still required additional funds. LoveSac approached the Investors for a loan. Again relying on the February 2005 Oral Agreement, which was still in place at the time, the Investors loaned $ 2,000,000.00 of a total $3,000,000.00 loan to LoveSac in early October 2005. But for the February 2005 Oral Agreement, the Investors would not have made this loan.

19.     G&G and Mr. Gourley never intended to honor the February 2005 Oral Agreement.

20.     When Mr. Bernloehr contacted Mr. Gourley in February 2005, Mr. Gourley willfully misrepresented that G&G would extend the Line of Credit in order to induce the Investors to invest in LoveSac. In point of fact, G&G intended to cancel or reduce the Line of Credit on November 1, 2005, once LoveSac had obtained the Investors' funds.

21.     At all times between the date of the February 2005 Oral Agreement and November 1, 2005, LoveSac remained current on its interest payments under the Note. In early October 2005, approximately one month before the Note came due, G&G contacted LoveSac to inquire whether it would be interested in extending the Line of Credit past the amended November 1, 2005 maturity date. LoveSac responded that, consistent with the February 2005 Oral Agreement, it would indeed prefer to extend the Line of Credit once again.

00005

22.    On October 5, 2005, Demetris Voudouris, counsel for G&G, sent a letter to Shawn Nelson, LoveSac's chief executive officer, ("October 5, 2005 Letter") setting forth the terms of the proposed extension.

23.    The terms contained in the October 5, 2005 Letter differed materially from Mr. Gourley's representations in February 2005. At that time, Mr. Gourley stated that G&G would extend the Line of Credit on the same terms as in the Note provided that LoveSac remained current on its interest payments. In the October 5, 2005 Letter, however, G&G offered to extend the Line of Credit only if the current balance was reduced from $2,800,000.00 to $1,500,000.00. This proposed $1,300,000.00 reduction was a material limitation on the amount of funds available to LoveSac, and would have handicapped LoveSac's ability to grow and operate its business.

24.    Believing that there had been a misunderstanding, Mr. Bernloehr and Doyle Judd, LoveSac's chief financial officer, called Jennifer Conein, a portfolio manager at G&G, on October 6, 2005 to explain that Mr. Bernloehr and Mr. Gourley had already reached an oral agreement in February 2005 about extending the Line of Credit and about the terms on which that extension would be offered.

25.    On October 7, 2005, Ms. Conein sent an email to Mr. Judd informing him that G&G would not extend the Line of Credit except on the terms set forth in the October 5, 2005 Letter.

26.    Over the following weeks, the Investors attempted to negotiate with G&G and urged it to honor the February 2005 Oral Agreement, but to no avail. On November 3, 2005, Mr. Voudouris sent an email on behalf of G&G refusing to continue the Line of Credit at the full $2,800,000.00 limit, as G&G had previously represented it would do, and declaring that the Line

- 6 -

of Credit would only be offered in the amount of $1,500,000.00. In addition, Mr. Voudouris stated that the Line of Credit would only be extended until May 1, 2006.

27.    In a November 4, 2005 email, LoveSac made a final attempt to negotiate the terms of an extension consistent with the February 2005 Oral Agreement. G&G summarily rejected this effort, and threatened immediate enforcement of the Note.

28.    LoveSac had no choice but to accept G&G's terms. LoveSac could not operate without the Line of Credit. And, because the first indication that G&G would not abide by the February 2005 Oral Agreement came only in early October 2005, less than a month before the Note came due, LoveSac had no time to pursue alternative financing from other lenders. Consequently, on or about November 15, 2005, LoveSac and G&G, among others, executed the First Omnibus Amendment to Loan Documents ("Loan Amendment"), reducing the Line of Credit over time to $1,500,000.00 and setting the maturity date for the Note as May 1, 2006.

29.    Due to the reduction in the Line of Credit, LoveSac became unable to meet its financial commitments, and, in January 2006, filed for bankruptcy protection. As a result of G&G's and Mr. Gourley's misrepresentation, the Investors lost the $9,000,000.00 they invested in and loaned to LoveSac.

## COUNT ONE – FRAUDULENT INDUCEMENT
### (Defendants)

30.    The Investors incorporate by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.    In February 2005, Defendants intentionally misrepresented to the Investors that G&G would extend the Line of Credit on the same terms contained in the Note.

32.    Defendants knew this representation was false when made.

- 7 -

33.    Defendants made this misrepresentation to induce the Investors to invest in and lend money to LoveSac, and intended the Investors to rely upon it.

34.    The Investors reasonably and justifiably relied upon Defendants' intentional misrepresentation, and, but for that misrepresentation, would not have invested in or loaned money to LoveSac.

35.    As a direct and proximate result of Defendants' misrepresentation, the Investors have been unable to recover any of the amounts they invested in and loaned to LoveSac, and have sustained damages in the amount of $9,000,000.00, to be proven at trial.

## COUNT TWO – NEGLIGENT MISREPRESENTATION
### (Defendants)

36.    The Investors incorporate by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    In the course of their business, Defendants negligently misrepresented to the Investors in February 2005 that G&G would extend the Line of Credit on the same terms contained in the Note to guide the Investors in their decisions to invest money in and loan money to LoveSac.

38.    Defendants failed to exercise reasonable care or competence in communicating this information to the Investors.

39.    At the time Defendants made this misrepresentation, they had no intention of extending the Line of Credit, and the representation was false when made.

40.    The Investors reasonably and justifiably relied upon Defendants' negligent misrepresentation when investing in and loaning money to LoveSac, and, but for that misrepresentation, would not have invested in or loaned money to LoveSac.

00008

41.     As a direct and proximate result of Defendants' misrepresentation, the Investors have been unable to recover any of the amounts they invested in and loaned to LoveSac, and have sustained damages in the amount of $9,000,000.00, to be proven at trial.

## COUNT THREE – BREACH OF CONTRACT
### (G&G)

42.     The Investors incorporate by reference the allegations contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     The February 2005 Oral Agreement was a valid and binding contract between the Investors and G&G.

44.     The Investors performed under the February 2005 Oral Agreement by investing $ 7,000,000 in LoveSac on March 3, 2005.

45.     G&G breached the February 2005 Oral Agreement by failing to extend the Note and by reducing the limit on the Line of Credit from $2,800,000.00 to $1,500,000.00.

46.     As a direct and proximate result of G&G's breach, the Investors have been unable to recover any of the amount they invested in and loaned to LoveSac, and have been damaged in the amount of $7,000,000.00, to be proven at trial.

## COUNT FOUR – PROMISSORY ESTOPPEL
### (G&G)

47.     The Investors incorporate by reference the allegations contained in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.     In February 2005, G&G promised the Investors that G&G would extend the Line of Credit on the same terms contained in the Note.

49.     G&G made this promise to induce the Investors to invest $7,000,000.00 on March 3, 2005, and, therefore, foresaw that the Investors would rely on the promise.

00009

50.     The Investors relied on this promise in investing $7,000,000.00 in LoveSac on March 3, 2005, and, but for this promise, would not have invested money in or loaned money to LoveSac.

51.     The Investors have been unable to recover any of the amounts they invested in and loaned to LoveSac.

52.     As a direct and proximate result of their reliance on G&G's promise, the Investors have been damaged in the amount of $7,000,000.00, to be proven at trial.

### COUNT FIVE – PUNITIVE DAMAGES
**(Defendants)**

53.     The Investors incorporate by reference the allegations contained in paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     In making the aforementioned misrepresentations, Defendants acted in a willful, wanton, and reckless manner and in callous disregard of the Investors' rights. Their misconduct rises to such a high level of moral culpability as to justify the imposition of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Investors pray that this Court enter judgment as follows:

A.     Under Counts One and Two, compensatory damages in the amount of $9,000,000.00 in favor of the Investors, and against Defendants, in an amount to be proven at trial;

B.     Under Counts Three and Four, compensatory damages in the amount of $7,000,000.00 in favor of the Investors, and against Defendants, in an amount to be proven at trial;

C.     Based upon Count Five, an Order awarding punitive damages in favor of the Investors, and against Defendants, including their attorneys fees and costs incurred in prosecuting this action;

D.     Under all Counts, an Order awarding pre-judgment and post-judgment interest in favor of the Investors, and against Defendants;

E.     An Order granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Robert G. Sanker (0039040)
Joseph L. Bruemmer (0079120)
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
rsanker@kmklaw.com
jbruemmer@kmklaw.com
Attorney for Plaintiffs,
Walnut Investment Partners, L.P., Walnut Private
Equity Fund, L.P., and Brand Equity Ventures II,
L.P.

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## JURY DEMAND

The Investors demand a jury trial on all issues so triable.

/s/ Michael L. Scheier
Michael L. Scheier (0055512)

2138295.1

- 11 -

# Exhibit B

| | |
|---|---|
| *G&G, LLC v. Shawn Nelson[1], et al.,* Adversary Proceeding filed in U.S. Bankruptcy Court, District of Delaware | 7/25/2006 |
| Interrogatories, Request for Admissions, and Request for Production of Documents served on most Defendants by G&G | 10/27/2006 |
| Request for Admissions, Interrogatories and Request for Production of Documents served on Wilson, Sonsini, Goodrich & Rosati by G&G | 11/30/2006 |
| Initial Disclosures Filed | 12/15/2006 |
| Answers to Discovery Requests filed by Tim Weiland | 2/19/2006 |
| Answers to Discovery Requests filed by Langen and Wilson, Sonsini, Goodrich & Rosati | 1/18/1007 |
| Answers to Discovery Requests filed by Remaining Defendants | 2/10/007 |
| Hearing re Dismissal of Adversary Proceeding for Lack of Subject Matter Jurisdiction | 5/10/2007 |
| Order Entered Dismissing Adversary Proceeding | 5/17/2007 |
| *Walnut Investment Partners, et al., v. Gourley & Gourley, LLC* filed in U.S. District Court, Southern District of Ohio | 5/15/2007 |
| *G&G, LLC v. James Hyde,* et al., filed in U.S. District Court, District of Delaware | 7/13/2007 |
| Amended Complaint filed in Ohio District Court naming G&G, LLC as Defendant | 8/3/2007 |
| Motions of Trent Gourley and G&G to Dismiss for Lack of Personal Jurisdiction of Ohio District Court | Filed 7/13/2007 and 10/3/2007 Responses due 10/26/2007 |

---

[1] G&G subsequently entered into a settlement agreement with Shawn Nelson.

Exhibit C

| | *Walnut Investment Partners, LP et al., v. G&G, LLC* [Ohio] | *G&G, LLC v. James Hyde, et al.,* [Delaware] |
|---|---|---|
| **Plaintiffs** | Walnut Investment<br>Walnut Private Equity<br>Brand Equity Ventures | G&G |
| **Defendants** | Original Complaint:<br>   Gourley & Gourley<br>   Trent Gourley<br>Amended Complaint:<br>   G&G<br>   Trent Gourley | James Hyde[1]<br>Verdi White<br>Doyle Judd<br>Craig Cox<br>Tim Weiland<br>Brand Equity<br>Walnut Investment<br>Walnut Private Equity<br>Walnut Group<br>Millevere<br>David Yarnell<br>James Gould<br>Simon Wright<br>Walt Spokowski<br>Wilson Sonsini<br>Lily Wong Langen |
| **Causes of Action** | Fraudulent Inducement<br>Negligent<br>   Misrepresentation<br>Breach of Contract<br>Promissory Estoppel<br>Punitive Damages | Fraud<br>Constructive Fraud<br>Fraudulent<br>   Concealment<br>Conversion<br>Civil Conspiracy<br>Virginia Statutory<br>   Business Conspiracy<br>Constructive Fraud<br>   (Wilson Sonsini and<br>    Langen)<br>Negligent Supervision<br>Negligence<br>Respondeat Superior/<br>   Vicarious Liability<br>Negligence |

---

[1] A consent judgment was entered against Mr. Hyde on September 25, 2007.

| | *Walnut Investment Partners, LP et al., v. G&G, LLC* [Ohio] | *G&G, LLC v. James Hyde, et al.,* [Delaware] |
|---|---|---|
| **Subject of the Dispute** | Alleged Promise Made to Investors by G&G | Alleged Misrepresentations by all Defendants regarding status of LoveSac<br><br>Concealing Bankruptcy filing<br><br>Failure to Issue Shares of LoveSac to G&G<br><br>Agreement to Defraud G&G<br><br>Agreement to harm G&G's trade or business<br><br>Concealing Merger<br><br>Improper supervision of Employee<br><br>Alleged Misrepresentations regarding Utah Stock<br><br>Liability for Torts of Employee<br><br>Failure to Disclose Merger |

Exhibit D

MTRUNADV, NONPREF

## U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Adversary Proceeding #: 06-50786-CSS

*Assigned to:* Christopher S. Sontchi                    *Date Filed:* 07/25/06
*Related BK Case:* 06-10080
*Related BK Title:* The LoveSac Corporation, a Delaware
Corporation
*Related BK Chapter:* 11
*Demand:* $3260000
*Nature[s] of Suit:* 454 Recover Money/Property
                    498 Other Action

### Plaintiff
------------------------

**G&G, LLC**                         represented by **Thomas G. Macauley**
Zuckerman Spaeder LLP                              Zuckerman and Spaeder LLP
919 Market Street                                  919 Market Street
Suite 990                                          Suite 990
Wilmington, DE 19801                               P.O. Box 1028
302-427-0400                                       Wilmington, DE 19899
                                                   usa
                                                   302-427-0400
                                                   Fax : 302-427-8242
                                                   Email: bankr@zuckerman.com
                                                   *LEAD ATTORNEY*

                                                   **Virginia Whitehill Guldi**
                                                   Zuckerman Spaeder LLP
                                                   1201 Connecticut Avenue, NW
                                                   Washington, DC 20036
                                                   202-778-1898
                                                   Fax : 202-882-8106
                                                   Email: vguldi@zuckerman.com

V.

### Defendant
------------------------

**Shawn D. Nelson**                  represented by **Shawn D. Nelson**
1783 Laurelhurst                                   PRO SE
Salt Lake City, UT 84108

**Scott W. McDonough**               represented by **Scott W. McDonough**
2551 Olympus Drive                                 PRO SE
Holladay, UT 84124

*TERMINATED: 10/30/2006*

**James L. Hyde**
4232 Diana Way
Salt Lake City, UT 84124

represented by **James L. Hyde**
PRO SE

**John Doe**

represented by **John Doe**
PRO SE

**Doyle Judd**
155 N. 400 W, #520
Salt Lake City, UT 84103

represented by **Doyle Judd**
PRO SE

**Joe Caruso**
10539 Championship Court
Prospect, KY 40059

represented by **Michael G. Busenkell**
Eckert Seamans Cherin & Mellot, LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801
302-425-0430
Fax : 302-425-0432
Email: mbusenkell@eckertseamans.com
*LEAD ATTORNEY*

**Craig Cox**
1224 E. Raymond Rd.
Fruit Heights, UT 84108

represented by **Kathleen M. Miller**
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
usa
302 652-8400
Fax : 302-652-8405
Email: kmiller@skfdelaware.com

**Tom Rich**
155 North 400 West, Suite 520
Salt Lake City, UT 84103

represented by **Michael G. Busenkell**
(See above for address)
*LEAD ATTORNEY*

**Tim Weiland**
155 North 400 West, Suite 500
Salt Lake City, UT 84103

represented by **Tim Weiland**
PRO SE

**Daniel Lunt**
155 North 400 West, Suite 520
Salt Lake City, UT 84103

represented by **Thomas C. Marconi**
Losco & Marconi, P.A.
1813 N. Franklin Street
P.O. Box 1677
Wilmington, DE 19899-1677
usa
302 656-2284
Fax : 302-656-7774
Email: tmarconi@delaw.org

**Brand Equity Ventures II, LP**
Registered Agent: Christopher P.
Kirchen
Three Pickwick Plaza
Greenwich, CT 06830

represented by
**Carl N. Kunz, III**
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

00016

usa
302-888-6800
Fax : 302-571-1750
Email: ckunz@morrisjames.com

**Rafael Xavier Zahralddin-Aravena**
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
302-888-6947
Fax : 302-571-1750
Email: rxza@morrisjames.com

**Thomas M. Horan**
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
302-888-6800
Fax : 302-571-1750
Email: thoran@morrisjames.com

**Walnut Investment Partners, LP**
Registered Agent: CT Corp. System
36 East Seventh St., Suite 2400
Cincinnati, OH 45202

represented by

**Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Walnut Private Equity Fund, LP**
Registered Agent: KMK Service Corp.
1400 Provident Tower
One East Main St.
Cincinnati, OH 45202

represented by

**Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**The Walnut Group**
Registered Agent:
Walnut Private Equity Management Co.
312 Walnut St., Suite 1151
Cincinnati, OH 45202

represented by

**Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Millevere Holdings Limited**

represented by

La Motte Chambers
St. Heller
Jersey JE1 1BJ Channel Islands

**Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Daniel Yarnell**
263 Tresser Blvd., 16th Floor
Stamford, CT 06901

represented by **Carl N. Kunz, III**
(See above for address)

**James Gould**
312 Walnut St., Suite 1151
Cincinnati, OH 45202

represented by **Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Simon Wright**
5757 Wilshire Blvd., Suite 300
Los Angeles, CA 90036

represented by **Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Walt Spokowski**
155 North 400 West, Suite 520
Salt Lake City, UT 84103

represented by **Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Wilson Sonsini Goodrich & Rosati, PC**

Registered Agent: Donald E. Bradley
650 Page Mill Road
Palo Alto, CA 94304-1050

represented by **Derek C. Abbott**
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
usa
302 658-9200
Fax : 302-658-3989
Email: dabbott@mnat.com

**Thomas F. Driscoll**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801
302-658-9200
Fax : 302-658-3989
Email: tdriscoll@mnat.com

**David Yarnell**

represented by **Carl N. Kunz, III**
(See above for address)

**Rafael Xavier Zahralddin-Aravena**
(See above for address)

**Thomas M. Horan**
(See above for address)

**Lily C. Wong Langen**
Wilson Sonsini Goodrich & Rosati, PC
2795 East Cottonwood Parkway
Suite 300
Salt Lake City, UT 84121

represented by

**Derek C. Abbott**
(See above for address)

**Lily Wong Langen**
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302-658-9200

represented by

**Derek C. Abbott**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 07/25/2006 | 1 | Adversary case 06-50786. Complaint by G&G, LLC against Shawn D. Nelson, Scott W. McDonough, James L. Hyde, John Doe, Doyle Judd, Joe Caruso, Craig Cox, Tom Rich, Tim Weiland, Daniel Lunt, Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, Daniel Yarnell, James Gould, Simon Wright, Walt Spokowski, Wilson Sonsini Goodrich & Rosati, PC. Fee Amount $250 454 (Recover Money/Property),498 (Other Action)). AP Summons Served due date: 11/22/2006. (Power, Elizabeth) (Entered: 07/25/2006) |
| 07/25/2006 | 2 | Receipt of filing fee for Complaint(06-50786-CSS) [cmp,cmp] ( 250.00). Receipt Number 2637974, amount $ 250.00. (U.S. Treasury) (Entered: 07/25/2006) |
| 07/25/2006 | 3 | Summons and Notice of Pretrial Conference Served on Defendants Brand Equity Ventures II, LP, Joe Caruso, Craig Cox, John Doe, James Gould, James L. Hyde, Doyle Judd, Daniel Lunt, Scott W. McDonough, Millevere Holdings Limited, Shawn D. Nelson, Tom Rich, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Tim Weiland, Wilson Sonsini Goodrich & Rosati, PC, Simon Wright, Daniel Yarnell, Plaintiff G&G, LLC. (related document1 ) Pretrial Conference set for 9/25/2006 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Floor, Wilmington, DE. Answer due date: 8/24/2006. (Attachments: # 1 Certificate of Service) (Power, Elizabeth) (Entered: 07/25/2006) |
|  |  |  |

| 08/14/2006 | 5 | Summons and Notice of Pretrial Conference Served on Defendant John Doe. (related document1 ) Pretrial Conference set for 9/25/2006 at 10:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Answer due date: 9/13/2006. (Attachments: # 1 Certificate of Service) (Power, Elizabeth) (Entered: 08/14/2006) |
| 08/23/2006 | 6 | Certification of Counsel *Regarding Stipulation and Order Extending Time To Answer Complaint* (related document(s)1 ) Filed by Wilson Sonsini Goodrich & Rosati, PC (Attachments: # 1 Exhibit A# 2 Stipulation) (Driscoll, Thomas) (Entered: 08/23/2006) |
| 08/24/2006 | 7 | Order Approving Stipulation Extending Time for Defendant Wilson, Sonsini, Goodrich & Rosati, P.C. to Respond to the Complaint. (related document(s)6, 1 ) Order Signed on 8/23/2006. (LCN, ) (Entered: 08/24/2006) |
| 09/07/2006 | 8 | Certification of Counsel *Regarding Stipulation And Order Extending Time For Defendant Wilson, Sonsini, Goodrich & Rosati, P.C. To Respond To Complaint* Filed by Wilson Sonsini Goodrich & Rosati, PC (Attachments: # 1 Exhibit A) (Driscoll, Thomas) (Entered: 09/07/2006) |
| 09/08/2006 | 9 | Order Approving Stipulation Extending Time for Defendant Wilson, Sonsini, Goodrich & Rosati, P.C. to Respond to the Complaint. (related document(s)8 ) Order Signed on 9/7/2006. (LCN, ) (Entered: 09/08/2006) |
| 09/15/2006 | 10 | Motion to Appear pro hac vice *of Michael L. Scheier, Esquire.* Receipt Number 144735, Fee Amount $25. Filed by Brand Equity Ventures II, LP, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright, Daniel Yarnell. (Kunz, III, Carl) (Entered: 09/15/2006) |
| 09/15/2006 | 11 | Motion to Appear pro hac vice *of Joseph L. Bruemmer, Esquire.* Receipt Number 144734, Fee Amount $25. Filed by Brand Equity Ventures II, LP, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright, Daniel Yarnell. (Kunz, III, Carl) (Entered: 09/15/2006) |
| 09/15/2006 | 12 | Affidavit/Declaration of Service *Regarding Adversary Docket Nos. 10 & 11* (related document(s)11, 10 ) Filed by Brand Equity Ventures II, LP, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright, Daniel Yarnell (Kunz, III, Carl) (Entered: 09/15/2006) |

00020

| 09/18/2006 | 13 | Order Granting Motion for Admission pro hac vice of Michael L. Scheier, Esquire (Related Doc # 10) Signed on 9/15/2006. (JMP, ) (Entered: 09/18/2006) |
|---|---|---|
| 09/18/2006 | 14 | Order Granting Motion To Appear pro hac vice of Joseph L. Bruemmer, Esquire(Related Doc # 11) Signed on 9/15/2006. (JMP, ) (Entered: 09/18/2006) |
| 09/18/2006 | 15 | Answer to Complaint *Filed by Joe Caruso and Tom Rich (Attachments: # 1 Certificate of Service)(Busenkell, Michael) Modified Duplicate Docket Text on 9/19/2006 (MAS, ). (Entered: 09/18/2006)* |
| 09/18/2006 | 16 | Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Complaint of G & G, L.L.C. for Failure to State a Claim Upon Which Relief Can Be Granted Filed by David Yarnell, Brand Equity Ventures II, LP, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Attachments: # 1 Attachment - Memorandum In Support# 2 Exhibit A to Memorandum# 3 Exhibit B- Part I to the Memorandum# 4 Exhibit B- Part II to the Memorandum# 5 Exhibit C- Part I# 6 Exhibit C- Part II to the Memorandum# 7 Exhibit D to the Memorandum# 8 Exhibit E to the Memorandum# 9 Exhibit F to the Memorandum# 10 Exhibit G to the Memorandum# 11 Exhibit H to the Memorandum# 12 Exhibit I to the Memorandum# 13 Exhibit J to the Memorandum# 14 Exhibit K to the Memorandum# 15 Exhibit L to the Memorandum# 16 Exhibit M to the Memorandum# 17 Affidavit of Service) (Kunz, III, Carl) Modified Duplicate Docket Text on 9/19/2006 (MAS, ). (Entered: 09/18/2006) |
| 09/18/2006 | 17 | Motion of the Defendant Wilson, Sonsini, Goodrich & Rosati, P.C. For An Order Dismissing The Plaintiff G&G, LLC's Complaint (related document(s)1 ) Filed by Wilson Sonsini Goodrich & Rosati, PC (related document(s)1). (Attachments: # (1) Proposed Form of Order # 2 Certificate of Service # 3 Service List) (Driscoll, Thomas) Additional attachment(s) added on 9/19/2006 (MAS, ). Modified Duplicate Docket Text on 9/19/2006 (MAS, ). (Entered: 09/18/2006) |
| 09/18/2006 | 18 | Opening Brief *Of Defendant Wilson, Sonsini, Goodrich & Rosati, P.C.'s In Support Of It's Motion To Dismiss The Plaintiff G&G, LLC's Complaint* (related document(s)17 ) Filed by Wilson Sonsini Goodrich & Rosati, PC (Attachments: # 1 Attachment (Compendium Part 1)# 2 Attachment (Compendium Part 2)# 3 Attachment (Compendium Part 3)# 4 Attachment (Compendium Part 4)# 5 |

00021

| | | |
|---|---|---|
| | | Attachment (Compendium Part 5)# 6 Certificate of Service # 7 Service List) (Driscoll, Thomas) Modified spelling error on 9/19/2006 (MAS, ). (Entered: 09/18/2006) |
| 09/19/2006 | 19 | Corrective Entry: Corrected Image of Proposed Form of Order. (related document(s)17 ) (MAS, ) (Entered: 09/19/2006) |
| 09/21/2006 | 20 | Motion to Appear pro hac vice *of Kenneth J. Henry, Ed.D., Esq..* Receipt Number 144815-ED, Fee Amount $25. Filed by Joe Caruso. (Busenkell, Michael) (Entered: 09/21/2006) |
| 09/22/2006 | 21 | Answer to Complaint Filed by Daniel Lunt (Attachments: # 1 Notice Notice of Service to Answer and Affirmative Defenses)(Marconi, Thomas) (Entered: 09/22/2006) |
| 10/03/2006 | 22 | Motion to Dismiss Adversary Proceeding Filed by Joe Caruso. (Attachments: # 1 Proposed Form of Order # 2 Certificate of Service) (Busenkell, Michael) (Entered: 10/03/2006) |
| 10/03/2006 | 23 | Memorandum of Law (related document(s)22 ) Filed by Joe Caruso (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C-Part 1# 4 Exhibit C-Part 2# 5 Exhibit D-Part 1# 6 Exhibit D-Part 2# 7 Certificate of Service) (Busenkell, Michael) (Entered: 10/03/2006) |
| 10/09/2006 | 24 | Answering Brief *in Opposition to Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, the Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Complaint for Failure to State a Claim upon Which Relief Can be Granted* (related document(s)16 ) Filed by G&G, LLC (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Proposed Form of Order # 14 Certificate of Service) (Guldi, Virginia) (Entered: 10/09/2006) |
| 10/09/2006 | 25 | Motion for Leave *to File Amended Complaint* Filed by G&G, LLC. (Attachments: # 1 Exhibit A# 2 Proposed Form of Order # 3 Certificate of Service) (Guldi, Virginia) (Entered: 10/09/2006) |
| 10/09/2006 | 26 | Answering Brief *in Support of its Opposition to Defendant Wilson, Sonsini, Goodrich & Rosati, P.C.'s Motion to Dismiss Complaint* (related document(s)17 ) Filed by G&G, LLC (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Certificate of Service) (Guldi, Virginia) (Entered: 10/09/2006) |
| 10/17/2006 | 27 | Answering Brief *in Opposition to Motion of Defendants Joe Caruso and Tom Rich for an Order Dismissing Plaintiff's Complaint* Filed by |

| | | |
|---|---|---|
| | | G&G, LLC (Attachments: # 1 Certificate of Service) (Guldi, Virginia) (Entered: 10/17/2006) |
| 10/20/2006 | 28 | Brief *Defendants Joe Caruso And Tom Rich's Answering Brief In Opposition To Plaintiff's Motion To Amend Complaint* (related document(s)25 ) Filed by Joe Caruso (Attachments: # 1 Certificate of Service) (Busenkell, Michael) (Entered: 10/20/2006) |
| 10/20/2006 | 29 | Certification of Counsel *Regarding Scheduled Hearing* Filed by G&G, LLC (Guldi, Virginia) (Entered: 10/20/2006) |
| 10/23/2006 | 30 | Reply Brief In Support Of Motion Of Defendants Joe Caruso And Tom Rich For An Order Dismissing Plaintiff G&G, LLC's Complaint (related document(s)22 ) Filed by Joe Caruso (Attachments: # 1 Exhibit A# 2 Certificate of Service) (Busenkell, Michael) Modified duplicate docket text on 10/24/2006 (MAS, ). (Entered: 10/23/2006) |
| 10/24/2006 | 31 | Notice of Service *Notice Regarding Filing of Amended Complaint* Filed by G&G, LLC. (Guldi, Virginia) (Entered: 10/24/2006) |
| 10/24/2006 | 32 | Amended Complaint Filed by G&G, LLC (Guldi, Virginia) (Entered: 10/24/2006) |
| 10/26/2006 | 33 | Notice of Completion of Briefing Filed by Joe Caruso (Attachments: # 1 Certificate of Service) (Busenkell, Michael) (Entered: 10/26/2006) |
| 10/27/2006 | 34 | Notice of Service *of Plaintiff G&G, LLC's First Set of Interrogatories, Request for Production of Documents and Request for Admissions* Filed by G&G, LLC (Attachments: # 1 Certificate of Service) (Guldi, Virginia) (Entered: 10/27/2006) |
| 10/27/2006 | 35 | Reply *Brief in Response to Opposition to Motion to Amend Complaint Filed by Defendants Joe Caruso and Tom Rich* (related document(s) 28 ) Filed by G&G, LLC (Attachments: # 1 Exhibit # 2 Certificate of Service) (Guldi, Virginia) (Entered: 10/27/2006) |
| 10/30/2006 | 36 | Notice of Dismissal *with Prejudice of Defendant Scott McDonough from Adversary Proceeding* Filed by G&G, LLC (Guldi, Virginia) (Entered: 10/30/2006) |
| 11/02/2006 | 37 | Notice of Appearance in Adversary Proceeding *of Morris, Nichols, Arsht & Tunnell, LLP* Filed by Lily Wong Langen (Attachments: # 1 Certificate of Service) (Abbott, Derek) (Entered: 11/02/2006) |
| 11/03/2006 | 38 | Notice of Completion of Briefing *regarding Plaintiff's Motion for Leave to File Amended Complaint* Filed by G&G, LLC (Guldi, |

00023

| | | Virginia) (Entered: 11/03/2006) |
|---|---|---|
| 11/03/2006 | 39 | Certificate of Service (related document(s)38 ) Filed by G&G, LLC (Guldi, Virginia) (Entered: 11/03/2006) |
| 11/10/2006 | 40 | Certification of Counsel *Regarding Stipulation Allowing Plaintiff to File Amended Complaint and Setting Deadline for Certain Defendants to Answer, Move or Otherwise Plead in Response to the Amended Complaint* (related document(s)32 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Affidavit of Service) (Kunz, III, Carl) (Entered: 11/10/2006) |
| 11/14/2006 | 41 | Answer to Amended Complaint (related document(s)32 ) Filed by Craig Cox (Attachments: # 1 Certificate of Service)(Miller, Kathleen) Modified duplicate docket text on 11/15/2006 (MAS, ). (Entered: 11/14/2006) |
| 11/15/2006 | 42 | Order Approving Stipulation Allowing Plaintiff to File Amended Complaint and Setting Deadline for Certain Defendants to Answer, Move or Otherwise Plead in Response to the Amended Complaint. (related document(s)40 ) Order Signed on 11/14/2006. (TK, ) (Entered: 11/15/2006) |
| 11/16/2006 | 43 | Scheduling Order (STIPULATED). Signed on 11/16/2006. (LCN, ) (Entered: 11/16/2006) |
| 11/27/2006 | 44 | Certificate of Service (related document(s)43 ) Filed by G&G, LLC (Guldi, Virginia) (Entered: 11/27/2006) |
| 11/28/2006 | 45 | Notice of Service *of First Set of Interrogatories and Requests for Production of Documents Directed to Plaintiff by Defendants Joe Caruso and Tom Rich* Filed by Joe Caruso (Busenkell, Michael) (Entered: 11/28/2006) |
| 11/30/2006 | 46 | Notice of Service *of Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions* Filed by G&G, LLC (Guldi, Virginia) (Entered: 11/30/2006) |
| 11/30/2006 | 47 | Motion Of The Defendants Wilson, Sonsini, Goodrich & Roasti, P.C. And Lily C. Wong Langen For An Order Dismissing The Plaintiff G&G LLC'S Complaint (related document(s)1 ) Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC (related document(s)1). (Attachments: # 1 Proposed Form of Order # 2 |

00024

| | | |
|---|---|---|
| | | Proposed Form of Order # 3 Certificate of Service # 4 Service List) (Abbott, Derek) Modified duplicate docket text on 12/1/2006 (MAS, ). (Entered: 11/30/2006) |
| 11/30/2006 | 48 | Brief *In Supprt Of Motion To Dismiss The Plaintiff G&G LLC's Complaint* (related document(s)47 ) Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC. (Attachments: # 1 Attachment Compendium Unreported Decisions# 2 Attachment Tab 1 (Compendium)# 3 Attachment Tab 2 (Compendium)# 4 Attachment Tab 3 (Compendium)# 5 Attachment Tab 4 (Compendium)# 6 Attachment Tab 5 (Compendium)# 7 Attachment Tab 6 (Compendium)# 8 Certificate of Service # 9 Service List) (Abbott, Derek) (Entered: 11/30/2006) |
| 11/30/2006 | 49 | Notice of Service *of Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions* Filed by G&G, LLC (Attachments: # 1 Certificate of Service) (Guldi, Virginia) (Entered: 11/30/2006) |
| 11/30/2006 | 50 | Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Amended Complaint of G & G, L.L.C. for Lack of Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (related document(s)32 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (related document(s)32). (Kunz, III, Carl) Modified duplicate docket text on 12/1/2006 (MAS, ). (Entered: 11/30/2006) |
| 11/30/2006 | 51 | Memorandum of Law *In Support of Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Amended Complaint of G & G, L.L.C. for Lack of Jurisdiction and for Failure to State A Claim Upon Which Relief Can Be Granted* (related document(s)50 ) Filed by Brand Equity Ventures II, LP, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I) (Kunz, III, Carl) (Entered: 11/30/2006) |
| 11/30/2006 | 52 | Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The |

00025

| | | Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to File Supporting Memorandum In Excess of Forty (40) Pages, Pursuant to Bankr. Del. L.R. 7007-2(a)(iv) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (related document(s)51). (Kunz, III, Carl) Modified duplicate docket text on 12/1/2006 (MAS, ). (Entered: 11/30/2006) |
|---|---|---|
| 12/01/2006 | 53 | Answer to Amended Complaint Filed by Daniel Lunt (Attachments: # 1 Defendant Daniel Lunt's Answer and Affirmative Defenses to the Amended Complaint)(Marconi, Thomas) (Entered: 12/01/2006) |
| 12/01/2006 | 54 | Notice of Service of Discovery *Answers to Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions* Filed by Daniel Lunt (Marconi, Thomas) (Entered: 12/01/2006) |
| 12/01/2006 | 55 | Notice of Service *of Defendant Daniel Lunt's First Set of Interrogatories, Request for Production of Documents, and Request for Admission Directed to Plaintiff G&G, LLC* Filed by Daniel Lunt (Marconi, Thomas) (Entered: 12/01/2006) |
| 12/01/2006 | 56 | Affidavit/Declaration of Service (related document(s)52, 50, 51 ) Filed by Brand Equity Ventures II, LP, David Yarnell, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Kunz, III, Carl) (Entered: 12/01/2006) |
| 12/04/2006 | 57 | Order Granting Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to File Supporting Memorandum In Excess of Forty (40) Pages. (Related Doc # 52) Order Signed on 12/4/2006. (LCN, ) (Entered: 12/04/2006) |
| 12/15/2006 | 58 | Notice of Service of Discovery *Regarding Initial Disclosures Of Defendant Pursuant To Federal Rule Of Civil Procedure 26(a)(1)* Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC (Driscoll, Thomas) (Entered: 12/15/2006) |
| 12/15/2006 | 59 | Notice of Service *of Defendants Joseph Caruso and Tom Rich's Initial Disclosures Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(A)* Filed by Joe Caruso, Tom Rich (Busenkell, Michael) (Entered: 12/15/2006) |
| 12/15/2006 | 60 | (Withdrawn - See Doc. #62) Notice of Service *of Rule 26(a)(1) Initial* |

| | | |
|---|---|---|
| | | *Disclosures of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Horan, Thomas) Modified on 12/18/2006 (MAS, ). (Entered: 12/15/2006) |
| 12/15/2006 | 61 | Notice of Service *of Rule 26(a)(1) Initial Disclosures of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Horan, Thomas) (Entered: 12/15/2006) |
| 12/15/2006 | 62 | Notice of Withdrawal *of Adversary Docket No. 60* (related document(s)60 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Horan, Thomas) (Entered: 12/15/2006) |
| 12/18/2006 | 63 | Notice of Service of Discovery *(Initial Disclosures of G&G LLC)* Filed by G&G, LLC (Attachments: # 1 Certificate of Service) (Guldi, Virginia) (Entered: 12/18/2006) |
| 12/19/2006 | 64 | Notice of Service of Discovery : *Defendant Tim Weiland's Answers to Interrogatories and Responses to Requests for Production of Documents and Requests for Admissions w/Certificate of Service* Filed by Tim Weiland (MAS, ) (Entered: 12/19/2006) |
| 12/21/2006 | 65 | Motion Of Defendants Joe Caruso and Tom Rich For An Order Dismissing Plaintiff G&G, LLC's Complaint For Lack Of Subject Matter Jurisdiction (related document(s)32, 1 ) Filed by Joe Caruso (related document(s)32, 1). (Attachments: # 1 Certificate of Service) (Busenkell, Michael) Modified duplicate docket text on 12/22/2006 (MAS, ). (Entered: 12/21/2006) |
| 12/21/2006 | 66 | Memorandum of Law (related document(s)65 ) Filed by Joe Caruso. (Attachments: # 1 Certificate of Service) (Busenkell, Michael) (Entered: 12/21/2006) |
| 12/26/2006 | 67 | (Withdrawn - See Doc. #68) Certificate of No Objection *re: Motion Of The Defendants Wilson, Sonsini, Goodrich & Rosati, P.C. And Lily C. Wong Langen For An Order Dismissing The Plaintiff G&G,* |

00027

| | | |
|---|---|---|
| | | *LLC?s Complaint* (related document(s)<u>47</u> ) Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC. (Driscoll, Thomas) Modified on 12/27/2006 (MAS, ). (Entered: 12/26/2006) |
| 12/26/2006 | <u>68</u> | Notice of Withdrawal *re: Certificate of No Objection re: Motion Of The Defendants Wilson, Sonsini, Goodrich & Rosati, P.C. And Lily C. Wong Langen For An Order Dismissing The Plaintiff G&G, LLC's Complaint* (related document(s)<u>67</u> ) Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC (Driscoll, Thomas) (Entered: 12/26/2006) |
| 12/28/2006 | <u>69</u> | Motion of G&G, LLC for Permission to File Answering Brief With Respect to Motion to Dismiss of Wilson, Sonsini, Goodrich & Rosati, P.C. and Lily Wong Langen in Excess of Forty (40) Pages Pursuant to Del. Bankr. L.R. 7007-2 Filed by G&G, LLC. (Attachments: # <u>1</u> Proposed Form of Order # <u>2</u> Certificate of Service) (Guldi, Virginia) Modified duplicate docket text on 12/29/2006 (MAS, ). (Entered: 12/28/2006) |
| 12/28/2006 | <u>70</u> | Motion of G&G, LLC for Permission to File Answering Brief With Respect to Motion to Dismiss of Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski in Excess of Forty (40) Pages Pursuant to Del. Bankr. L.R. 7007-2 Filed by G&G, LLC. (Attachments: # <u>1</u> Proposed Form of Order # <u>2</u> Certificate of Service) (Guldi, Virginia) Modified duplicate docket text on 12/29/2006 (MAS, ). (Entered: 12/28/2006) |
| 12/28/2006 | <u>71</u> | Answering Brief in Support of Its Opposition to Defendants Wilson, Sonsini, Goodrich & Rosati, P.C. and Lily C. Wong Langen's Motion to Dismiss Complaint (related document(s)<u>47</u> ) Filed by G&G, LLC. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Exhibit C# <u>4</u> Exhibit D# <u>5</u> Exhibit E# <u>6</u> Exhibit F# <u>7</u> Exhibit G# <u>8</u> Exhibit H# <u>9</u> Certificate of Service) (Macauley, Thomas) Modified duplicate docket text on 12/29/2006 (MAS, ). (Entered: 12/28/2006) |
| 12/28/2006 | <u>72</u> | Answering Brief in Opposition to Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, the Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Amended Complaint of G&G, LLC for Lack of Jurisdiction and Failure to State a Claim upon Which Relief Can Be Granted (related document(s)<u>50</u> ) Filed by G&G, LLC. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Exhibit C# <u>4</u> Exhibit D# <u>5</u> Exhibit E# <u>6</u> Exhibit F# <u>7</u> Exhibit G# <u>8</u> Exhibit H# 9 Exhibit I# <u>10</u> Exhibit J# <u>11</u> Exhibit K# <u>12</u> Exhibit L# <u>13</u> Exhibit M# <u>14</u> Exhibit N# <u>15</u> Certificate of Service) (Guldi, Virginia) Modified duplicate docket |

00028

| | | |
|---|---|---|
| | | text on 12/29/2006 (MAS, ). (Entered: 12/28/2006) |
| 01/10/2007 | 73 | Defendant Tim Weiland's Answers to Plaintiff's Amended Complaint Filed by Tim Weiland (MAS, ) (Entered: 01/10/2007) |
| 01/10/2007 | 74 | (Withdrawn - See Doc. #75) Objection to *Answering Brief in Opposition to Motion of Defendants Joe Caruso and Tom Rich for an Order Dismissing Plaintiff G&G, LLC's Complaint for Lack of Subject Matter Jurisdiction* Filed by G&G, LLC (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service) (Guldi, Virginia) Modified on 1/12/2007 (MAS, ). (Entered: 01/10/2007) |
| 01/11/2007 | 75 | Notice of Withdrawal *of Answering Brief in Opposition to Motion of Defendants Joe Caruso and Tom Rich for an Order Dismissing Plaintiff G&G, LLC's Complaint for Lack of Subject Matter Jurisdiction* (related document(s)74 ) Filed by G&G, LLC (Guldi, Virginia) (Entered: 01/11/2007) |
| 01/11/2007 | 76 | Objection to *Answering Brief in Opposition to Motion of Defendants Joe Caruso and Tom Rich for an Order Dismissing Plaintiff G&G, LLC's Complaint for Lack of Subject Matter Jurisdiction* Filed by G&G, LLC (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service) (Guldi, Virginia) (Entered: 01/11/2007) |
| 01/12/2007 | 77 | Notice of Service *Responses and Objections of Tom Rich To Plaintiff's First Set Of Interrogatories, Request For Production of Documents And Request for Admission and Responses and Objections of Joe Caruso To Plaintiff's First Set Of Interrogatories, Request For Production of Documents And Request for Admission* Filed by Joe Caruso (Busenkell, Michael) (Entered: 01/12/2007) |
| 01/16/2007 | 78 | Defendants Wilson, Sonsini, Goodrich & Rosati, P.C. And Lily C. Wong Langen Reply Brief In Further Support Of Their Motion To Dismiss The Plaintiff G&G LLC's Complaint (related document(s) 47 ) Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service # 4 Service List) (Abbott, Derek) Modified duplicate docket text on 1/17/2007 (MAS, ). (Entered: 01/16/2007) |
| 01/16/2007 | 79 | Notice of Completion of Briefing *[Re: D.I. 47]* Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC (Attachments: # 1 Certificate of Service # 2 Service List) (Abbott, Derek) (Entered: 01/16/2007) |
| 01/17/2007 | 80 | Notice of Service of Discovery *Responses to First Set of Interrogatories and Requests for Production of Documents* Filed by G&G, LLC (Guldi, Virginia) (Entered: 01/17/2007) |
| | | |

00029

| 01/18/2007 | 81 | Supplemental Certificate of Service (related document(s)76 ) Filed by G&G, LLC. (Guldi, Virginia) (Entered: 01/18/2007) |
|---|---|---|
| 01/18/2007 | 82 | Notice of Service of Discovery *Response To Plaintiff's First Set Of Requests For Production Of Documents Pursuant To Federal Rule Of Civil Procedure 34* Filed by Lily Wong Langen, Wilson Sonsini Goodrich & Rosati, PC (Abbott, Derek) (Entered: 01/18/2007) |
| 01/25/2007 | 83 | Reply Brief In Further Support Of Defendant Joe Caruso And Defendant Tom Rich's Motion To Dismiss Plaintiff G&G, LLC's Complaint For Lack Of Subject Matter Jurisdiction (related document(s)65 ) Filed by Joe Caruso. (Attachments: # 1 Exhibit A - Unreported Opinion# 2 Certificate of Service # 3 Service List) (Busenkell, Michael) Modified duplicate docket text on 1/26/2007 (MAS, ). (Entered: 01/25/2007) |
| 01/29/2007 | 84 | Notice of Completion of Briefing *Of Motion Of Defendants Joe Caruso And Tom Rich For An Order Dismissing Plaintiff G&G, LLC's Complaint For Lack Of Subject Matter Jurisdiction* Filed by Joe Caruso (Attachments: # 1 Certificate of Service # 2 Service List) (Busenkell, Michael) (Entered: 01/29/2007) |
| 01/30/2007 | 85 | Reply Memorandum in Support of Motion of Defendants to Dismiss Amended Complaint of G&G, L.L.C. for Lack of Jurisdiction and for Failure to State A Claim Upon Which Relief Can Be Granted (related document(s)50, 72, 51 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Zahralddin-Aravena, Rafael) Modified duplicate docket text on 1/31/2007 (MAS, ). (Entered: 01/30/2007) |
| 01/30/2007 | 86 | Motion of Defendants for Leave to File Reply Memorandum In Excess of Twenty (20) Pages, Pursuant to Del. L.R. 7007-2(a)(iv) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (related document(s)85). (Attachments: # 1 Exhibit A) (Zahralddin-Aravena, Rafael) Modified duplicate docket text on 1/31/2007 (MAS, ). (Entered: 01/30/2007) |
| 01/31/2007 | 87 | Affidavit/Declaration of Service (related document(s)86, 85 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Zahralddin-Aravena, Rafael) (Entered: 01/31/2007) |
| 01/31/2007 | 88 | Order Granting Motion of Defendants Brand Equity Ventures II, LP, |

00030

| | | |
|---|---|---|
| | | Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski for Leave to File Reply Memorandum in Excess of Twenty (20) Pages. (related document(s)86 ) Order Signed on 1/31/2007. (LCN, ) (Entered: 01/31/2007) |
| 01/31/2007 | 89 | Notice of Service *Re Discovery Documents* Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC. (Attachments: # 1 Service List) (Driscoll, Thomas) (Entered: 01/31/2007) |
| 02/01/2007 | 90 | Notice of Service *of (i) Answers of Defendant Walt Spokowsi, (ii) Answers of Defendant David Yarnell (iii) Answers of Defendant Walnut, Investment Partners, L.P., (iv) Answers of Defendant Walnut Private Equity Fund, L.P., (v) Answers of Defendant James Gould, (vi) Answers of Defendant Brand Equity Ventures II, L.P., (vii) Answers of Defendant The Walnut Group, (viii) Answers of Defendant Simon Wright, and (ix) Answers of Defendant Millevere Holdings Limited to Requests for Admission In Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admission* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Kunz, III, Carl) (Entered: 02/01/2007) |
| 02/01/2007 | 91 | Notice of Completion of Briefing *Regarding Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Amended Complaint of G & G, L.L.C. for Lack of Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted [Re: Adv. Dkt. No. 50]* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Kunz, III, Carl) (Entered: 02/01/2007) |
| 02/02/2007 | 92 | Affidavit/Declaration of Service (related document(s)91 ) Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright. (Kunz, III, Carl) (Entered: 02/02/2007) |
| 02/05/2007 | 93 | Notice of Service *of Answers and Written Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The |

00031

| | | Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright (Kunz, III, Carl) (Entered: 02/05/2007) |
|---|---|---|
| 03/29/2007 | 94 | Defendant, Daniel Lunt's Motion for Summary Judgment (related document(s)32, 1 ) Filed by Daniel Lunt (related document(s)32, 1). (Attachments: # 1 Notice of Motion for Summary Judgment# 2 Exhibit "A" - Affidavit of Daniel Lunt# 3 Exhibit "B"- Amended Complaint# 4 Exhibit "C" - Defendant's Answers to Plaintiff's Interrogatories# 5 Exhibit "D" - Plaintiff's Answers to Defendant's Interrogatories# 6 Certificate of Service # 7 Proposed Form of Order to Motion for Summary Judgment) (Marconi, Thomas) Modified duplicate docket text on 3/30/2007 (MAS, ). (Entered: 03/29/2007) |
| 04/10/2007 | 95 | Stipulated Scheduling Order Between G&G, LLC and Daniel Lunt . Filed by G&G, LLC. (Guldi, Virginia) Modified duplicate docket text on 4/13/2007 (MAS, ). (Entered: 04/10/2007) |
| 04/11/2007 | 96 | Notice of Hearing *Regarding Motion of Defendants Brand Equity Ventures II, LP, Walnut Investment Partners, LP, Walnut Equity Fund, LP, The Walnut Group, Millevere Holdings Limited, David Yarnell, James Gould, Simon Wright, and Walt Spokowski to Dismiss Amended Complaint of G&G, LLC for Lack of Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted [Re: Adv. Docket Nos. 50, 51, 72, 85 & 91]* Filed by Brand Equity Ventures II, LP, David Yarnell, James Gould, Millevere Holdings Limited, Walt Spokowski, The Walnut Group, Walnut Investment Partners, LP, Walnut Private Equity Fund, LP, Simon Wright Hearing scheduled for 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Affidavit of Service) (Kunz, III, Carl) (Entered: 04/11/2007) |
| 04/11/2007 | 97 | Notice of Hearing *On Motion Of The Defendants Wilson, Sonsini, Goodrich & Roasti, P.C. And Lily C. Wong Langen For An Order Dismissing The Plaintiff G&G LLC's Complaint (re: DI 47)* Filed by Lily C. Wong Langen, Wilson Sonsini Goodrich & Rosati, PC Hearing scheduled for 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (McConnel, Ian) (Entered: 04/11/2007) |
| 04/13/2007 | 98 | Certification of Counsel *Regarding Stipulated Scheduling Order* Filed by G&G, LLC. (Attachments: # 1 Proposed Form of Order # 2 Certificate of Service) (Guldi, Virginia) (Entered: 04/13/2007) |
| 04/16/2007 | 99 | Re-Notice of Hearing on Defendant Daniel Lunt's Motion for Summary Judgment Filed by Daniel Lunt Hearing scheduled for |

00032

| | | |
|---|---|---|
| | | 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. Objections due by 4/30/2007. (Attachments: # 1 Certificate of Service) (Marconi, Thomas) Modified duplicate docket text on 4/17/2007 (MAS, ). (Entered: 04/16/2007) |
| 04/16/2007 | 100 | Notice of Hearing *on Motion of the Defendants Tom Rich and Joe Caruso for an Order Dismissing the Plaintiff G&G LLC's Complaint [Re: D.I. 65]* Filed by Joe Caruso Hearing scheduled for 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #6, Wilmington, Delaware. (Attachments: # 1 Certificate of Service) (Busenkell, Michael) (Entered: 04/16/2007) |
| 04/18/2007 | 101 | Scheduling Order (STIPULATED). (related document(s)98 ) Signed on 4/18/2007. (LCN, ) (Entered: 04/18/2007) |
| 04/30/2007 | 102 | Answering Brief *(Plaintiff's) in Support of its Opposition to Defendant Daniel Lunt's Motion for Summary Judgment* Filed by G&G, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Certificate of Service) (Guldi, Virginia) (Entered: 04/30/2007) |
| 05/07/2007 | 103 | Defendant, Daniel Lunt's Reply Brief in Support of His Motion for Summary Judgment (related document(s)102, 101 ) Filed by Daniel Lunt. (Attachments: # 1 Certificate of Service) (Marconi, Thomas) Modified duplicate docket text on 5/8/2007 (MAS, ). (Entered: 05/07/2007) |
| 05/08/2007 | 104 | Notice of Agenda of Matters Scheduled for Hearing Filed by G&G, LLC Hearing scheduled for 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., Wilmington, DE. (Attachments: # 1 Certificate of Service) (Guldi, Virginia) (Entered: 05/08/2007) |
| 05/09/2007 | 105 | Amended Notice of Agenda of Matters Scheduled for Hearing Filed by G&G, LLC Hearing scheduled for 5/10/2007 at 01:00 PM at US Bankruptcy Court, 824 Market St., Wilmington, DE. (Guldi, Virginia) (Entered: 05/09/2007) |
| 05/10/2007 | 106 | **Minutes of Hearing held on: 05/10/2007** **Subject:** Oral Argument and Oral Argument. (vCal Hearing ID (40858)). (DRG, ) Additional attachment(s) added on 5/11/2007 (LCN, ). (Entered: 05/10/2007) |
| 05/15/2007 | 107 | Notice of Completion of Briefing Filed by Daniel Lunt Matter Under Advisement Due by 7/16/2007. (Attachments: # 1 Certificate of Service) (Marconi, Thomas) (Entered: 05/15/2007) |
| | | |

00033

| 05/16/2007 | 108 | Certification of Counsel *Regarding Order Dismissing Amended Complaint For Lack of Subject Matter Jurisdiction* (related document (s)50, 32, 47, 65 ) Filed by Brand Equity Ventures II, LP. (Attachments: # 1 Exhibit A# 2 Affidavit of Service# 3 Service List) (Kunz, III, Carl) (Entered: 05/16/2007) |
| 05/17/2007 | 109 | Order Dismissing Amended Complaint For Lack of Subject Matter Jurisdiction. (related document(s)50, 32, 47, 65 ) Order Signed on 5/17/2007. (LCN, ) (Entered: 05/17/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/02/2007 12:26:58 | | |
| **PACER Login:** mh0030 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 06-50786-CSS Fil or Ent: filed From: 7/25/2006 To: 10/2/2007 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** 12 | **Cost:** | 0.96 |

Exhibit E

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THE LOVESAC CORPORATION, *et al.,* | : | Case No. 06-10080 |
| | : | Chapter 11 |
| | : | |
| Debtors, | : | Jointly Administered |
| | : | |
| | : | |
| G&G, LLC | : | |
| 8756 Lewinsville Rd. | : | |
| McLean, VA 22102 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary Proceeding No. 06-50786 |
| | : | |
| SHAWN D. NELSON, et al. | : | |
| 1783 Laurelhurst | : | |
| Salt Lake City, UT 84108 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| LILY C. WONG LANGEN | : | |
| Wilson Sonsini Goodrich & Rosati, PC | : | |
| 2795 East Cottonwood Parkway | : | |
| Suite 300 | : | |
| Salt Lake City, UT 84121 | : | |
| | : | |
| Additional Defendant. | : | |

## AMENDED COMPLAINT

G&G, LLC ("G&G"), by and through its counsel, Zuckerman Spaeder LLP and

Stinson Morrison Hecker LLP, as its Amended Complaint respectfully states the

following:

## JURISDICTION

1.      This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334(b), 157.

2.      This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(K).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

4.      Pursuant to Bankruptcy Rule 7008(a), this Adversary Proceeding arises in the Chapter 11 bankruptcy proceeding of The LoveSac Corporation, Case No. 06-10080 which is currently pending in this District.

## PARTIES

5.      Plaintiff G&G is a Virginia Limited Liability Company and a secured creditor of a Utah Corporation, The LoveSac Corporation ("LoveSac Utah") and a disputed secured creditor of a Delaware Corporation, The LoveSac Corporation ("LoveSac Delaware").  Trent Gourley is a principal of G&G.

6.      On or about February 25, 2005, LoveSac Utah filed merger documents in Delaware, (the "Merger") pursuant to which it attempted to effect a merger with a Delaware corporation, The LoveSac Corporation ("LoveSac Delaware").

7.      On January 30, 2006, LoveSac Delaware filed a petition for relief in this Court under Chapter 11 of the United States Bankruptcy Code.  G&G was listed as an undisputed secured creditor on Schedule D filed by LoveSac Delaware.  G&G was later listed as a disputed secured creditor on Amended Schedule D.

8.      Defendant Shawn D. Nelson is the founder of LoveSac Utah and is currently the Chief Creative Officer of LoveSac Delaware.  Previously, he was the Chief

Executive Officer of LoveSac Utah and LoveSac Delaware. Nelson is a personal guarantor of a loan made by G&G to LoveSac Utah ("the Loan").

9.    Defendant Verdi White is an officer and/or employee and/or director of LoveSac Utah and LoveSac Delaware. White is a personal guarantor of the Loan.

10.    Defendant James Hyde is the Vice President of Marketing of LoveSac Utah and LoveSac Delaware. Hyde is a personal guarantor of the Loan.

11.    Defendant Doyle Judd was the Treasurer of LoveSac Utah, and the Chief Financial Officer of LoveSac Utah and LoveSac Delaware from 2003 until this Court approved his termination agreement by order entered April 19, 2006.

12.    Defendant Walt Spokowski is the Interim Chief Executive Officer of LoveSac Delaware.

13.    Defendant Tim Weiland is the Treasurer of LoveSac Delaware and was the Chief Retail Officer of LoveSac Utah and LoveSac Delaware until shortly before the bankruptcy filing.

14.    Defendant Daniel Lunt was the Chief Marketing Officer of both LoveSac Utah and LoveSac Delaware.

15.    Defendant Joe Caruso was the Chief Franchise Development Officer of the LoveSac Utah and LoveSac Delaware.

16.    Defendant Tom Rich was the Vice President of Marketing of LoveSac Utah and LoveSac Delaware.

17.    Defendant Brand Equity Ventures, II, LP ("Brand Equity") is a Connecticut limited partnership with its principal place of business in Greenwich, Connecticut. Brand Equity is a shareholder of LoveSac Delaware and is listed as a

secured creditor on Schedule D. Brand Equity is the owner of 27.72 % of the stock of LoveSac Delaware.

18.    Defendant Walnut Investment Partners, LP ("Walnut Investment") is a Delaware limited partnership with its principal place of business in Cincinnati, Ohio. Walnut Investment is a shareholder of LoveSac Delaware and is listed as a secured creditor on Schedule D. Walnut Investment is the owner of 18.48% of the stock of LoveSac Delaware.

19.    Defendant Walnut Private Equity Fund, LP, ("Walnut Private Equity") is a Delaware limited partnership with its principal place of business in Cincinnati, Ohio. Walnut Private Equity is a shareholder of LoveSac Delaware and is listed as a secured creditor on Schedule D. Walnut Private Equity is the owner of 9.24% of the stock of LoveSac Delaware.

20.    The Walnut Group ("Walnut Group") is an Ohio Corporation, which controls Walnut Investment and Walnut Private Equity.

21.    Defendant Millevere Holdings Limited ("Millevere") is the owner of 27.72% of the stock of LoveSac Delaware. Collectively, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group and Millevere will be referred to as the "Investor Defendants."

22.    Defendant David Yarnell is a Director of LoveSac Delaware and the managing general partner of Brand Equity.

23.    Defendant James Gould is a Director of LoveSac Delaware and the managing general partner of the Walnut Group.

24.    Defendant Simon Wright is a Director of LoveSac Delaware.

25.    Defendant Wilson Sonsini Goodrich & Rosati, PC ("Wilson Sonsini") is a professional corporation organized in the state of California, which also has offices in the State of Utah. Wilson Sonsini represented LoveSac Utah and LoveSac Delaware, and may also have represented the Investor Defendants, when LoveSac Utah and LoveSac Delaware obtained financing from Brand Equity, Walnut Investment, Walnut Private Equity, Millevere, and The Walnut Group and when LoveSac Utah sought additional financing from G&G.

26.    Defendant Lily C. Wong Langen ("Langen") is an attorney with the law firm of Wilson Sonsini, who worked on the Merger and who made certain representations to G&G in connection with the Merger. In addition, Langen communicated with G&G regarding additional financing on behalf of LoveSac Utah and the Investor Defendants. Langen worked in both the California and Utah offices of Wilson Sonsini.

## STATEMENT OF FACTS

27.    In September 2003, LoveSac Utah approached G&G for a loan to finance its day-to-day operations.

28.    On October 30, 2003, LoveSac Utah executed a Revolving Line of Credit with G&G, which was evidenced by a Revolving Credit Line Deed of Trust Note ("Note") in the amount of $ 2.8 million. The Note was secured by a Revolving Credit Line Deed of Trust, Fixture Filing and Security Agreement, Assignment of Leases and Rents ("Deed of Trust Documents").

29.    Under the terms of the Note, LoveSac Utah could borrow up to $ 2.8 million through a line of credit secured, in part, by real property located in Weber County, Utah.

30.    In connection with the Note and Deed of Trust, LoveSac Utah also executed the Security Agreement and Assignment of Interest, Contracts, Plans, Profits, Intangibles, Inventory, Equipment, Permits and Licenses ("Security Agreement") granting G&G a first position, blanket lien on borrower's personal property ("Collateral"). The secured interest was properly perfected upon the filing of financing statements in Utah.

31.    As further security for the loan, Defendants Nelson, Hyde and White ("the Guarantors") executed an Unconditional Guaranty Agreement pursuant to which they each jointly and severally, and unconditionally, personally guaranteed repayment of the Loan.

32.    In addition, the Guarantors entered into a Stock Pledge, Assignment and Security Agreement ("Stock Pledge Agreement") pursuant to which 80% of the outstanding shares of LoveSac Utah were pledged to G&G. LoveSac Utah acknowledged the Stock Pledge Agreement.

33.    The shares of stock that were pledged to G&G were endorsed in blank, and transferred to G&G. The stock certificates have been held continuously in G&G's attorneys' safe since delivery to G&G.

34.    G&G and LoveSac Utah also entered into a Loan Disbursement Agreement on October 28, 2003, which governed advances under the Loan.

35.    In reliance on an appraisal and all representations of the borrower and its agents, and the Guaranty and Stock Pledge, G&G advanced loans to LoveSac Utah in the total amount of $ 2.8 million.

36.    In November 2004, a representative of the Walnut Group, acting on behalf of the Investor Defendants, telephoned Trent Gourley and stated that the Investment Defendants intended to invest $ 8-11 million in LoveSac Utah. The representative asked

whether G&G would be willing to release its stock and subordinate its security interest in
the inventory. Gourley informed the representative that G&G would not release the stock
and would take no action that would impair its lien position.

37.    After G&G refused to subordinate its security interest in the LoveSac
Collateral, the Investment Defendants insisted on the Merger taking place, controlled the
Merger, and insisted upon reincorporation of LoveSac in Delaware. From the inception of
their relationship with LoveSac Utah through the date of LoveSac Delaware bankruptcy
filing, the Investor Defendants controlled LoveSac Utah, LoveSac Delaware and the
officer/director defendants in this action.

38.    On January 20, 2005, Doyle Judd, identifying himself as "LoveSac's" CFO,
sent an e-mail to a representative of G&G that stated "LoveSac is in the final stages of
completing a significant equity financing. If consummated, proceeds from this transaction
will be used to payoff LoveSac's loan with Gourley & Gourley."

39.    On January 28, 2005, Doyle Judd, identifying himself as "LoveSac's" CFO,
sent an e-mail to a representative of G&G that stated, "[w]e are still waiting for a couple of
things to come together before we can close on our financing, which will be used to pay off
our loan to you. Thus, the payoff will not happen today as we had initially planned. All
parties are pushing for a closing next week, dependent, of course, on all open items being
resolved." G&G's loan to LoveSac Utah was never paid off.

40.    Brand Equity, Walnut Investment, Walnut Partners, and Millevere
subsequently invested $ 8-11 million in either LoveSac Utah or LoveSac Delaware in
exchange for which the Investor Defendants received over 83% of the shares of LoveSac
Delaware following the Merger.

41.    In consideration of its contribution to LoveSac Delaware, Brand Equity received 27.72% of LoveSac Delaware's stock.

42.    In consideration of their contributions to LoveSac Delaware, Walnut Investment received 18.48% of LoveSac Delaware's stock and Walnut Private Equity received 9.24% of LoveSac Delaware's stock.

43.    In consideration of its contribution to LoveSac Delaware, Millevere Holdings Limited received 27.72% of LoveSac Delaware's Stock.

44.    In consideration of their contributions to LoveSac Delaware, the Investor Defendants, through their representatives Defendants Yarnell, Gould, and Wright, joined the Board of Directors of LoveSac Delaware. The Investor Defendants controlled the Board of Directors and had 75% of the voting power of the Board.

45.    G&G was not informed of the change in the Board of Directors compositions, the control and voting power of the Investor Defendants on the Board of Directors. G&G learned of the control and voting power of the Investor Defendants post-petition.

46.    In consideration for the contributions from the Investor Defendants, the Investor Defendants insisted that the Merger take place and that LoveSac Utah reincorporate in Delaware.

47.    On February 4, 2005, a conference call occurred between a representative of G&G, Doyle Judd, and John Bernloehr of The Walnut Group. Mr. Judd and Mr. Bernloehr sought to discuss the extension of the G&G Loan for another year or year and a half with a reduction in interest rate. The rationale provided by Mr. Bernloehr was that after the capital

investment, G&G would have a significantly capitalized borrower and a plan to pay off the G&G loan in approximately one year.

48.    Although LoveSac Utah filed merger documents in Delaware on February 25, 2005, it failed to give notice of the Merger to G&G, as required by the Note. G&G had no knowledge of the Merger until March, 2006, when it learned of the Merger after LoveSac Delaware's bankruptcy filing. In addition to G&G never being notified of the Merger, G&G was also not notified of the change of control to the Investor Defendants, or the transfer of assets from LoveSac Utah to LoveSac Delaware, prior to the filing of the bankruptcy petition.

49.    Upon information and belief, all of the Defendants acted in unison, without dissent, in failing to notify G&G of the Merger.

50.    After the Merger, LoveSac Delaware continued to transact business as, and in the name of, LoveSac Utah.

51.    The following leases were entered into in the name of LoveSac Utah after the Merger:

- May 5, 2005 with the Irving Company,

- June 17, 2005 with GGP-Glenbrook LLC, a Delaware limited liability company,

- September 20, 2005 with Simon Property Group (Texas), LP, a Texas limited liability partnership,

- December 20, 2005 with Rockaway Center Associates, a New Jersey limited partnership,

- December 21, 2005 with The Retail Property Trust, a Massachusetts business trust, and

- December 30, 2005 with Westroads Mall LLC, a Delaware limited liability company.

52.    The following franchise agreements were entered into in the name of LoveSac Utah after the Merger:

- June 15, 2005 with Daniel Baird,

- September 7, 2005 with Larry Huckstep, dba LoveSac Brandon, and

- September 7, 2005 with Grant Salisbury.

53.    Upon information and belief, there could be other transactions after the Merger in the name of LoveSac Utah of which G&G is unaware at this time.

54.    On July 11, 2005 and July 18, 2005, Doyle Judd and Scott McDonough requested advances on the existing credit facility with G&G using the same company letterhead as utilized before the Merger. In the requests, neither Mr. Judd nor Mr. McDonough mentioned the Merger or a transfer of assets from LoveSac Utah to LoveSac Delaware.

55.    On or about September 12, 2005, Investor Defendants recorded financing statements with the Delaware Secretary of State purporting to grant the Investors Defendants a lien on all of LoveSac Delaware's inventory, accounts, general intangibles including commercial tort claims, cash, investment property and chattel paper and all equipment and fixtures.

56.    On or about September 19, 2005, the Investor Defendants recorded additional financing statements with the Delaware Secretary of State, which state that the Investor Defendants secured three 15% Secured Promissory Bridge Notes with all of LoveSac Delaware's inventory, accounts, general intangibles including commercial tort claims, cash, investment property and chattel paper and all equipment and fixtures.

57.    The original maturity date of the Note was November 1, 2005. Prior to that time, but after the Merger, LoveSac Delaware, representing itself as LoveSac Utah, approached G&G about extending the maturity date of the loan. LoveSac Delaware never disclosed that LoveSac Utah had merged into LoveSac Delaware and had transferred all of its assets to LoveSac Delaware.

58.    On October 6, 2005, Doyle Judd sent an e-mail to a representative of G&G that stated "[i]t is my recollection that John Bernloehr from the Walnut Group (one of the firms invested in LoveSac) had previously spoken with Trent about an extension. I am sure John will be speaking with Trent again soon."

59.    On October 6, 2005, the representative of G&G sent an e-mail to Doyle Judd that stated "[i]f John Bernloehr is the contact person handling this for LoveSac or the person designated to make a decision please forward a copy of the notice to him."

60.    On October 6, 2005, Doyle Judd sent an e-mail to a representative of G&G that replied "John and I will be working on this together."

61.    On October 14, 2005, Doyle Judd, as LoveSac's CFO, sent an e-mail to a representative of G&G that stated "I wanted to let you know that LoveSac does intend to extend its note with Gourley & Gourley. It is my understanding that John Bernloehr has been in contact with you to set up a call with Trent to finalize the terms of the extension. We appreciate your willingness to continue your financial support of LoveSac."

62.    On October 18, 2005, John Bernloehr sent an e-mail to representatives of G&G setting forth "his thoughts" on the renewal of the existing line of credit for LoveSac Corporation. He also indicated that he was attaching a bank statements demonstrating the investment by Walnut Investment Partners, Brand Equity Ventures and Millevere Holdings.

Mr. Bernloehr further requested an extension of G&G's Loan until June 2006. Mr. Bernloehr then stated: "Gourley & Gourley's collateral position is well secured with the first lien on LoveSac's assets and the pledge of the Salt Lake real estate, coupled with the significant capital invested by Walnut, BEV, and Millevere."

63.     In the October 18, 2005 e-mail, John Bernloehr does not mention the Merger, or the fact that the assets of LoveSac Utah are non-existent because they have been transferred to LoveSac Delaware. He sent this e-mail a month after the Investor Defendants recorded their financing statements in Delaware.

64.     On October 25, 2005, Langen sent an e-mail to counsel for G&G regarding the terms and conditions of a Loan extension and requested a forbearance while the LoveSac Corporation and G&G reached a satisfactory arrangement regarding the extension.

65.     On November 1, 2005, Langen sent an e-mail to counsel for G&G seeking to confirm the extension agreement between G&G and The LoveSac Corporation. Langen states that she will provide requested financials and projects upon confirmation of the renewal agreement between the parties. In this e-mail, Langen refers to a settlement of terms for an extension reached between G&G and Paul Chalmers, of counsel for Wilson Sonsini.

66.     On November 2, 2005, Langen sent an e-mail to counsel for G&G to further discuss the conditions of an extension of the G&G loan.

67.     On November 3, 2005, counsel for G&G sent an e-mail to Langen setting forth G&G's final offer to extend the Loan term.

68.    On November 4, 2005, Langen sent an e-mail to counsel for G&G that states that the LoveSac Corporation is prepared to accept the final offer with a change in the payment curtailment schedule.

69.    On November 7, 2005, John Bernloehr called Trent Gourley of G&G to discuss the Loan extension to LoveSac Utah.

70.    On November 7, 2005, John Bernloehr, Senior Vice President of The Walnut Group, sent Tent Gourley of G&G a facsimile with "The Walnut Group" letterhead that stated that the LoveSac Corporation would agree to the terms of a renewal if certain modifications to the terms were made by G&G. At no time did Mr. Bernloehr disclose the Merger or the transfer of assets from LoveSac Utah to LoveSac Delaware to G&G.

71.    On November 7, 2005, Langen sent an e-mail to counsel for G&G that stated that the LoveSac Corporation accepted the final offer set forth in the November 3, 2005 e-mail.

72.    In response to requests for financial information about the borrower of the Loan (LoveSac Utah), on November 9, 2005, Langen sent an e-mail to counsel for G&G and attached for G&G's review various documents including LoveSac Equity Structure, the LoveSac FY2005-06 Operating Plan, the LoveSac FY 2006-07 Operating Plan, the LoveSac Business Plan, and the financial statements for Period 8 of the current fiscal year (the most recent published operating statement and balance sheet).

73.    None of the documents provided by Langen on November 9, 2005 indicated there had been a Merger or a transfer of assets from LoveSac Utah.

74.    The documents provided to G&G in response to the request for financial documents of the borrower of the Loan (LoveSac Utah) were false and did not contain financial information and stock ownership related to LoveSac Utah.

75.    In response to a question raised by counsel for G&G regarding the Equity Structure provided on November 9, 2005, Langen sent an e-mail dated November 14, 2005 to counsel for G&G that provided LoveSac's explanations and attached a "Common Stock Ledger" indicating a 10 for 1 stock split and a later 30 for 1 reverse stock split at the time of the equity infusion from the Series A Preferred Stock investors. The "Common Stock Ledger" refers to "The LoveSac Corporation" and provides that G&G continues to hold its stock interests as previously represented.

76.    G&G agreed to an extension of the loan, upon certain conditions, and on November 15, 2005, the First Omnibus Amendment to Loan Documents ("Loan Amendment") was executed. The Loan Amendment was prepared by G&G's counsel and refers to the LoveSac Corporation as a Utah Corporation. That Loan Amendment was reviewed by and edited by Wilson Sonsini. Subsequent to closing, G&G received a Corporate Resolution, drafted by Wilson Sonsini, that authorizes the Loan Amendment and refers to the LoveSac Corporation as a Delaware Corporation.

77.    On November 15, 2005, counsel for G&G sent the revised First Omnibus Modification of Loan Documents to Langen with the two minor revisions requested by Langen after her review of the document. The two revisions did not include changing the name of the borrower from LoveSac Utah to LoveSac Delaware or otherwise advising that LoveSac Utah, at that point in time, had participated in a Merger and had transferred assets.

78.    On November 15, 2005, after G&G declined to subordinate or release its lien, Defendant Wilson Sonsini, acting on behalf of LoveSac Utah and LoveSac Delaware and the other Defendants affirmatively represented to G&G that G&G still held validly issued and outstanding shares of stock.

79.    On November 15, 2005, Langen sent an e-mail to counsel for G&G and copied to John Bernloehr of The Walnut Group stating that "the stock certificates you are currently holding have not been cancelled and remain issued and outstanding and LoveSac's records have been noted these certificates are pledged to G&G."

80.    On January 25, 2006, LoveSac Delaware filed a Second Amended and Restated Certificate of Incorporation with the Delaware Secretary of State.

81.    On January 30, 2006, LoveSac Delaware filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

82.    LoveSac Delaware and its creditors have attempted to subordinate G&G's position on the ground that G&G's lien was not reperfected following the alleged Merger.

83.    From the time LoveSac Utah approached G&G about a lending relationship through the time of the Merger, LoveSac Utah was insolvent.

84.    From the Merger through the bankruptcy filing, LoveSac Delaware was insolvent.

85.    At LoveSac Delaware's 341 meeting, Defendant Judd's testimony supported the conclusion that LoveSac Utah and LoveSac Delaware were insolvent throughout their existence. He testified that as of December 2004, "we came back and said, well, not only is

the company worth nothing, you pledged your stock to secure a note, which is now in default. So our position is one, the company has no value at this point in time..."

86.    Judd similarly testified that in January and February 2005, LoveSac Delaware was "out of money." He elaborated by giving the historical perspective that "the company was strictly hand to mouth. I mean, they'd go out and borrow money, and then spend it, and then go borrow some more," and that "we worked on getting some conventional money through a bank. We couldn't get that done. Simply, we were not bankable."

87.    In response to the question "when was the last profitable year for this company?" Judd responded "[t]here never has been one that I know of. Maybe in 2001-2002, they may have shown a profit. I guess I would urge a question that would be subject to some suspicion because of the condition of the records."

88.    Judd also testified that "this was kind of the condition of the company a year and a half ago, no real systems, no real controls, but a group of young people who were good intentioned but lacking in business experience."

89.    After describing the events in the last quarter of 2005, Judd testified that "come 2006, we simply did not have enough cash or enough prospect of receiving cash to meet all of the obligations that we had."

90.    On January 30, 2006, the Debtors filed an "Affidavit of Doyle Judd in Support of Chapter 11 Petitions and First Day Pleadings." In the Affidavit, at paragraph 8, Mr. Judd, as Chief Financial Officer of the LoveSac Corporation, states: "For the fiscal year ended January 29, 2006, the Debtors generated a combined net loss of approximately $7.0 million (including estimated asset impairment writedowns of approximately $3.0 million)

on approximately $20.0 million in revenues. As of January 29, 2006, the Debtors had

approximately $11.5 million is assets and approximately $14.5 million in liabilities on a

consolidated basis."

### COUNT I-FRAUD
**(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland,
Lunt, Spokowski, Yarnell, Gould, and Wright)**

91.    Plaintiff incorporates by reference paragraphs 1-90 as if fully set forth

herein.

92.    Defendants Nelson, Hyde, White Judd, Caruso, Cox, Rich, Weiland, Lunt,

Spokowski, Yarnell, Gould, and Wright, who were each officers and/or directors of

LoveSac Utah and/or LoveSac Delaware, knew that following the Merger, LoveSac Utah

was no longer an existing entity, but knowingly, falsely and intentionally represented to

G&G and to others that LoveSac Utah was an ongoing concern.

93.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland,

Lunt, Spokowski, Yarnell, Gould, and Wright, falsely and with reckless abandon and

disregard for the truth, and/or intentionally, misrepresented that LoveSac Utah was an

ongoing concern by executing documents in the name of LoveSac Utah after the Merger.

94.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland,

Lunt, Spokowski, Yarnell, Gould, and Wright intentionally misrepresented the status of

LoveSac Utah in order to prevent G&G from learning of the Merger and to prevent G&G

from perfecting its lien in Delaware.

95.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland,

Lunt, Spokowski, Yarnell, Gould, and Wright knew that G&G would rely on their

representations and intended for G&G to rely upon their misrepresentations and be

misled by the misrepresentations.

96.    In reliance on the false representations, G&G believed that LoveSac Utah

was an ongoing concern and failed to perfect its security interest in Delaware.

97.    As a direct and proximate result, G&G has been unable to recover the

amount of the Loan to LoveSac Utah and has sustained damages in the amount of at least

$ 3,259,841.47, to be further determined at trial.

## COUNT II-FRAUDULENT CONCEALMENT
**(Nelson, Hyde, White, Judd, Caruso, Rich, Cox, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere Holdings, Yarnell, Gould, Wright, Spokowski, Wilson Sonsini, and Langen)**

98.    G&G incorporates by reference paragraphs 1 through 97 as if fully set

forth herein.

99.    After G&G refused to voluntarily subordinate its first priority lien

resulting from the G&G Loan, LoveSac Utah conducted the Merger and transferred all of

its assets to LoveSac Delaware.

100.    The Merger was a material fact that was never disclosed to G&G until

after the bankruptcy filing.

101.    The transfer of assets was a material fact that was never disclosed to G&G

until after the bankruptcy filing.

102.    The change of control of the Board of Directors to the Investment

Defendants was a material fact that was never disclosed to G&G until after the

bankruptcy filing.

103.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Weiland, Lunt,

Spokowski, Yarnell, Gould, and Wright, who were each officers and/or directors of

LoveSac Utah and/or LoveSac Delaware, all had knowledge of the Merger and transfer of assets but knowingly, willfully, intentionally and maliciously failed to inform G&G that the Merger and transfer of assets had taken place.

104.    Defendants Brand Equity, Walnut Investment Partners, Walnut Private Equity, Walnut Group, Millevere Holdings, Wilson Sonsini, and Langen all knew of the Merger and transfer of assets but knowingly, willfully, intentionally and maliciously failed to inform G&G that the Merger and transfer of assets had taken place.

105.    In reliance on its belief that LoveSac Utah was an ongoing concern, G&G failed to reperfect its security interest in Delaware.

106.    Defendants failed to inform G&G of the Merger and transfer of assets, in order to induce G&G to forbear from perfecting its security interest in Delaware in a timely fashion.

107.    Defendants knew that the collateral provided as security for G&G's loan had been reduced in value but knowingly, intentionally, recklessly and maliciously failed to notify G&G that the collateral provided had been reduced in value due to the Merger.

108.    As a direct and proximate result, G&G has been unable to recover the amount of the Loan to LoveSac Utah and has sustained damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

109.    As a direct result of Defendants' fraudulent concealment of the Merger and transfer of assets, G&G was unable to perfect its security interest in LoveSac Utah's and/or LoveSac Delaware's assets within the time provided by Delaware law and has been unable to collect the Loan. As a result, G&G has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT III- CONSTRUCTIVE FRAUD
### (Nelson, Hyde, White, Judd, Caruso, Rich, Cox, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere Holdings, Yarnell, Gould, Wright, and Spokowski)

110.    Plaintiff incorporates by reference paragraphs 1 through 109 as if fully set forth herein.

111.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Cox, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere Holdings, Yarnell, Gould, Wright, and Spokowski owed a duty to G&G because they were officers and directors of an insolvent corporation and because G&G held pledged stock.

112.    Defendants Nelson, Hyde, White, Caruso, Rich, Cox, Weiland, and Lunt breached that duty by misrepresenting that the value of the real estate collateral for the G&G Loan was $34 million at the time G&G loaned money to LoveSac Utah which was a false representation of material fact.

113.    Defendants Nelson, Hyde, White, Caruso, Rich, Cox, Weiland, and Lunt innocently or negligently misrepresented or failed to correct the innocent or negligent misrepresentation of other Defendants that the value of the real estate collateral for the G&G Loan was $34 million.

114.    Defendants Nelson, Hyde, White, Caruso, Rich, Cox, Weiland, Lunt knew that the misrepresentation or failure to correct the misrepresentation was being made to G&G.

115.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Cox, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere Holdings, Yarnell, Gould, Wright, and Spokowski innocently or negligently

misrepresented or assented to the innocent or negligent misrepresentation of other Defendants that in November 2005, G&G still held validly issued and outstanding shares of LoveSac Utah.

116.    The representation that in November 2005, G&G still held validly issued and outstanding shares of LoveSac Utah was false and was a misrepresentation of a material fact.

117.    The Merger was a material fact that was never disclosed to G&G until after the bankruptcy filing.

118.    The transfer of assets was a material fact that was never disclosed to G&G until after the bankruptcy filing.

119.    The change of control of the Board of Directors to the Investment Defendants was a material fact that was never disclosed to G&G until after the bankruptcy filing.

120.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Cox, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere Holdings, Yarnell, Gould, Wright, and Spokowski knew and intended for G&G to rely upon the misrepresentations.

121.    In reasonable and justifiable reliance upon the misrepresentations, G&G loaned money to LoveSac Utah and extended the maturity date of the Loan.

122.    As a direct result of Defendants' negligent misrepresentations about the Merger and transfer of assets, G&G was unable to perfect its security interest in LoveSac Utah's and/or LoveSac Delaware's assets within the time provided by Delaware law. In addition, as a result of the negligent misrepresentations, G&G has been unable to collect

the amount due under the Note and Loan Amendment. As a result, G&G has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT IV-NEGLIGENT MISREPRESENTATION
### (Wilson Sonsini and Langen)

123. Plaintiff incorporates by reference paragraphs 1 through 122 as if fully set forth herein.

124. Defendant Wilson Sonsini was the law firm that handled the financing, which LoveSac Utah and LoveSac Delaware obtained from Brand Equity, Walnut Investment, Walnut Private Equity, Millevere and The Walnut Group.

125. Defendant Wilson Sonsini also represented LoveSac Utah and/or LoveSac Delaware and/or the Investor Defendants regarding the refinancing of the G&G Note.

126. Pursuant to such representation, Wilson Sonsini and Langen had a pecuniary interest in the refinancing of the G&G Note as they were paid for their services. In addition, as a result of their representation related to the financing from the Investor Defendants, Wilson Sonsini and Langen were in a superior position to know material facts regarding LoveSac Utah's finances and structure than G&G.

127. Documents prepared by Defendant Wilson Sonsini and Langen and forwarded by Wilson Sonsini to G&G, carelessly or negligently misrepresented that LoveSac Utah was an ongoing concern after February 2005. Wilson Sonsini and Langen made the misrepresentation without reasonable grounds for believing that the representation was true.

128. The representation that LoveSac Utah was an ongoing concern after February 2005 was a false representation of a material fact.

129.    Defendant Wilson Sonsini and Langen knew that over 83% of the stock in LoveSac Delaware had been issued to Defendants Brand Equity, Walnut Investments, Walnut Private Equity and Millevere.

130.    In an e-mail dated November 15, 2005, Langen, an attorney employed by Wilson Sonsini and acting on behalf of Wilson Sonsini, innocently or negligently misrepresented to G&G, that "the stock certificates you are currently holding have not been cancelled and remain issued and outstanding." Langen made the misrepresentation without reasonable grounds for believing that the representation was true.

131.    In response to requests for financial information about the borrower of the Loan (LoveSac Utah), on November 9, 2005, Langen sent an e-mail to counsel for G&G and attached for G&G's review various documents including LoveSac Equity Structure, the LoveSac FY2005-06 Operating Plan, the LoveSac FY 2006-07 Operating Plan, the LoveSac Business Plan, and the financial statements for Period 8 of the current fiscal year (the most recent published operating statement and balance sheet).

132.    None of the documents provided by Langen on November 9, 2005 indicated there had been a Merger or a transfer of assets from LoveSac Utah or a change of control of the Board of Directors.

133.    The documents provided to G&G in response to the request for financial documents of the borrower of the Loan (LoveSac Utah) were false and did not contain financial information and stock ownership related to LoveSac Utah.

134.    The content of the documents provided on November 9 by Langen and Wilson Sonsini were false representations of material facts. Langen provided the

documents which contained the misrepresentation without reasonable grounds for believing that the representations contained in the documents were true.

135.     Defendants Wilson Sonsini and Langen owed a duty to G&G to provide accurate information because Wilson Sonsini knew or should have known that G&G would rely on the information provided by Wilson Sonsini.

136.     Defendants Wilson Sonsini and Langen breached that duty by providing false information to G&G regarding the status of LoveSac Utah and the stock certificates issued to G&G by LoveSac Utah. Defendants Wilson Sonsini and Langen made the misrepresentations with the intent that G&G would rely upon them to extend the Note and enter into the Loan Amendment and that G&G would be misled by the misrepresentations.

137.     In justifiable and reasonable reliance on the misrepresentations of Defendants Wilson Sonsini and Langen, G&G did not perfect its interest in the assets of LoveSac Delaware and is unable to recover the money loaned to LoveSac Utah.

138.     As a direct and proximate result of the misrepresentations G&G has suffered damages in the amount of at least $3,259,841.47, to be further determined at trial.

## COUNT V-NEGLIGENT SUPERVISION
### (Wilson Sonsini)

139.     G&G incorporates by reference paragraphs 1 through 138 as if fully set forth herein.

140.     Langen is an attorney employed by Defendant Wilson Sonsini.

141.     In response to requests for financial information about the borrower of the Loan (LoveSac Utah), on November 9, 2005, Langen sent an e-mail to counsel for G&G

and attached for G&G's review various documents including LoveSac Equity Structure, the

LoveSac FY2005-06 Operating Plan, the LoveSac FY 2006-07 Operating Plan, the LoveSac

Business Plan, and the financial statements for Period 8 of the current fiscal year (the most

recent published operating statement and balance sheet).

142.    In an email dated November 15, 2005, Langen stated to G&G, in response

to an inquiry, that "the stock certificates you are currently holding have not been

cancelled and remain issued and outstanding."

143.    Defendant Wilson Sonsini had a duty to supervise its employees,

including Langen.

144.    Defendant Wilson Sonsini owed a duty to G&G, whom it knew would rely

upon its representations and those of its employees.

145.    Defendant Wilson Sonsini negligently supervised Langen by allowing her

to communicate inaccurate information in the documents provided on November 9, 2005

to G&G and in the e-mail sent to G&G on November 15, 2005 and breached its duty to

G&G by failing to correct the false representations.

146.    As a direct and proximate cause of Wilson Sonsini's negligent supervision

of Langen, G&G did not perfect its interest in the assets of LoveSac Utah and/or LoveSac

Delaware and has been unable to recover the money loaned to LoveSac Utah.

147.    As a direct and proximate cause of Wilson Sonsini's negligent supervision

of Langen, G&G has suffered damages in the amount of at least $ 3,259,841.47, to be

further determined at trial.

## COUNT VI – CIVIL CONSPIRACY

**(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, Spokowski)**

148.   G&G incorporates by reference paragraphs 1 through 147 as if fully set forth herein.

149.   Beginning at least as early as January 2005 and continuing through the bankruptcy filing, defendants Nelson, Hyde, White, Judd, Caruso, Rich, Weiland, Lunt, Cox, Brand Equity, Walnut Group, Walnut Investment, Walnut Private Equity, Millevere, Yarnell, Gould, Wright, and Spokowski agreed to defraud G&G by merging LoveSac Utah into LoveSac Delaware and transferring all of LoveSac Utah's assets to LoveSac Delaware, without notice to G&G.

150.   Defendants Nelson, Hyde, White, Judd, Jenson, Caruso, Rich, Weiland, Lunt, Cox, Brand Equity, Walnut Group, Walnut Investment, Walnut Private and Millevere agreed to defraud G&G by concealing the Merger from G&G until it was too late for G&G to perfect its security interest in LoveSac Delaware's personal property.

151.   The conspiracy injured G&G by depriving G&G of its first priority security interest in all of the Debtor's assets.

152.   As a direct and proximate result of the conspiracy, G&G has been unable to recover the amount it loaned to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT VII – <u>VIRGINIA STATUTORY BUSINESS CONSPIRACY</u> –
### (Va. Code Ann. §§ 18.2-499 and 18.2-500)
**(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, Spokowski)**

153.    G&G incorporates by reference paragraphs 1 through 153 as if fully set forth herein.

154.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Weiland, Lunt, Cox, Brand Equity, Walnut Group, Walnut Investment, Walnut Private Equity, Millevere, Yarnell, Gould, Wright, and Spokowski willfully and maliciously agreed to defraud G&G by merging LoveSac Utah into LoveSac Delaware and transferring all of LoveSac Utah's assets to LoveSac Delaware, without notice to G&G.

155.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Weiland, Lunt, Cox, Brand Equity, Walnut Group, Walnut Investment, Walnut Private Equity, Millevere, Yarnell, Gould, Wright, and Spokowski willfully and maliciously agreed to harm G&G's trade and business by defrauding it of its collateral and its ability to collect the amounts loaned to LoveSac Utah and to advance the interests of the insider Investor Defendants ahead of those of G&G.

156.    Defendants Nelson, Hyde, White, Judd, Caruso, Rich, Weiland, Lunt, Cox, Brand Equity, Walnut Group, Walnut Investment, Walnut Private Equity, Millevere, Yarnell, Gould, Wright, and Spokowski willful and malicious agreements caused G&G damage and harm in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT VIII - CONVERSION

**(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, Spokowski)**

157.    G&G incorporates by reference paragraphs 1 through 156 as if fully set forth herein.

158.    The 1,386,000 shares of LoveSac Utah stock pledged to G&G as security for the Loan, have continuously been in the lawful possession of G&G.

159.    When Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, Spokowski effectuated the Merger, they willfully and intentionally failed to issue shares in LoveSac Delaware to G&G in order to enable LoveSac Utah and LoveSac Delaware to obtain new financing from the Investors.

160.    When Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, Spokowski effectuated the Merger, they willfully and intentionally failed to issue shares in LoveSac Delaware to G&G so that G&G would be unable to recover in the event that LoveSac defaulted in its obligations to G&G.

161.    G&G had a properly perfected blanket lien on all of the personal property of LoveSac Utah.

162.    When Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, and Spokowski effectuated the Merger, they willfully and intentionally exercised control and dominion over G&G's collateral so that G&G would be unable to recover in the event that LoveSac defaulted in its obligation to G&G.

163.   As a result of Defendants' failure to exchange the stock held by G&G to stock in LoveSac Delaware and transfer of LoveSac Utah's personal property collateral to LoveSac Delaware, the Plaintiff has been unable to collect on its Note, deprived of the use of the shares and other personal property as Collateral for the Loan to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT IX - BREACH OF FIDUCIARY DUTY OF CARE
(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright)

164.   G&G incorporates by reference paragraphs 1 through 163 as if fully set forth herein.

165.   LoveSac Utah and LoveSac Delaware were insolvent throughout their existence and specifically during the entire period of time they had a lending relationship with G&G.

166.   G&G held an assignment of stock that entitled it to the same fiduciary protections as a shareholder.

167.   Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright, who were each officers and/or directors of LoveSac Utah and/or LoveSac Delaware, owed a duty of care to G&G, which was a secured creditor of LoveSac Utah and holder of an assignment of stock in LoveSac Utah.

168.   Defendants breached the duty of care owed to G&G by effecting the Merger with LoveSac Delaware, the transfer of assets to LoveSac Delaware, and concealing the same from G&G.

169.    Defendants' conduct was directed towards G&G at a time when G&G had a clear entitlement to payment that was either imminent or currently due.

170.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's, self dealing and breach of duty caused harm to G&G that was specific to G&G and in addition to and different from the general harm caused to the body of LoveSac Utah and LoveSac Delaware creditors.

171.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's conduct demonstrated animus directed at G&G.

172.    Defendants breached their duty to G&G in order to deprive G&G of its collateral and to gain control of the assets of LoveSac Utah and LoveSac Delaware for the benefit of the Guarantors and Investors.

173.    As a result of the breach of duty, G&G has been unable to recover the amount of its loan to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

### COUNT X - BREACH OF FIDUCIARY DUTY OF LOYALTY
**(Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright)**

174.    G&G incorporates by reference paragraphs 1 through 173 as if fully set forth herein.

175.    LoveSac Utah and LoveSac Delaware were insolvent throughout their existence and specifically during the entire period of time they had a lending relationship with G&G.

176.    G&G held an assignment of stock that entitled it to the same fiduciary protections as a shareholder.

177.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright were interested in both sides of the transaction when the Merger took place in February 2005 and were interested on both sides of the transaction when, in September 2005, the Investor Defendants loaned money to LoveSac Delaware and recorded their financing statements in Delaware.

178.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright derived personal benefit from the Merger and the September 2005 loan from the Investor Defendants rather than deriving a benefit for LoveSac Utah or LoveSac Delaware.

179.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's, self dealing and breach of duty caused harm to G&G that was specific to G&G and in addition to and different from the general harm caused to the body of LoveSac Utah and LoveSac Delaware creditors.

180.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's conduct demonstrated animus directed at G&G.

181.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's self dealing constituted a breach of the duty of loyalty.

182.    G&G was injured by the breach of fiduciary duty and suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT XI – AIDING AND ABETTING A
## BREACH OF FIDUCIARY DUTY OF CARE
### (Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright)

183.    G&G incorporates by reference paragraphs 1 through 182 as if fully set forth herein.

184.    LoveSac Utah and LoveSac Delaware were insolvent throughout their existence and specifically during the entire period of time they had a lending relationship with G&G.

185.    G&G held a pledge of stock that entitled it to the same fiduciary protections as a shareholder.

186.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright, who were each officers and/or directors of LoveSac Utah and/or LoveSac Delaware, owed a duty of care to G&G, which was a secured creditor of LoveSac Utah and holder of pleaded stock in LoveSac Utah.

187.    Defendants aided and abetted each other  to breach the duty of care owed to G&G by knowingly participating in the breach.

188.    Defendants aided and abetted conduct that was directed towards G&G at a time when G&G had a clear entitlement to payment that was either imminent or currently due.

189.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's, self dealing and breach of duty caused harm to G&G that was specific to G&G and in addition to and different from the general harm caused to the body of LoveSac Utah and LoveSac Delaware creditors.

190.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's conduct demonstrated animus directed at G&G.

191.    Defendants aided and abetted each other to breach their duty to G&G in order to deprive G&G of its collateral and to gain control of the assets of LoveSac Utah and LoveSac Delaware for the benefit of the Guarantors and Investor Defendants.

192.    As a result of the aiding and abetting of the breach of duty, G&G has been unable to recover the amount of its loan to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT XII – AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY OF LOYALTY
### (Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright)

193.    G&G incorporates by reference paragraphs 1 through 192 as if fully set forth herein.

194.    LoveSac Utah and LoveSac Delaware were insolvent throughout their existence and specifically during the entire period of time they had a lending relationship with G&G.

195.    G&G held a pledge of stock that entitled it to the same fiduciary protections as a shareholder.

196.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright were interested in both sides of the transaction when the Merger took place and in September 2005 when the Investor Defendants loaned money to LoveSac Delaware and recorded their financing statements in Delaware.

197.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright derived personal benefit from the Merger and the September 2005 loan from the Investors rather than deriving a benefit for LoveSac Utah or Delaware.

198.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's, self dealing and breach of duty caused harm to G&G that was specific to G&G and in addition to and different from the general harm caused to the body of LoveSac Utah and LoveSac Delaware creditors.

199.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's conduct demonstrated animus directed at G&G.

200.    Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowski, Yarnell, Gould, and Wright's self dealing constituted a breach of the duty of loyalty and they aided and abetted each other in breaching their duty of loyalty.

201.    G&G was injured by the aiding and abetting of the breach of fiduciary duty and suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT XIII - RECHARACTERIZATION OF DEBT
**(Brand Equity, Walnut Investment Partners, Walnut Private Equity Fund, Millevere)**

202.    G&G incorporates by reference paragraphs 1 through 201 as if fully set forth herein.

203.    Defendant Brand Equity contributed equity to LoveSac Delaware. In exchange, Brand Equity received 27.72% of the shares of LoveSac Delaware and a seat on the board of directors of LoveSac Delaware.

204.    In this bankruptcy proceeding, Brand Equity and LoveSac Delaware have improperly characterized the contribution to equity as a debt, through the listing of Brand Equity as a creditor on Amended Schedule D.

205.    Defendant Walnut Investment Partners contributed equity to LoveSac Delaware. In exchange, Walnut Investment Partners received 14.8% of the shares of LoveSac Delaware and a seat on the board of directors of LoveSac Delaware.

206.    In this bankruptcy proceeding, Walnut Investment Partners and LoveSac Delaware have improperly characterized the contribution to equity as a debt, through the listing of Walnut Investment Partners as a creditor on Amended Schedule D.

207.    Defendant Walnut Private Equity Fund contributed equity to LoveSac Delaware. In exchange, Walnut Private Equity Fund received 9.24% of the shares of LoveSac Delaware and a seat on the board of directors of LoveSac Delaware.

208.    In this bankruptcy proceeding, Walnut Private Equity Fund and LoveSac Delaware have improperly characterized the contribution to equity as a debt, through the listing of Walnut Private Equity Fund as a creditor on Amended Schedule D.

209.    The Investor Defendants, acting as a group, were in control of LoveSac Utah and LoveSac Delaware, in addition to holding a majority of the stock.

210.    According to the confirmed Plan in LoveSac Delaware's bankruptcy case the Investors will not receive any distribution on their claims as creditors because they have been waived.

211.    According to the confirmed Plan in LoveSac Delaware's bankruptcy case, G&G will not receive a distribution on its deficiency claim as a result of a settlement reached prior to confirmation.

## COUNT XIV – UTAH CODE ANN. § 61-1-22
### (Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski)

212.     G&G incorporates by reference paragraphs 1 through 211 as if fully set forth herein.

213.     When LoveSac Utah negotiated with G&G for the Loan and agreed to pledge shares of LoveSac Utah to G&G as security for the loan, LoveSac Utah and its officers and directors omitted a material fact, which was that LoveSac Utah intended to consummate a Merger into LoveSac Delaware.

214.     When LoveSac Utah negotiated with G&G for the Loan Amendment, Lovesac Utah and its officers and directors omitted a material fact, which was that LoveSac Utah had consummated a Merger into LoveSac Delaware

215.     LoveSac Utah and its officers and directors, Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski omitted the further material fact that replacement shares in LoveSac Delaware would not be issued to G&G following the Merger.

216.     The omission of those material facts was reckless and/or intentional and constituted a violation of Utah Code Ann. § 61-1-1, for which Defendants are liable to G&G  pursuant to Utah Code Ann. § 61-1-22(2).

217.     The Merger was a device employed in order to defraud G&G of its interest in the shares of LoveSac Utah and to prevent G&G from timely perfecting its security interest in Delaware.

218.   The use of the device was reckless and/or intentional and constituted a violation of Utah Code Ann. § 61-1-1, for which Defendants are liable to G&G pursuant to Utah Code Ann. § 61-1-22(2).

219.   The Merger and the steps taken to conceal the Merger from G&G constituted a course of business which operated as a fraud and deceit upon G&G.

220.   Engaging in a course of business, which operated as a fraud and deceit upon G&G constituted a violation of Utah Code Ann. § 61-1-1, for which Defendants are liable to G&G pursuant to Utah Code Ann. § 61-1-22(2).

221.   As a result of the violation of Utah Code Ann. § 61-1-1, G&G is entitled to recover three times the consideration paid for the pledge of shares, which was $ 2.8 million together with interest at 12% per year, plus costs, and reasonable attorney's fees.

## COUNT XV– NEGLIGENCE
### (Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski)

222.   G&G incorporates by reference paragraphs 1 through 221 as if fully set forth herein.

223.   Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski owed a duty to G&G, a creditor of LoveSac Utah and LoveSac Delaware, as officers and/or directors of an insolvent corporation.

224.   Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski also owed a duty to G&G because G&G had an assignment of stock.

225.   Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, Spokowski breached their duty to G&G when they negligently

failed to disclose the Merger to G&G before, during or after it took place until LoveSac

Delaware filed its bankruptcy case.

226.    The negligent failure of Defendants Nelson, Hyde, White, Judd, Caruso,

Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, and Spokowski to disclose the Merger to

G&G was the actual and proximate cause of G&G's inability to collect the amounts loaned

to LoveSac Utah under the Note and Loan Amendment.

227.    As the direct and proximate cause of Defendants Nelson, Hyde, White, Judd,

Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Gould, Wright, and Spokowski's negligent

failure to disclose the Merger, G&G suffered damages in the amount of at least

$ 3,259,841.47, to be further determined at trial.

## COUNT XVI - NEGLIGENCE
### (Wilson Sonsini, Langen)

228.    G&G incorporates by reference paragraphs 1 through 227 as if fully set

forth herein.

229.    Defendants Wilson Sonsini and Langen owed a duty to G&G, whom it

knew was relying on their professional advice and representations.

230.    Wilson Sonsini and Langen breached that duty by failing to inform G&G

of the Merger and transfer of assets.

231.    Wilson Sonsini and Langen breached that duty by misrepresenting the

status of G&G's shares following the Merger.

232.    Wilson Sonsini and Langen breached that duty by failing to correct the

name of the borrower on the Loan Amendment after review of the Loan Amendment.

233.    Wilson Sonsini and Langen breached that duty by failing to inform G&G

of the Merger or the transfer of assets from LoveSac Utah to LoveSac Delaware.

234.    As a direct and proximate result of the negligence of Wilson Sonsini and Langen, G&G failed to protect its lien and failed to reperfect its security interest in LoveSac's inventory and assets.

235.    As a direct and proximate result of Wilson Sonsini's and Langen's negligence, G&G has been unable to recover the amount of its loan to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

## COUNT XVII – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY
### (Wilson Sonsini)

236.    G&G incorporates by reference paragraphs 1 through 235 as if fully set forth herein.

237.    When Defendant Langen informed G&G that its shares in LoveSac Utah were valid and outstanding, she was acting within the scope of her employment with Defendant Wilson Sonsini.

238.    When Defendant Langen made negligent misrepresentations to G&G regarding the status of its shares, she was acting within the scope of her employment with Defendant Wilson Sonsini.

239.    When Defendant Langen reviewed the Loan Amendment and failed to correct the name of the borrower from LoveSac Utah to LoveSac Delaware, she was acting within the scope of her employment with Defendant Wilson Sonsini.

240.    When Defendant Langen communicated with representatives of G&G on matters related to the Note and Loan Amendment, she was acting within the scope of her employment with Defendant Wilson Sonsini.

241.   When Defendant Langen provided false documents to G&G, she was acting within the scope of her employment with Defendant Wilson Sonsini.

242.   When Defendant Langen failed to inform G&G of the Merger or the transfer of assets from LoveSac Utah to LoveSac Delaware, she was acting within the scope of her employment with Defendant Wilson Sonsini.

243.   Pursuant to Cal. Civ. Code § 2338, Wilson Sonsini is strictly liable for the torts of its employees.

244.   As a direct and proximate result of the negligent misrepresentations made by Langen, G&G has been unable to recover the amount of its loan to LoveSac Utah and has suffered damages in the amount of at least $ 3,259,841.47, to be further determined at trial.

WHEREFORE, the Plaintiff G&G, LLC respectfully prays for the following relief:

a.     As to Count I (Fraud) - Plaintiff requests compensatory damages in the amount of at least $ 3,259,841.47 to be further determined at trial,  punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Spokowsi, Yarnell, Gould, and Wright, jointly and severally.

b.     As to Count II (Fraudulent Concealment) – Plaintiff requests compensatory damages in the amount of at least $3,259,841.47, to be further determined at trial,  punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private

Equity, Walnut Group, Millevere, Yarnell, Gould, Spokowski, Wilson Sonsini, and Wright, jointly and severally.

    c.    As to Count III (Constructive Fraud) – Plaintiff requests compensatory damages in the amount of at least $3,259,841.47, to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Spokowski, Wilson Sonsini, and Wright, jointly and severally.

    d.    As to Count IV – (Negligent Misrepresentation) - Plaintiff requests compensatory damages in the amount of at least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Wilson Sonsini and Langen, jointly and severally.

    e.    As to Count V (Negligent Supervision) – Plaintiff requests compensatory damages in the amount of at least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendant Wilson Sonsini.

    f.    As to Count VI (Civil Conspiracy) - Plaintiff requests compensatory damages in the amount of at least $ 3,259,841.47 to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, jointly and severally.

g.    As to Count VII (Virginia Statutory Business Conspiracy) – Plaintiff requests compensatory damages in the amount of at least $3,259,841.47 to be further determined at trial, treble damages in an amount of at least $9,779,524.41 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould, Wright, jointly and severally.

h.    As to Count VIII (Conversion) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group, Millevere, Yarnell, Gould and Wright, jointly and severally.

i.    As to Count IX (Breach of Duty of Care) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould, Wright, jointly and severally.

j.    As to Count X (Breach of Duty of Loyalty) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould, Wright, jointly and severally.

k.   As to Count XI (Aiding and Abetting a Breach of Duty of Care) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould, Wright, jointly and severally.

l.   As to Count XII (Aiding and Abetting Breach of Duty of Loyalty) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould, Wright, jointly and severally.

m.   As to Count XIII (Recharacterization of Debt) - Plaintiff requests that the debt allegedly owned by LoveSac Delaware and/or LoveSac Utah to Brand Equity, Walnut Investment, Walnut Private Equity, Walnut Group and Millevere be recharacterized as equity contributions.

n.   As to Count IX (Utah Code Ann. § 61-1-22) – Plaintiff requests $ 8.4 million (three times the amount of the consideration paid for the pledge of shares), interest at 12 %, costs, and reasonable attorneys fees, against Defendants Nelson, Hyde, White, Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould and Wright, jointly and severally.

o.   As to Count XV (Negligence) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Nelson, Hyde, White,

Judd, Caruso, Cox, Rich, Weiland, Lunt, Yarnell, Spokowski, Gould, Wright, jointly and severally.

p.    As to Count XVI (Negligence) Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendants Wilson Sonsini and Langen.

q.    As to Count XVII (Respondeat Superior/Vicarious Liability) - Plaintiff requests compensatory damages in the amount of least $ 3,259,841.47 to be further determined at trial, punitive damages in an amount to be determined at trial, pre-judgment interest, post-judgment interest, attorneys fees and costs against Defendant Wilson Sonsini.

Dated: Wilmington, Delaware
October 24, 2006

ZUCKERMAN SPAEDER LLP

_____

Thomas G. Macauley (ID No. 3411)
Virginia Whitehill Guldi (ID No 2792)
Elizabeth D. Power (ID No. 4135)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

- and –

STINSON MORRISON HECKER LLP
Marc E. Albert
Janet M. Nesse
Lawrence P. Block
Katherine M. Sutcliffe Becker
1150 18th Street NW, Ste. 800
Washington, DC 20036-3816
(202) 785-9100

Attorneys for G&G, LLC

## CERTIFICATE OF SERVICE

I certify that on this 24th day of October 2006, a copy of the foregoing Amended Complaint was served via first class mail, postage pre-paid, or electronic transmission upon the following:

VERDI R. WHITE, III
2268 Brentwood Cir.
Salt Lake City, UT 84109

VERDI R. WHITE, III
c/o Lewis Adams
495 East 4500 South
Suite 102
Salt Lake City, UT 84107

DOYLE JUDD
10043 Stonewall Court
Sandy, UT 84092-6539

SHAWN NELSON
1783 Laurelhurst Drive
Salt Lake City, UT 84108-3309

JAMES HYDE
4232 Diana Way
Salt Lake City, UT 84124

SHAWN NELSON, JAMES HYDE,
DOYLE JUDD
c/o Jack Philips, Esq.
Philips Goldman & Spence
1200 North Broom Street
Wilmington, DE 19806

JOE CARUSO
c/o Michael G. Busenkell, Esq.
Eckert Seamans Cherin & Mellot, LLC
300 Delaware Avenue
Suite 1360
Wilmington, DE 19801

CRAIG COX
1224 E. Raymond Rd.
Fruit Heights, UT 84108

TOM RICH
c/o Michael G. Busenkell, Esq.
Eckert Seamans Cherin & Mellot, LLC
300 Delaware Avenue
Suite 1360
Wilmington, DE 19801

TIM WEILAND
4046 Cimarron
Cedar Hills, UT 84062

TIM WEILAND
c/o E. Gregg Tobler, Esq.
Tobler Law Office
560 South 100 West, Suite 4
Provo, UT 84062

DANIEL LUNT
c/o Thomas C. Marconi, Esq.
Losco & Marconi, P.A.
1813 N. Franklin Street
P.O. Box 1677
Wilmington, DE 19899-1677

BRAND EQUITY VENTURES II, LP
WALNUT INVESTMENT PARTNERS, LP
WALNUT PRIVATE EQUITY FUND, LP
THE WALNUT GROUP
MILLEVERE HOLDINGS LIMITED
DAVID YARNELL
JAMES GOULD
SIMON WRIGHT
WALT SPOKOWSKI
c/o  Michael L. Scheier, Esq.
Robert G. Sanker, Esq.
Joseph L. Bruemmer, Esq.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202

Carl N. Kunz, III, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19801

WILSON SONSINI GOODRICH & ROSATI, PC
c/o Thomas F. Driscoll, Esq.
    Derek C. Abbott, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

LILY C. WONG LANGEN
Wilson Sonsini Goodrich & Rosati, PC
2795 East Cottonwood Parkway
Suite 300
Salt Lake City, UT 84121


/s/ Virginia Whitehill Guldi
Virginia Whitehill Guldi

Exhibit F

SIGN - IN - SHEET

CASE NAME: LoveSac

CASE NO.: 06-10080 (CSS)
Adv. Nos: 06-50782, 06-50786

COURTROOM LOCATION: Courtroom 6
DATE: May 10, 2007 @ 1:00 P.M.

| NAME | LAW FIRM OR COMPANY | CLIENT REPRESENTING |
|---|---|---|
| Peter Wolfe | Smith Katzenstein + Furlow | Nielsen Limited et |
| Noel Hyde | Noel Hyde | '' |
| Virginia Gibes | Zuckerman Spaeder | G&G LLC |
| Scott Neele | Stinson Morrison Hecker | '' |
| Larry Block | Stinson Morrison Hecker | G&G LLC |
| Mike Busenkel | Eckert Seamans Cherin & Mellott | Joseph Carusso and Tom Rich |
| Derek Abbott | Morris Nichols | WSOR & Lily Larsen |
| Ian McConnel | Morris Nichols | WSOR & Lily Larsen |
| MICHAEL SCHEIER | KEATING, MUELTHING & KLEKAMP | WALNUT APTS |
| JOSEPH BRUMMER | '' | '' |
| CARL KUNZ | MORRIS JAMES | '' |
| | | |
| | | |
| | | |

**PLEASE PRINT YOUR NAME OR YOUR APPEARANCE MAY NOT BE CORRECTLY NOTED.**

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

# Minute Entry

## *Hearing Information:*

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | The LoveSac Corporation, a Delaware Corporation | | |
| **Case Number:** | 06-10080-CSS | **Chapter:** | 11 |
| **Date / Time / Room:** | THURSDAY, MAY 10, 2007 01:00 PM   CRT#6, 5TH FL. | | |
| **Bankruptcy Judge:** | CHRISTOPHER S. SONTCHI | | |
| **Courtroom Clerk:** | DANIELLE GADSON | | |
| **Reporter / ECR:** | ANISSA COTHRAN | | |

## *Matters:*

1) **ADV: 1-06-50782**
   **G&G, LLC vs Neilson Livestock, LLC**
   Oral Argument
   **R / M #:**   0 / 0

2) **ADV: 1-06-50786**
   **G&G, LLC vs Shawn D. Nelson**
   Oral Argument
   **R / M #:**   0 / 0

## *Appearances:*

See attached sign-in sheet

## *Proceedings:*

Hearing Matters

Counsel to submit orders for judge to sign.

5/10/2007    4:00:48PM

00084

Exhibit G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| G&G, LLC | : | |
| Plaintiff, | : | |
| | : | Case No. 07-440 (SLR) |
| v. | : | |
| JAMES HYDE, et al., | : | |
| Defendants. | : | |

## AFFIDAVIT OF JANET M. NESSE

I, Janet M. Nesse, state:

1.     I am over eighteen (18) years of age and competent to testify upon personal knowledge to the matters and facts stated herein.

2.     I am a licensed attorney in the District of Columbia, Maryland and Virginia.

3.     At all times relevant to these proceedings, my firm, Stinson Morrison Hecker LLP, represented G&G, LLC, the Plaintiff in this case and the Plaintiff in an adversary proceeding in the United States Bankruptcy Court for the District of Delaware, styled *G&G, LLC v. Nelson, et al.*, *Adversary Proceeding No. 06-50786* ("Adversary Proceeding").

4.     Walnut Investment Partners, LP, Walnut Private Equity Fund, LP and Brand Equity Ventures, II, LP, were among the Defendants in that Adversary Proceeding.

5.     On May 10, 2007, the Honorable Christopher Sontchi conducted a hearing on various Motions to Dismiss filed by the defendants in the Adversary Proceeding.  Counsel for Walnut Investment Partners, LP, Walnut Private Equity Fund, LP and Brand Equity Ventures, II, LP were all present for the entire hearing.

Error! Unknown document property name.
DB03/773394.0048/8066509.1

00085

6.     During that hearing, I asked Judge Sontchi to consider transferring the Adversary Proceeding to the District Court rather than dismissing the case. As an alternative, I requested a stay so that the Plaintiff could petition the District Court to withdraw its Order of Reference.

7.     Judge Sontchi declined and stated that Plaintiff would have to refile in District Court.

I, Janet M. Nesse, on this 24th day of October, 2007, solemnly affirm under the penalty of perjury that the contents of the foregoing are true to the best of my knowledge, information and belief.

Janet M. Nesse

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2007, a copy of the foregoing Answering Brief of Plaintiff G&G, LLC in Opposition to motion of Defendants David Yarnell, James Gould, Simon Wright, Walt Spokowski, and Millevere Holdings Limited to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Appendix, were served via postage paid, first-class mail, on the following:

Michael A. Weidinger
Joseph S. Naylor
Morris, James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801

Michael L. Scheier
Joseph L. Bruemmer
Keating Muething & Klekamp PLL
One East Fourth St., Suite 400
Cincinnati, Ohio 45202

Derek C. Abbott
Ian Roberts McConnel
Morris, Nichols, Arsht & Tunnell
1201 North Market St.
P.O. Box 1347
Wilmington, DE 19899

/s/ Virginia Whitehill Guldi
Virginia Whitehill Guldi

19

1531151.1